UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  5:23-cv-02094-MEMF-DTB                              Date: March 27, 2025

Title   ML Products Inc. v. Aster Graphics, Inc. et al

Present: The Honorable:   Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: Order DENYING Plaintiff's Motion for Leave to File First Amended Complaint [ECF No. 37]**

Before the Court is a Motion for Leave to File First Amended Complaint filed by Plaintiff ML Products, Inc. ("ML Products") on December 13, 2024. ECF No. 37 ("Motion"). ML Products seeks to add (1) four new defendants and (2) a new claim for civil conspiracy. *See generally* Mot. The Court deems this matter appropriate for resolution without oral argument and vacates the hearing set for April 3, 2025. *See* C.D. Cal. L.R. 7-15.

For the reasons discussed below, the Court DENIES the Motion.

**Background**

On November 12, 2021, ML Products filed suit against Ninestar Technology Co. LTD; Ninestar Corp.; Aster Graphics, Inc. ("Aster"); Billiontree Technology USA, Inc.; Mountain Peak, Inc.; V4Ink, Inc.; and DOES 1 through 125. *See ML Products Inc. v. Ninestar Technology Co. LTD. et al*, Case No. 5:21-cv-01930-MEMF-DTB ("Ninestar Action"), ECF No. 1 ("Ninestar Complaint"). ML Products alleged that Aster "sells replacement toners on Amazon . . . through a group of corporate shell companies and brands that it owns and controls, including at least: Intercon International Corp., Revol Trading, Inc., and Eco Imaging Inc." *Id*. ¶ 93. Through its Notice of Interested Party and Corporate Disclosure Statement, Aster specified that Planet Imaging International Ltd. is "the parent company of Aster Graphics Company [Aster's parent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  5:23-cv-02094-MEMF-DTB                                    Date: March 27, 2025

Title    <u>ML Products Inc. v. Aster Graphics, Inc. et al</u>

company] and may have a pecuniary interest in the outcome of this case." Ninestar Action, ECF No. 80 ("Ninestar Notice").

On September 28, 2023, the Court ordered ML Products to sever the Ninestar Action and file a separate case against Aster. Ninestar Action, ECF No. 148. ML Products filed a new case against Aster on October 12, 2023. ECF No. 1. ML Products alleges that the same group of entities— Intercon International Corp., Revol Trading, Inc., and Eco Imaging Inc.—are Aster's "corporate shell companies and brands that [Aster] owns and controls." *Id*. ¶ 31. ML Products also alleges that Planet Image International Ltd. is "the ultimate parent company of Defendant Aster." *Id*. ¶ 34. ML Products, however, has not named these entities as defendants.

On December 7, 2023, and June 6, 2024, the parties filed Joint 26(f) Reports. ECF Nos. 26, 31. In both reports, ML Products indicated that it "intends to seek leave to amend its complaint to add the parent company and additional affiliates and subsidiaries." ECF No. 26 at 6; ECF No. 31 at 6.

On June 17, 2024, the Court issued its Civil Trial Order. ECF No. 33 ("CTO"). The CTO specifies that the last date to hear motions to amend pleadings or add parties is August 1, 2024. *Id*. at 3.

On December 13, 2024, ML Products filed the Motion, seeking to add (1) four new defendants: Planet Image International Limited, Eco Imaging Inc., Intercon International Corp., and Revol Trading Inc.; and (2) a new claim for civil conspiracy. *See generally* Mot. The Motion is fully briefed. ECF Nos. 41 ("Opposition"), 42 ("Reply").

**Legal Standards**

A motion for leave to amend the complaint filed after the deadline for such motions is governed by the "good cause" standard of Federal Rule of Civil Procedure ("Rule") 16, which "primarily considers the diligence of the party seeking the amendment." *Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607 (9th Cir. 1992) ("Once the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishe[s] a timetable for amending pleadings that rule's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   5:23-cv-02094-MEMF-DTB                                         Date: March 27, 2025

Title   <u>ML Products Inc. v. Aster Graphics, Inc. et al</u>

standards control" whether the scheduling order should be modified to permit the filing of an amended complaint).

"If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (internal citation omitted); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 739 (9th Cir. 2013) ("Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.") (internal citation omitted); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) ("In assessing timeliness, we do not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order. Rather, in evaluating undue delay, we also inquire 'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'") (internal citation omitted).

**Discussion**

ML Products argues that it was diligent in seeking leave to file an amended complaint. The Court, however, finds that ML Products was not. Accordingly, the Court DENIES the Motion.

As a preliminary matter, the Court finds that ML Products knew of the four entities it seeks to add as new defendants even before it filed the instant action. As noted above, ML knew about three of the four entities when it filed the Ninestar Action in November 2021. *See* Ninestar Complaint ¶ 93 (listing Intercon International Corp., Revol Trading, Inc., and Eco Imaging Inc. as Aster's "corporate shell companies and brands"). As to the remaining entity, Planet Imaging International Ltd., ML Products has known that it is the parent company of Aster Graphics Company Limited, which in turn is Aster's parent company, since February 2022. *See* Ninestar Notice; *see also* Compl. ¶¶ 34, 36 (identifying Planet Imaging International Ltd. as the "ultimate parent company"). In other words, ML Products must have known about these four entities for *more than one-and-half years* before it filed the instant lawsuit in October 2023. But it did not name them as defendants in the Complaint, and it seeks to do so only now. The amount of time ML Products waited to add these entities as parties in this action simply precludes a finding of diligence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   5:23-cv-02094-MEMF-DTB                                             Date: March 27, 2025

Title       ML Products Inc. v. Aster Graphics, Inc. et al

The Court also notes that both the Ninestar Complaint and the Complaint in the instant action contain allegations relevant to a civil conspiracy claim. *See* Ninestar Complaint ¶¶ 93–113 (alleging that various "ostensibly competing products" are "actually all Aster product offerings"); Compl. ¶¶ 31–56 (same). Stated differently, ML Products could have included a claim for civil conspiracy when it filed the Complaint in the instant action, but it did not. Instead, ML Products waited until four months after the last date to hear motions to amend pleadings or add parties to do so. Again, that ML Products waited so long to amend its Complaint precludes a finding of diligence.

ML Products' arguments in support of its Motion are unavailing. ML Products first asserts that it was diligent by indicating on its 26(f) Reports that it intended to seek amendment. Mot. at 5. But merely indicating its intent to amend does not mean that it was diligent, and ML Products does not provide any authority that compels the Court to find otherwise. Also, ML Products has failed to explain why it did not file the instant Motion between the time the Court issued the CTO on June 17, 2024, and the last date to hear motions to amend pleadings and add parties expired on August 1, 2024. ML Products then contends that it diligently sought leave to amend upon Aster's failure to respond to its discovery regarding Planet Imaging International Ltd. *Id*. at 6–7. But ML Products does not explain why it needed Aster's document production to amend its Complaint, other than that it wanted to "better its understanding" through discovery. *See id.* at 7. On the other hand, as it concedes in the Motion, ML Products had already determined that Planet Imaging International Ltd. was affiliated with Aster even before it served its discovery. *See id.* at 6 (discussing Planet Imaging International Ltd.'s public filings, which stated that Aster was its North American sales headquarters); Compl. 34, 36 (identifying Planet Imaging International Ltd. as the "ultimate parent company"). ML Products was free to amend its pleadings with the information it had obtained through its own, independent research. The Court is not aware of any restrictions that prohibit ML Products from doing so, and ML Products does not supply such a restriction through its Motion. Furthermore, that ML Products waited for more information about Planet Imaging International Ltd. does not justify its failure to amend its pleadings with respect to the other three entities or the claim for civil conspiracy. As such, the Court finds that ML Products has failed to show diligence under Rule 16.

Because ML Products has failed to demonstrate diligence under Rule 16, the Court declines to reach the other arguments raised in the Motion. *See Zivkovic*, 302 F.3d at 1087.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   5:23-cv-02094-MEMF-DTB                                              Date: March 27, 2025

Title   *ML Products Inc. v. Aster Graphics, Inc. et al*

For the foregoing reasons, the Court DENIES the Motion.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | DBE |