Richard D. McCune (State Bar No. 132124)
rdm@mccunelawgroup.com
Valerie L. Savran (State Bar No. 334190)
vls@mccunelawgroup.com
Andy Van Ligten (State Bar No. 348696)
avl@mccunelawgroup.com
Brandon Keshish (State Bar No. 351254)
bk@mccunelawgroup.com
**MCCUNE LAW GROUP, APC**
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250

Dana R. Vogel (*Pro Hac Vice*)
drv@mccunelawgroup.com
Connor P. Lemire (*Pro Hac Vice*)
cpl@mccunelawgroup.com
**MCCUNE LAW GROUP, APC**
2415 East Camelback Road, Suite 850
Phoenix, Arizona 85016
Telephone: 909-557-1250

*Attorneys for Plaintiff ML Products, Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ML PRODUCTS INC.,<br><br>       Plaintiff,<br><br>   v.<br><br>ASTER GRAPHICS, INC., et al,<br><br>       Defendants. | Case No. 5:23-cv-02094-MEMF-DTB<br><br>**LOCAL RULE 37-2 JOINT STIPULATION REGARDING PLAINTIFF ML PRODUCTS, INC.'S MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS**<br><br>**DISCOVERY MATTER**<br><br>Hearing Date: August 21, 2025<br>Time: 10:00 a.m.<br>Courtroom:4<br>Judge: Hon. David T. Bristow<br><br>Discovery Cut-Off: August 27, 2025<br>Final Pre-Trial Conference: February 11, 2026<br>Trial Date: March 2, 2026 |

# TABLE OF CONTENTS

**I.  INTRODUCTIONS** ........................................................................................................1

  A.  Plaintiff's Introduction ..........................................................................................1

  B.  Defendant's Introduction ......................................................................................3

**II.  BACKGROUND** .........................................................................................................5

  A.  Joint Statement Regarding Compliance with L.R. 37..........................................5

  B.  Plaintiff's Background ...........................................................................................5

    1. Requests For Production ....................................................................................5

  C.  Defendant's Background .......................................................................................9

    1. Requests For Production ....................................................................................9

**III.  ISSUES IN DISPUTE AND PARTIES' CONTENTIONS** ...................................10

  A.  Plaintiff's Requests for Production .....................................................................10

    1. Requests Related to the Alleged Alter Ego Entities and Defendants' Relationship
      with Each Other and Those Entities ................................................................10

    2. Requests Related to Defendants' Financial Records ......................................32

    3. Requests Related to John Zhang and Other Employees .................................35

    4. Requests Related to Defendant's Communications Records, Including Review
      Tracking and Manipulation .............................................................................39

    5. Conclusions Re: Requests for Production........................................................53

**IV.  PLAINTIFF REQUESTS SANCTIONS FOR DEFENDANTS' DISCOVERY**
     **CONDUCT** ...............................................................................................................54

  A.  Plaintiff's Position On Sanctions For Violating Discovery Obligations For Failure To Respond
    To Requests for Production ..................................................................................54

    1.  Sanctions Under FRCP 37 ...............................................................................54

    2.  The Court May Impose Sanctions Pursuant to its Inherent Authority............56

    3.  Monetary and Evidentiary Sanctions Should Be Awarded For Defendants' Bad Faith
      Violations Of Their Discovery Duties.............................................................57

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND
MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS

B. Defendants' Position On Sanctions For Violating Discovery Obligations For Failure To Respond To Requests for Production ........................................................................58

   1. Sanctions Under Rule 37, Including Monetary and Evidentiary Sanctions, Are Unwarranted ........................................................................58

   2. Sanctions Under the Court's Inherent Authority Are Unwarranted .............................59

   3. Monetary and Evidentiary Sanctions Are Unwarranted .................................................59

**V. CONCLUSIONS** ........................................................................59

  A. Plaintiff's Conclusion ........................................................................59

  B. Defendant's Conclusion........................................................................59

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS

# I.    INTRODUCTIONS

## A.    Plaintiff's Introduction

This case is about Plaintiff's allegations that Defendant Aster Graphics Inc. engaged in unfair business practices in selling replacement ink and toner cartridges on Amazon. The crux of Plaintiff's claim is that Defendant accomplishes this conduct through a web of alter ego entities that it owns or otherwise controls, and the Court has already found that Plaintiff's alter ego claims are open for discovery.

In this motion, Plaintiff moves to compel further production from Defendant, and for sanctions under Rule 37 due to Defendant's year-and-a-half long failure to comply with basic discovery obligations. Despite serving routine document requests on January 31, 2024, and engaging in numerous hours long meet-and-confer conferences where Plaintiff has described the documents and why they are needed ad nauseum, Defendant continues to withhold key categories of documents needed to prove this case—including those related to online product review tracking, alter ego entities, importation records, employee communications, and financial records—contrary to Rules 26 and 34. Plaintiff has done its part, producing thousands of pages of documents to Defendant, yet Defendant has failed to produce even the most basic information to Plaintiff, despite clear evidence such documents exist. By way of example:

- After Defendant failed to produce any information about online product reviews and insinuated such documents do not exist, Plaintiff provided Defendant with Defendant's own internal emails and spreadsheet detailing product reviews, ratings, payments for reviews disguised as "rebates" or "gift cards," payments to customers to change negative reviews. Despite this evidence, Defendant has refused to produce related documents, arguing that it does not engage in this conduct and the alter ego claims are not at issue, so it is not obligated to produce any records related to them. Defendant has taken this position despite Court rulings stating the alter ego claims are at issue and discoverable.

- Similarly, Defendant failed to produce any import records so Plaintiff provided Defendant with Defendant's own import records obtained from a third-party website showing Defendant's role in importing ink and toner linked to the various alleged alter ego entities. But, to date, Defendant has refused to produce import records or other documents related to the alter ego entities and brands.  Plaintiff knows these documents exist based on its own search of online import records. Even so, Defendant continues to claim, in violation of this Court's findings, that they are not obligated to produce records if they are at all related to the alleged alter ego entities.

- During the deposition of Claire Huang, Accountant and Executive Assistant to Aster Graphics, Inc. President, Leon Yin, Plaintiff confirmed that Defendant registered with the Secretary of State several of the alleged alter ego entities, including but not limited to Revol Trading, Inc., Intercon International, and Eco Imaging. Huang testified that these documents were filed at the direction of Aster's President, Mr. Yin.  When questioned about this, Defendant responded that it will not produce any documents related to alter ego entities, despite the parties' negotiating and agreeing to search terms related to these entities and the Court finding that Plaintiff's alter ego claims are open for discovery.

These are only a few illustrations of Defendant's conduct throughout this process.

Plaintiff has spent countless hours for more than a year negotiating search terms, narrowing requests, and participating in a court-supervised discovery conference to no avail.  In fact, recently, the parties engaged in a 2.5-hour long meet-and-confer conference regarding Defendant's deficient discovery responses, and Defendant tried to argue it did not understand the requests, despite the parties having discussed them at length numerous times over the past year.   This is absurd given that the parties have met and conferred over these same requests since at least June of 2024.

In the most recent discovery conference with the Court in May, the Court confirmed that Defendant is obligated to produce the categories of documents Plaintiff is requesting, including those related to alter ego entities, employee communications, and financial records to the extent they are in Defendant's possession, custody or control, which is what led the parties to negotiate search terms in the first place.  Yet Defendant continues to withhold these documents pursuant to baseless objections. Defendant will not even clarify the scope of its searches for documents or identify what it has withheld despite numerous requests for it to do so. This obstructive and egregious conduct has wasted judicial and party resources and prejudiced Plaintiff's ability to prepare its case.  The documents clearly exist and are relevant to Plaintiff's claims and must be produced according to the rules of discovery.

Finally, during the parties' latest meet-and-confer on June 23, Defendant agreed to provide a "sampling" in response to certain document requests that asked for "all" documents. Thinking the parties were finally making progress, Plaintiff asked if Defendant could provide some basic information about how the sampling was done, including the time period used, the sources and terms searched, and the types of documents returned.  Plaintiff requested this information so it could assess whether the production was sufficient in an effort to avoid the need for further Court intervention. Defendant's

-2-

1  response was simply that it is not required to give that information about its search. This is of particular

2  concern because, as discussed herein, Defendant has refused to produce relevant documents and/or has

3  misrepresented that the documents do not exist when they do. There is no burden in providing

4  information about a search, and there is no legitimate reason to conceal it other than bad faith.

5      Accordingly, Plaintiff respectfully requests that the Court (1) compel Defendant to produce

6  outstanding responsive documents—including communications (e.g., WeChat messages)1 and

7  employee information, online product reviews and tracking, alter ego and brand records, and financial

8  documents—and (2) impose sanctions for Defendant's discovery misconduct, including monetary and

9  evidentiary sanctions for the costs incurred in addressing these repeated violations.

10      **B.    Defendant's Introduction**

11      The discovery dispute between Plaintiff ML Products, Inc. and Defendant Aster Graphics Inc.

12  ("Defendant" or "AGI") in this false advertisement/unfair competition case is *not* a dispute over the

13  relevancy and scope of documents relating to the accused misconduct – the alleged acts of manipulating

14  Amazon's search algorithm so that certain product listings get placed preferentially in the Amazon

15  search result pages.  Instead, most of the discovery disputes emanate from Plaintiff's insistence that

16  AGI is legally obligated to produce documents that belong to its affiliates who sell products on Amazon

17

18  ---

  [1] Following the parties' meet-and-confer in May where Defendant agreed to produce WeChat screenshots, Defendant agreed to provide Plaintiff with additional custodians on the sales team besides the three that were already agreed upon. *See* Vogel Declaration, ¶ 24, Ex. 14. On July 1, 2025, Defendant produced WeChat screenshots for the three custodians. *Id.* Plaintiff followed up on July 7, 2025, to ask Defendant when Plaintiff can expect these additional custodians. Vogel Decl., ¶ 24, Ex. 15. Defendant responded on July 9 regarding the WeChat screenshots as to the three custodians but did not provide an update as to additional custodians. *Id.* As of the date of the filing of this Motion, Defendant has failed to provide an update on additional custodians as agreed over a month ago. *Id.* On May 29, 2025, Plaintiff took the deposition of Claire Huang, executive assistant to Aster Graphics, Inc. President, Leon Yin. During her deposition, Ms. Huang confirmed that besides two individuals (whose WeChat records have not been produced), she is not able to provide any names of individuals who work on the Aster Graphics, Inc. sales team. Vogel Decl., ¶ 25, Ex. 8, 15:1-12. This information is vital to Plaintiff's case, as Defendant is denying that its employees were involved in the alleged misconduct, and the only way for Plaintiff to determine the extent of Defendant's involvement is to have the WeChat records for the individuals who were working on Defendant's sales team, which based on the employee lists provided, should be more than just the three custodians given to date, and also include the two employees Ms. Huang identified. As explained *infra,* there are spreadsheets produced to Defendant confirming that there are alleged employees on Defendant's sales team tracking reviews and offering compensation for positive reviews. Defendant has not produced WeChat messages pertaining to these individuals, despite agreeing to additional custodians, and clear evidence that these individuals were conducting business via Aster Graphics, Inc. and holding themselves out as employees.

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND
MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS

(the "Amazon Seller Companies").  AGI, through the undersigned, has informed Plaintiff as early as the spring of 2024 that it does not sell products on Amazon, it does not market products on Amazon, and it does not otherwise participate in the alleged misconduct.  Plaintiff nevertheless keeps pursuing AGI, on and off for over a year, for documents such as communications with the Amazon consumer or third parties regarding the product reviews.  As the Court has noted recently, AGI is only obligated to produce responsive documents that are within its "possession, custody, or control."  AGI has searched its records including email and WeChat records and produced the responsive documents within its possession, custody, and control.  Plaintiff appears unsatisfied because AGI's search did not return substantive documents regarding Amazon product reviews.  Plaintiff's aggrievance is misplaced because it has not credibly suggested that the requested Amazon documents – which relate to the business operations of the Amazon Seller Companies – are within AGI's possession, custody, or control.  What Plaintiff has not done (but should have and could have done since 2024) is to *pursue discovery diligently against the Amazon Seller Companies*.  At least three of the seller companies identified in the Complaint are California companies and subject to the Court's subpoena power.[2]  It was only last week - June 30, 2025 – that Plaintiff finally issued subpoenas against three Amazon Seller Companies.

The remainder of the discovery disputes between the parties relates to the relevancy and scope of documents relating to the discovery of the alter ego relationship between AGI and the Amazon Seller Companies.  AGI does not dispute that Plaintiff is entitled to documents within AGI's possession, custody, or control that may prove (or disprove) the alleged alter ego relationship, as Judge Frimpong has concluded that Plaintiff sufficiently alleged alter ego liability against AGI and the affiliated Amazon Seller Companies to survive AGI's motion to dismiss.  *See ML Products v. Ninestar Technology Co., Ltd., et al.*, No. 21-cv-1930-MEMF-KK, ECF No. 147.  AGI has produced responsive documents covering the alleged alter ego relationships.  AGI submits, however, that the alter ego

---

[2] Plaintiff could also have amended the Complaint and added the Amazon Seller Companies as additional parties.  It is unclear why Plaintiff did not name the Amazon Seller Companies as defendants in the initial complaint.  It is also unclear why Plaintiff did not timely amend the Complaint to add the Amazon Seller Companies to this lawsuit.  At any rate, the Court denied Plaintiff's motion to amend, citing lack of diligence by Plaintiff to seek to add the seller companies.  ECF No. 48.

discovery that Plaintiff contends that it is entitled are overbroad and burdensome and disproportional to the needs of the case, for the reasons stated below.

## II.    BACKGROUND

### A.    Joint Statement Regarding Compliance with L.R. 37

On June 20, 2025, Plaintiff sent Defendant a letter laying out certain deficiencies in Defendant's responses to Plaintiff's requests for production. (Vogel Decl., ¶ 13, Ex. 7).

Plaintiff's counsel requested to meet and confer telephonically in accordance with L.R. 37-1, since Plaintiff's counsel and Defendant's counsel are not located in the same county. *Id.,* ¶ 15. Defendant's counsel are located in Los Angeles County, while Plaintiff's counsel are located in Phoenix, Arizona, Boston, Massachusetts, and Irvine, California (Orange County). *Id.*

Accordingly, on June 23, 2025, the parties telephonically met and conferred for two and a half hours over Plaintiff's letters. *Id.,* ¶ 16. During that call, Plaintiff's counsel went through each discovery request at issue and stated their position and also gave Defendant's counsel an opportunity to state their position. *Id.* Defendant's counsel represented that they were willing to supplement some of the requests at issue. *Id.* However, Plaintiff's counsel stated that because of the current discovery cutoff, a motion needed to be filed 42 days prior to a hearing in accordance with Judge Frimpong's civil standing order. As a result, the Joint Stipulation was to be filed by July 10. *Id.*

After addressing every discovery request at issue, Plaintiff's counsel informed Defendant's counsel that because of the various impasses, they would send the Joint Stipulation for Defendant to include its position by July 1. *Id.,* ¶ 17. However, Plaintiff's counsel stated that if Defendant supplements certain requests in accordance with the Federal Rules of Civil Procedure prior to filing, those requests would be retracted as no longer at issue. *Id*

### B.    Plaintiff's Background

#### 1.    Requests For Production

Plaintiff ML Products, Inc. ("Plaintiff") filed its complaint against Defendant Aster Graphics, Inc. ("Defendant") on October 12, 2023, alleging that Defendant engages in unfair business practices related to sales of ink and toner cartridges on Amazon, including review tracking and paying for positive reviews, through a web of alleged alter ego entities. (ECF No. 1). On January 31, 2024, Plaintiff served

discovery requests to Defendant, related to Defendant and the alleged alter ego entities. *See* Declaration of Dana R. Vogel, ("Vogel Decl."), ¶ 2, Ex. 1.[3]  Defendant responded on March 1, 2024, and its production was severely lacking because they refused to include any documents related to the alleged alter ego entities. *Id.* Following Defendant's deficient production, the parties met and conferred on April 19, 2024, and discussed numerous issues pertaining to Defendants' responses, including documents related to the alter ego entities, financial documents, and employee information, which Plaintiff memorialized in a June 3, 2024 letter. *Id.,* ¶ 3, Ex. 2.

Plaintiff followed up on the deficiencies noted in the letter multiple times over the course of the next several months and continued to ask via email for Defendant's substantive response regarding if it would supplement. *Id.,* ¶ 4.  Defendant finally responded on November 20, 2024, 5 months later, but only to provide a vague promise to update its responses soon. *Id.*

On December 23, 2024, Defendant produced its first set of documents to Plaintiff, which consisted of a meager 97 pages. *Id.,* ¶ 5. Most importantly, the production still failed to address the issues described in Plaintiff's June 3 letter. *Id.* Plaintiff again sought additional information by requesting a meet-and-confer to again explain to Defendant that the alter ego documents, including financial documents, review tracking documents, and employee crossover documents, are crucial to Plaintiff's allegations that Defendant is engaged in the alleged conduct of manipulating the Amazon algorithm and paying for positive reviews through various shell entities. *Id.*[4]

---

[3]  Plaintiff also served Defendant with Interrogatories and Requests for Admission related to these issues and its claims, which Defendant also refused to properly answer.  However, for purposes of this stipulation, Plaintiff is focusing on Defendant's deficient document production

[4]  Courts have routinely held that "[c]ontrol may extend to documents that are nominally held in another corporation's care," and that shared employees, shared offices, and jointly-managed operations are strong indicators of such control. *QC Labs v. Green Leaf Lab, LLC*, No. 818CV01451JVSJDEX, 2019 WL 6797250, at *5 (C.D. Cal. July 19, 2019) (citation, internal quotations omitted); *Q Indus., Inc. v. O'Reilly Auto., Inc.*, No. CV223791HDVPVCX, 2023 WL 5505889, at *9 (C.D. Cal. July 28, 2023) (citation, internal quotations omitted); *see also Landa v. Simmons,* No. D083814, 2025 WL 1122234, at *5 (Cal. Ct. App. Apr. 16, 2025) (in assessing alter ego, courts consider numerous factors, including "use of the same offices and employees" and "use of one as a mere shell or conduit for the affairs of the other"); *see also Katzir's Floor & Home Design, Inc. v. M-MLS.com,* 394 F.3d 1143, 1149 (9th Cir. 2004) (factors to be considered in evaluating alter ego liability include "inadequate capitalization" and "commingling of assets").

1    In complete disregard for diligence and timely follow up, over a month later, Defendant finally

2    sent a response on February 5, 2025, maintaining that it would not produce documents pertaining to the

3    alleged alter ego entities, including any financial documents, importation records, and various other

4    categories Plaintiff demanded, despite having met and conferred now numerous times over the relevance

5    of these documents. *Id.,* Ex. 3.

6    On February 10, 2025, the parties met and conferred once again. *Id.,* ¶ 6. Defendant's counsel

7    agreed to supplement its production related to SEC documents related to its parent company, Planet

8    Image, and Aster Graphics, Inc. email addresses, but again refused to supplement documents related to

9    the alleged alter ego entities, including any importation records, and documents related to review

10   tracking and compensation, the exact misconduct described in the Complaint. *Id.* Plaintiff's counsel

11   explained to Defendant that they had in their possession documents related to importation records and

12   review tracking, demonstrating that such documents exist, but Defendant remained steadfast in its

13   position, only stating that it would be willing to review them. Plaintiff's counsel also stated their

14   intention to request a discovery conference with the Court regarding certain requests. *Id.*

15   On February 14, 2025, Plaintiff furnished Defendant with irrefutable proof these documents

16   exist: internal Aster documents demonstrating review manipulation, including rebates, payments to

17   remove negative reviews, and analysis of alter ego brands, as well as importation records linking Aster

18   to the alleged misconduct. *Id.,* ¶ 7, Exs. 4, 5. In response, Defendant produced a paltry set of employee

19   records and a few publicly available SEC filings. *Id.*

20   Plaintiff produced even more evidence on February 22, 2025, bates numbers PLT000006-

21   PLT000016, related to Aster employee communications, including communications from John Zhang,

22   ostensibly an Aster Graphics, Inc. sales representative, to Plaintiff related to Defendant's rebate program

23   for Amazon sellers *Id.,* ¶ 8, Ex. 6. Plaintiff was in possession of these documents because the

24   correspondence was sent directly to Plaintiff from Aster Graphics, Inc. Notably, less than 48 hours after

25   Plaintiff provided these documents to Defendant, Mr. Zhang stopped forwarding emails to Plaintiff after

26   doing so every day for six and a half years. When asked about these documents, Defendant responded

27   that it has no documents related to Mr. Zhang who did not work for Aster. Defendant refused to answer

28

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND
MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS

questions as to how Mr. Zhang knew to quit corresponding with Plaintiff if it had no control over him as an employee.

On March 3, 2025, Plaintiff's counsel sent a pre-motion discovery conference letter to bring certain issues to the Court based on the February 10 meet-and-confer and Defendant's ongoing refusal to produce relevant alter ego documents, communication and employee documents, financial, and importation record documents, even after the plethora of evidence from Plaintiff showing that these documents exist. *Id.,* ¶ 9.

On March 8, 2025, Defendant produced a few additional pages of documents related to a few publicly filed documents with the Secretary of State for Aster Graphics, Inc. *Id.,* ¶ 10. On March 21, 2025, Plaintiff sent Defendant an email to follow up on Plaintiff's March 3 letter for a conference, as after three weeks, Defendant had still failed to respond. *Id.*

Though the parties agreed to extend discovery, and Plaintiff engaged in extensive meet-and-confers—including discussions of targeted search terms, relevant custodians, and the inclusion of WeChat messages—Defendant continued to resist. Even after a Court-ordered discovery conference on May 22, 2025, where Judge Bristow confirmed Plaintiff was entitled to documents related to alter ego, financial documents, and employee documents and communications, including WeChat communications, Defendant's compliance has been superficial at best. *Id.,* ¶ 11.

Accordingly, on May 23, 2025, the parties conducted another meet-and-confer to discuss the discovery issues in light of the conference before the Court one day prior. The parties were able to narrow the list of search terms to include the alleged alter ego entities and brands, as well as reach an agreement regarding the relevant time period for the search, as well as Defendant's willingness to search for communications related to the individual John Zhang. The parties agreed that Defendant would produce WeChat communications as screenshots. *Id.,* ¶ 12.

On June 21, 2025, Defendant produced around 100 pages of documents, but still omitted the most critical categories: WeChat communications, review compensation records, financial documents, alter ego documents, and employee data related to Plaintiff's allegations. *Id.,* ¶ 14. Defendant continues to withhold documents it agreed, and was ordered, to produce because they all relate to Plaintiff's claim that Defendant was selling ink and toner on Amazon through alleged alter ego entities.

1    Defendant has played games in discovery for over a year. Plaintiff requests documents,

2  Defendant ignores. Plaintiff follows up, Defendant eventually replies with insufficient responses.

3  Plaintiff offers to go to the Court, the parties meet and confer, and Defendant agrees to produce some

4  things, but produces next to nothing, and the cycle restarts all over again.

5    After more than a year of stonewalling, countless hours spent in meet-and-confers, and direct

6  court intervention, Defendant remains defiant. With discovery now closing in a little more than a month,

7  Plaintiff has no choice but to move forward with a discovery motion to compel the production of

8  documents that should have been produced long ago.

9    **C.    Defendant's Background**

10    **1.    Requests For Production**

11    Defendant AGI does not quarrel with Plaintiff's accounts on the general timeline of Plaintiff's

12  effort to obtaining discovery from AGI.  Specifically, the table below sets forth this general timeline in

13  chronological order.

| Date (on or about) | Events relating to Plaintiff's document requests |
|---|---|
| January 3, 2024 | Plaintiff served its first and only set of Requests for Production of documents. |
| March 1, 2024 | AGI served its objection the Requests for Production. |
| April 19, 2024 | The parties had a first meet and confer on AGI's responses to Plaintiff's Requests for Production. |
| June 3, 2024 | Plaintiff sent an initial letter memorializing the April 19 meet and confer. |
|  | Additional email exchanges between the parties regarding AGI production, and initial document production by AGI. |
| February 5, 2025 | AGI sent response letter to Plaintiff's June 3, 2024 Letter. |
| February 10, 2025 | The parties had a second meet and confer on discovery issues relating to AGI's document production. |
| April 16, 2025 | The parties had a third meet and confer on discovery issues relating to AGI's document production. |
| May 2, 2025 | The parties had a fourth meet and confer discussing issues relating to Mr. John Zhang |
| May 9, 2025 | The parties had a fifth meet and confer discussing email and WeChat search protocols. |
| May 22, 2025 | The parties attended an informal discovery conference presided over by Judge Bristow. |
| May 23, 2025 | The parties had a sixth meet and confer on discovery issues relating to AGI's document production. |
| June 23, 2025 | The parties had a seventh meet and confer on discovery issues relating to AGI's document production. |

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND
MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS

AGI wants to highlight, however, a few details that are not apparent from Plaintiff's accounts above.  First, with respect to Plaintiff's requests for documents relating to the alleged misconduct perpetrated by the Amazon Seller Companies, specifically with respect to communications with Amazon consumers or third parties regarding the product reviews – AGI has responded as early as March 2024 stating that responsive documents are not within AGI's possession, custody, or control.  *See* Ex. 1 at 42, 45-46 (Request Nos. 36, 40).  Second, with respect to Plaintiff's requests for documents relating to the alleged alter ego relationship between AGI and the Amazon Seller Companies, AGI has produced its ADP records, its corporate filings with the California Secretary of State, AGI's tax filings, bank records, income statements, and balance sheets, the SEC filings by its parent company identifying the parent-subsidiary relationships, sample invoices AGI issued for the Amazon seller companies, sample shipment documents AGI had relating to shipment on behalf of the Amazon seller companies, and miscellaneous documents responsive to the relevant portion of Plaintiff's document requests on the alter ego issues.  It is unclear what specific documents or category of documents Plaintiff believes are missing from the production on the alter ego issues.

## III.  ISSUES IN DISPUTE AND PARTIES' CONTENTIONS

In accordance with Local Rule 37-2.1, each discovery request and response at issue is provided below verbatim, with the parties' contentions included after each set of requests, which Plaintiff has organized by general topic.

### A.  Plaintiff's Requests for Production

#### 1.  Requests Related to the Alleged Alter Ego Entities and Defendants' Relationship with Each Other and Those Entities

##### a.  Plaintiff's Position re: L.R. 37-1 Meet and confer related to RFP Nos. 3, 9, 12, 21, 22, 23, 24 and 25

During the meet-and-confer, Plaintiff's counsel explained that the Complaint includes the theory that Defendant is carrying out the alleged scheme of engaging in deceptive practices in selling ink and toner on Amazon and  with various alter ego entities as described in the Requests. Plaintiff's counsel also stated that Plaintiff has already produced documents to Defendant showing Defendant's involvement with these alleged brands and entities. Plaintiff's counsel explained that to the extent other

documents related to the alleged alter ego entities exist, they are within Defendants' possession, custody and control, and therefore pursuant to the Federal Rules need to be produced in discovery. Additionally, Ms. Huang testified that she registered certain of these entities and brands on behalf of Aster Graphics, Inc. at the direction of Aster Graphics, Inc. President Leon Yin, and that she testified in her deposition that numerous documents and communications exist related to these alleged alter ego entities and brands. Plaintiff inquired as to why Defendant has not produced these documents. Defendant responded that it will only produce documents related to Aster Graphics, Inc.

Plaintiff's counsel again stated that the parties have already negotiated search terms related to these other brands and entities, and negotiated the timeframe to significantly narrow the scope and alleviate any concerns related to burden, and that to the extent responsive documents exist related to the alleged alter ego brands and entities, they need to be produced.

Defendant's position remains that these documents fall outside the scope of its discovery obligations, and refuses to even confirm the extent and scope of its search so Plaintiff does not even know what was searched for.

**b.**    **Defendant's Position re: 37-1 L.R. 37-1 Meet and confer related to RFP Nos. 3, 9, 12, 21, 22, 23, 24 and 25**

AGI disputes Plaintiff's characterization of its positions with respect to RFP Nos. 3, 9, 12, 21, 22, 23, 24 and 25.  AGI's positions with respect to each RFP request are explained in detail below.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify any employees shared, jointly employed, or co-employed by Aster Graphics, Inc., or any other entities related to you.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to the undefined terms "employees shared" "jointly employed", and "co-employed" on the grounds that they are vague and ambiguous and fail to describe with reasonable particularity the documents or things sought by Plaintiff. Defendant further objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's

alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner. Defendant objects to this request to the extent that it seeks discovery of Defendant's relationship with any entities other than the Amazon sellers identified or identifiable in the Complaint.

Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer to discuss reasonable proposals to clarify the scope of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

### a.    Plaintiff's Position re: Request for Production No. 3

Defendant's response is evasive, legally unsupported, and fails to comply with its discovery obligations under the Federal Rules of Civil Procedure. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclosure, answer, or respond." Fed. R. Civ. P. 37(a)(4). Here, Defendant provides no documents, no confirmation that any search was conducted, and offers only boilerplate objections with no factual or legal support.

Objections that terms are "vague," "ambiguous," or "not proportional" must be accompanied by specific explanation; otherwise, such objections are legally deficient. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014). Defendant's vague references to proportionality and relevance are not supported by any showing of burden, nor does Defendant explain how the discovery sought exceeds the permissible scope of Rule 26(b)(1). Defendant also fails to define what efforts, if any, it undertook to identify responsive documents or whether any such documents exist. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a

party "must do more than merely assert that the search was conducted with due diligence" and "must briefly describe the search to allow the Court to determine whether it was reasonable").

The request seeks documents sufficient to identify employees who may be shared, jointly employed, or otherwise affiliated across Defendant and any affiliated or alter ego entities. This discovery is directly relevant to Plaintiff's alter ego and agency allegations, and courts have routinely held that "[c]ontrol may extend to documents that are nominally held in another corporation's care," and that shared employees, shared offices, and jointly-managed operations are strong indicators of such control. *QC Labs v. Green Leaf Lab, LLC*, No. 818CV01451JVSJDEX, 2019 WL 6797250, at *5 (C.D. Cal. July 19, 2019) (citation, internal quotations omitted); *Q Indus., Inc. v. O'Reilly Auto., Inc.*, No. CV223791HDVPVCX, 2023 WL 5505889, at *9 (C.D. Cal. July 28, 2023) (citation, internal quotations omitted).

While the Court has not made factual findings regarding Plaintiff's alter ego allegations, they are open for discovery, and that discovery starts with documents Defendant may have in its possession about the identified brands or entities. Plaintiff has served document requests that are likely to yield admissible evidence about these brands and/or entities.

Defendant's response that it is "willing to meet and confer," does not excuse its non-response. It has failed to produce any documents or even confirm the existence or nonexistence of any such records. Its blanket refusal to answer does not comply with the FRCP. A responding party must respond fully, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted).

Plaintiff requests that Defendant promptly supplement its response to by (i) producing all responsive documents, including any records reflecting shared or jointly employed personnel, or (ii) confirming, after a diligent search and reasonable inquiry, that no such documents exist. *See* Adv. Comm. Notes to 2015 Amendments to Fed. R. Civ. P. 34.

///

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS

### b.    Defendant's Position re: Request for Production No. 3

AGI has produced its ADP records spanning from 2018 till 2024. AGI has also produced its corporate filings with the California Secretary of State. AGI does not have additional responsive documents after a diligent search and reasonable inquiry.

### REQUEST FOR PRODUCTION NO. 9:

All documents concerning any involvement you have had in acquisitions of ink or toner brands or an entity controlling ink or toner brands.

### DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation. Defendant objects to the undefined terms "acquisitions of an entity controlling ink or toner brands or an entity controlling ink or toner brands" in this Request on the grounds that they are vague and ambiguous and fail to describe with reasonable particularity the documents or things sought by Plaintiff. Defendant objects to this Request to the extent it seeks information that is not proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing *to In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)"). Defendant objects to this request to the extent that it seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner. Defendant objects to this request to the extent that it seeks discovery of Defendant's relationship with any entities other than the Amazon sellers identified or identifiable in the Complaint.

Subject to and without waiving the foregoing objections, and to the extent that Defendant understands this Request, Defendant is unaware of any documents showing Aster Graphics, Inc. is involved in acquisitions of the following entities (if these entities have indeed been acquired) - Access Supplies Limited, Amstech Limited., Aztech Enterprise Limited., Eco Imaging Inc., Intercon International Corp., Iprint Enterprise Limited, and Revol Trading Inc.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

a.    **Plaintiff's Position re: Request for Production No. 9**

Defendant's response is evasive, legally unsupported, and fails to comply with its discovery obligations under the Federal Rules of Civil Procedure. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclosure, answer, or respond" Fed. R. Civ. P. 37(a)(4). Here, Defendant provides no documents, no confirmation that any search was conducted, and offers only boilerplate objections with no factual or legal support.

Any objections to scope or proportionality must be stated with specificity, including an explanation of the alleged burden and an articulation of how the request exceeds the scope of Rule 26(b)(1). Defendant has made no such showing. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014). Objections based on "all documents" language are not a valid basis for refusal to answer where the subject matter is narrowly framed and plainly relevant to the claims. Moreover, Defendant's citation to *Mailhoit v. Home Depot* is misplaced; that case concerned facially overbroad and vague requests, whereas this request is targeted and seeks documents concerning Defendant's acquisitions activity in a defined market segment directly implicated in the litigation.

The information sought – Defendant's role in acquiring ink or toner brands or entities controlling such brands – is relevant to Plaintiff's alter ego and unfair competition allegations, because common ownership and control, including crossover of employees, are factors that the Court considers when evaluating alter ego claims. Moreover, Plaintiff has already produced records to Defendant showing Defendant's importation of ink and toner related to these alleged entities and brands. Plaintiff has produced hundreds of pages of documents to Defendant related to their importation of ink and toner, and such records show Defendant doing business with these brands and entities. *See* Vogel Decl., Exs. 4, 5.

On May 29, 2025, Plaintiff's counsel also took the deposition of Claire Huang, who is employed as an accountant and executive assistant to the CEO of Aster Graphics Inc. (Vogel Decl., Ex. 8, Huang Dep. Tr.). Defendant produced several documents to Plaintiff showing companies that sell ink

1   and toner that were registered by Ms. Huang, which Ms. Huang also testified about during her

2   deposition. *Id.* Ms. Huang also testified that she receives regular updates about these companies and

3   brands to her Aster email address. *Id*. These entities that were registered by Aster, and specifically Ms.

4   Huang, operate or otherwise control myriad different ink and toner trademarks, such as True Image,

5   Arcon, and Cool Toner, to name a few. *Id.*

6        Additionally, domain registration records show that Jacob Xie registered the Amstech brand

7   website, iamstech.com, using Aster's official email, Jacob.xie@goaster.com. *See* Vogel Decl., Ex. 9.

8   Therefore, it is reasonable to believe that the Defendant may have registered other of the alleged brands

9   and entities. Such documents have not been produced, nor has Defendant confirmed that a reasonable

10  search has been conducted.

11       The parties have already negotiated search terms related to these alleged brands and entities, but

12  although Defendant asserts it is "unaware of any documents" concerning acquisitions of certain entities,

13  it fails to (1) clarify whether a reasonable and diligent search was performed; (2) address whether

14  responsive documents exist for other acquisitions beyond listed sellers; or (3) produce or identify any

15  responsive documents whatsoever. A party must do more than express generalized unawareness; it

16  must affirm that it conducted a reasonable inquiry and specify the efforts undertaken. *See VeroBlue*

17  *Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party

18  make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with

19  sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due

20  diligence" were exercised).

21       Defendant should be obligated to supplement this request based on the search terms negotiated

22  by the parties that include these brands and entities at issue, or confirm that after a reasonable and

23  diligent search, no responsive documents exist.

24              **b.      Defendant's Position re: Request for Production No. 9**

25       AGI objects to this request because the term "acquisition" is vague.  Plaintiff has not defined the

26  term despite the many meet and confer discovery conferences the parties have had.  Regardless, AGI

27  has used keywords based on the Amazon seller entity/brand names and performed searches of its

28  custodians' email and WeChat records. AGI has produced the search results.

-16-

With respect to AGI's employee Ms. Huang's testimony, she testified that she had filed Statements of Information on behalf of several Amazon Seller Companies. (AGI has produced documents including email records showing Ms. Huang's involvement in the SOI filings). Ms. Huang further testified that she had no familiarity nor involvement with the trademark applications filed on behalf of the Amazon Seller Companies. Plaintiff characterizes the filing of an SOI on behalf of a company with the Secretary of State as "registering" for the company; AGI disputes this characterization. Nevertheless, AGI has used keywords based on the Amazon seller entity/brand names and performed searches of Ms. Huang's emails. AGI also searched Ms. Huang's WeChat records (with no hits). There are no documents evidencing that AGI somehow through Ms. Huang "operate or otherwise control myriad different ink and toner trademarks, such as True Image, Arcon, and Cool Toner." Plaintiff's conspiracy theory is simply false and not supported by the evidence.

With respect to Mr. Jacob Xie, Mr. Xie is not an AGI employee. As such, the fact that Mr. Xie appears to have registered a brand name for one of the Amazon Seller Companies is irrelevant. In fact, AGI has performed a search on Ms. Huang's email and WeChat (and the other two custodians) using the keyword "amstech" and "iamstech." The searches have not returned any hits.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to identify all addresses, physical office locations, office telephone numbers, and website addresses associated with Defendants.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). Defendant objects to Plaintiff's Requests to the extent they seek information that is equally accessible to, or readily available to, Plaintiff, including but not limited to documents available from publicly-accessible websites or documents already in the possession, custody, or control of Plaintiff.

Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to this Request, that are within Defendant's possession, custody, and control and that are identified after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

### a.    Plaintiff's Position re: Request for Production No. 12

Defendant's response is inadequate. Though it states it "will produce responsive, non-privileged documents," it fails to specify what categories of documents, if any, will be produced, or when. The response also fails to confirm whether a search has been conducted or to explain the scope or method of any such search. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclosure, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Boilerplate objections regarding proportionality, relevance, and public accessibility must be supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Furthermore, a responding party may not withhold relevant discovery merely because the information may also be obtainable through public channels. Courts have repeatedly rejected the notion that public availability excuses a party from its obligation to produce materials within its possession, custody, or control. *See Thomas v. Hickman*, No. 106-CV-00215-AWI-SMS, 2007 WL 4302974, at *19 (E.D. Cal. Dec. 6, 2007) (rejecting the argument that production may be refused where documents are publicly available or accessible to the requesting party); *Bretana v. Int'l Collection Corp.*, No. C07-05934 JF (HRL), 2008 WL 4334710, at *5-6 (N.D. Cal. Sept. 22, 2008) (holding that a party cannot validly object to producing discovery merely because the information exists in public records).

The request seeks information plainly relevant to the claims in this case – namely, the corporate structure and operational locations of Defendant and its affiliated entities, including any shared addresses, phone numbers, or website addresses. To date, Defendant has not produced responsive documents. The information is directly relevant to Plaintiff's allegations of alter ego, agency, and coordinated commercial conduct across multiple entities – issues that courts have routinely found to

1   justify such discovery. *See Landa v. Simmons,* No. D083814, 2025 WL 1122234, at *5 (Cal. Ct. App.

2   Apr. 16, 2025) (in assessing alter ego, courts consider numerous factors, including "use of the same

3   offices and employees" and "use of one as a mere shell or conduit for the affairs of the other").

4       Plaintiff requests that Defendant promptly supplement its response by (i) producing all

5   responsive documents in full, or (ii) confirming, after a diligent search and reasonable inquiry, that no

6   such documents exist. *See* Adv. Comm. Notes to 2015 Amendments to Fed. R. Civ. P. 34; *VeroBlue*

7   *Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party

8   make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with

9   sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due

10  diligence" were exercised); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a

11  party "must do more than merely assert that the search was conducted with due diligence" and "must

12  briefly describe the search to allow the Court to determine whether it was reasonable").

13          **b.    Defendant's Position re: Request for Production No. 12**

14      AGI has produced its SOI filings with the California Secretary of State.  The SOI filings list

15  AGI's California office address.  AGI has produced warehouse lease agreements (including leases from

16  California and Pennsylvania) it retrieved after a diligent search. AGI has also produced sample invoices

17  which include its office address and phone contact information. AGI has complied with its discovery

18  obligations with respect to this request.

19

20  **REQUEST FOR PRODUCTION NO. 21:**

21  Documents sufficient to show any U.S. trademarks related to your ink or toner since
    2010.

22  **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

23
    Defendant incorporates its General Objections above as if set forth in full herein.
24  Defendant objects to the term "trademark related to your ink or toner since 2010" in
    this Request on the grounds that it is vague and ambiguous and fails to describe with
25  reasonable particularity the documents or things sought by Plaintiff. Defendant
    objects to Plaintiff's Requests to the extent they seek information that is equally
26  accessible to, or readily available to, Plaintiff, including but not limited to documents
    available from publicly-accessible websites or documents already in the possession,
27  custody, or control of Plaintiff. Defendant further objects to this request to the extent

28

-19-

that it seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner. Defendant objects to this request to the extent that it seeks discovery of Defendant's relationship with any entities other than the Amazon sellers identified or identifiable in the Complaint. Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages.

Subject to and without waiving the foregoing objections, Defendant will not produce documents responsive to this Request as written but is willing to meet and confer to discuss reasonable proposals to clarify or narrow the scope of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

### a.    Plaintiff's Position re: Request for Production No. 21

Defendant's response that it is "willing to meet and confer," does not excuse its refusal to produce any documents responsive to this narrowly tailored request. This request seeks "documents sufficient to show any U.S. trademark related to [Defendant's] ink or toner since 2010," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer does not comply with the FRCP and fails to satisfy Defendant's obligations.

Boilerplate objections regarding relevance and public accessibility are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. Furthermore, objections claiming that terms such as "trademark related to ink or toner since 2010" are "vague and ambiguous" are plainly meritless. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Furthermore, the Federal Rules do not permit a responding party to withhold relevant discovery merely because the information may also be obtainable through public channels. Courts have

1  repeatedly rejected the notion that public availability excuses a party from its obligation to produce

2  materials within its possession, custody, or control. *See Thomas v. Hickman*, No. 106-CV-00215-AWI-

3  SMS, 2007 WL 4302974, at *19 (E.D. Cal. Dec. 6, 2007) (rejecting the argument that production may

4  be refused where documents are publicly available or accessible to the requesting party).

5          Additionally, Defendant offers no legal or factual basis for its objection based on relevance.

6  Defendant's position that the request is "not relevant" ignores the clear relationship between

7  Defendant's claimed trademark rights and Plaintiff's allegations regarding brand manipulation,

8  deceptive practices, and alter ego entities. Trademark ownership is directly relevant to whether

9  Defendant exercises control over the Amazon sellers at issue.

10          Moreover, Plaintiff and Defendant have already negotiated search terms pertaining to the

11  alleged alter ego brands and entities. Defendant has not represented that it has conducted a search based

12  on those search terms, and that no responsive documents exist. *See VeroBlue Farms USA Inc. v. Wulf*,

13  345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry

14  … and if no responsive documents or tangible things exist … so state with sufficient specificity to

15  allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised);

16          On May 29, 2025, Plaintiff's counsel also took the deposition of Claire Huang, who is

17  employed as an accountant and executive assistant to the CEO of Aster Graphics Inc. (Vogel Decl., Ex.

18  8, Huang Dep. Tr). Defendant produced several documents to Plaintiff showing companies that sell ink

19  and toner that were registered by Ms. Huang, which Ms. Huang also testified about during her

20  deposition. *Id.* Ms. Huang also testified that she receives regular updates about these companies and

21  brands to her Aster email address. *Id.* These entities that were registered by Aster, and specifically Ms.

22  Huang, operate or otherwise control myriad different ink and toner trademarks, such as True Image,

23  Arcon, and Cool Toner, to name a few. *Id*. Defendant's blanket refusal to produce relevant documents

24  pertaining to these entities that sell ink and toner, including the trademarks operated by them, is wholly

25  unfounded.

26          Plaintiff requests that Defendant promptly supplement its response by (i) producing all

27  responsive documents sufficient to identify any U.S. trademarks associated with its ink or toner

28  products since 2010, or (ii) confirming that after a diligent search, no such documents exist.

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND
MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS

### b.    Defendant's Position re: Request for Production No. 21

AGI objects to this request because it is poorly drafted.  It is unclear what documents Plaintiff is seeking.  Is Plaintiff seeking public records showing the trademark application files for the trademarks associated with the Amazon Seller Companies? Is Plaintiff seeking records showing how AGI may have been involved in the filing of these trademarks?  Is Plaintiff seeking AGI's sales records showing if AGI has branded its products with these trademarks? Plaintiff has not clarified the scope of the request despite the many meet and confer discovery conferences the parties have had.  Regardless, AGI has used keywords based on the Amazon seller brand names and performed searches of its custodians' email and WeChat records.  AGI has produced the search results.  AGI has produced documents showing it owns an "Aster" trademark.  AGI has also produced sample invoices which conspicuously display the "Aster" logo.

With respect to AGI's employee Ms. Huang's testimony, she testified that she had no familiarity nor involvement with the trademark applications filed on behalf of the Amazon Seller Companies.  AGI has used keywords based on the Amazon seller brand names and performed searches of Ms. Huang's emails.  AGI also searched Ms. Huang's WeChat records (with no hits).  There are no documents evidencing that AGI somehow through Ms. Huang "operate or otherwise control myriad different ink and toner trademarks, such as True Image, Arcon, and Cool Toner."  Plaintiff's conspiracy theory is false and not supported by the evidence.

### REQUEST FOR PRODUCTION NO. 22:

Documents sufficient to show any business registration of any entity you registered or attempted to register with a U.S. state since 2010.

### DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). Defendant objects to the term "any entity you registered or attempted to register" in this Request on the grounds that they are vague and ambiguous. Defendant further objects to this request to the extent that it seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts and tactics allegedly

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS

employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner. Defendant objects to this request to the extent that it seeks discovery of Defendant's relationship with any entities other than the Amazon sellers identified or identifiable in the Complaint. This Request amounts to a fishing expedition rather than a legitimate pursuit of relevant evidence to the parties' claims or defenses. Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages. Defendant objects to Plaintiff's Requests to the extent they seek information that is equally accessible to, or readily available to, Plaintiff, including but not limited to documents available from publicly-accessible websites or documents already in the possession, custody, or control of Plaintiff.

Subject to and without waiving the foregoing objections, Defendant will not produce documents responsive to this Request as written, but is willing to meet and confer to discuss reasonable proposals to clarify or narrow the scope of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

### a.    **Plaintiff's Position re: Request for Production No. 22**

Defendant's response that it is "willing to meet and confer," does not excuse its refusal to produce any documents responsive to this narrowly tailored request. This request seeks "documents sufficient to show any business registration of any entity [Defendant's] registered or attempted to register with a U.S. state since 2010," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records.

Boilerplate objections regarding relevance and public accessibility are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. Furthermore, objections claiming that terms such as "any entity you registered or attempted to register" are "vague and ambiguous" are plainly meritless. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Furthermore, the Federal Rules do not permit a responding party to withhold relevant discovery merely because the information may also be obtainable through public channels. Courts have repeatedly rejected the notion that public availability excuses a party from its obligation to produce materials within its possession, custody, or control. *See Thomas v. Hickman*, No. 106-CV-00215-AWI-SMS, 2007 WL 4302974, at *19 (E.D. Cal. Dec. 6, 2007) (rejecting the argument that production may be refused where documents are publicly available or accessible to the requesting party); *Bretana v. Int'l Collection Corp.*, No. C07-05934 JF (HRL), 2008 WL 4334710, at *5-6 (N.D. Cal. Sept. 22, 2008) (holding that a party cannot validly object to producing discovery merely because the information exists in public records); *see also U.S. S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 577 (M.D.N.C. 2002) (Rule 33(d) does not apply where the information is not readily ascertainable from business records or where a narrative response is necessary).

Additionally, Defendant offers no legal or factual basis for its objection based on relevance. Defendant's position that the request is "not relevant" ignores the clear relationship between Defendant's business registrations and Plaintiff's allegations regarding alter ego entities. Business registrations are directly relevant to whether Defendant has created, controlled, or attempted to obscure its involvement in affiliated entities. Moreover, Plaintiff and Defendant have already negotiated search terms pertaining to the alleged alter ego brands and entities. Defendant has not represented that it has conducted a search based on those search terms, and that no responsive documents exist. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised); *Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than merely assert that the search was conducted with due diligence" and "must briefly describe the search to allow the Court to determine whether it was reasonable").

On May 29, 2025, Plaintiff's counsel also took the deposition of Claire Huang, who is employed as an accountant and executive assistant to the CEO of Aster Graphics, Inc. (Vogel Decl.,

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS

Ex. 8, Huang Dep. Tr.). Defendant produced several documents to Plaintiff showing companies that were registered by Ms. Huang, which Ms. Huang also testified about during her deposition. *See Id.,* 43:23-44:1; 45:8-20; 51:4-14; 68:4-8; 73:13-23. Therefore, it is reasonable that there may be other entities registered by Aster Graphics, Inc., and this information goes directly to Plaintiff's alter ego claim that Defendant was registering and operating numerous entities selling ink and toner.

Moreover, in PLT000003 produced to Defendant, Defendant used customer contract information from Amazon sales of various brands alleged in the Complaint, including brands from entities registered by Claire Huang of Aster Graphics, Inc. Defendant has not confirmed a search based on these entities or brands, or that all responsive documents have been produced. (Vogel Decl., Exs. 4-5).

Plaintiff requests that Defendant promptly supplement its response by (i) producing all responsive documents sufficient to identify any business registration of any entity it registered or attempted to register with a U.S. state since 2018, or (ii) confirming that after a diligent search, no such documents exist.

**b.      Defendant's Position re: Request for Production No. 22**

AGI objects to this request because it is overly broad and seeks information that is not proportional to the needs of the case.  The Complaint has identified only a few Aster Seller Companies. The damage period for the case does not go back to 2010.  The request as drafted, however, seeks *any* business that AGI registered or attempted to register *since* 2010.  Plaintiff has not narrowed the scope of this request despite the many meet and confer discovery conferences the parties have had. Regardless, the parties have negotiated and agreed upon a set of keywords based on a long list of Amazon seller entity/brand names that includes but goes beyond the Aster Seller Companies identified in the Complaint.  AGI has accordingly performed searches of its custodians' email and WeChat records.  AGI has already produced the search results.

**REQUEST FOR PRODUCTION NO. 23:**

All documents concerning U.S. customs or other import records relating to your ink or toner.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)"). Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages Defendant further objects to this Request as overly broad and unduly burdensome, because Plaintiff has not established a reasonable basis that U.S. customs or other import records are relevant to any parties' claims or defenses.

Subject to and without waiving the foregoing objections, Defendants will not produce document responsive to this Request as written, but is willing to meet and confer to discuss the relevance of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

a.    **Plaintiff's Position re: Request for Production No. 23**

Defendant' s response that it is "willing to meet and confer," does not excuse its refusal to produce any documents responsive to this narrowly tailored request. This request seeks "documents concerning U.S. customs or other import records relating to [Defendant's] ink or toner," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer does not comply with the FRCP and fails to satisfy Defendant's obligations. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted; *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and truthfulness in a response and any responses which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding relevance and proportionality are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Additionally, objections based on "all documents" language are not a valid basis for refusal to answer where the subject matter is narrowly framed and plainly relevant to the claims. Defendant's citation to *Mailhoit v. Home Depot* is misplaced; that case concerned facially overbroad and vague requests, whereas this request is narrowly tailored to documents concerning Defendant's importation activity of ink and toner products during a specific period – a central issue in this litigation. These import records are discrete, identifiable, and within Defendant's possession or obtainable through reasonable inquiry.

Additionally, Defendant offers no legal or factual basis for its objection based on relevance. Defendant's position that the request is "not relevant" ignores the clear and direct connection between U.S. import records and Plaintiff's allegations of deceptive marketplace conduct and the operation of alter ego entities.

Moreover, Plaintiff and Defendant have already negotiated search terms pertaining to the alleged alter ego brands and entities. Defendant has not represented that it has conducted a search based on those search terms, and that no responsive documents exist. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised); *Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than merely assert that the search was conducted with due diligence" and "must briefly describe the search to allow the Court to determine whether it was reasonable").

1       Plaintiff has also produced hundreds of pages of documents to Defendant related to their

2  importation of ink and toner. (Vogel Decl., Exs. 4-5). Such documents clearly show that Defendant

3  engages in this alleged conduct with various of the alleged entities and brands. Defendant's refusal to

4  produce relevant documents wholly disregards its discovery obligations.

5       Plaintiff requests that Defendant promptly supplement its response by (i) producing all

6  responsive documents concerning U.S. customs or other import records relating to its ink or toner, or (ii)

7  confirming that after a diligent search, no such documents exist.

8             **b.**    <u>**Defendant's Position re: Request for Production No. 23**</u>

9       AGI objects to this request because it is overly broad and seeks information that is not

10  proportional to the needs of the case for several reasons.  First, Plaintiff has not justified a need for *all*

11  custom or import documents.  AGI generates tens of millions of sales every year; a request for all

12  custom/import documents is excessive and clearly burdensome.

13       More importantly, Plaintiff has not explained how custom/import documents relate to the claims

14  or defenses in this case.  This is a false advertisement/unfair competition case; the crux of Plaintiff's

15  claim is that the Amazon Seller Companies engaged in manipulative misconduct to promote sales on

16  Amazon such as allegedly commissioning fake Amazon reviews.  Plaintiff makes the conclusory

17  remark that there is a "clear and direct connection between U.S. import records and Plaintiff's

18  allegations of deceptive marketplace conduct."  The Court should ignore such a conclusory remark

19  because it lacks explanation and appears illogical on its face.

20       Plaintiff also states that there is a "clear and direct connection between U.S. import records and

21  Plaintiff's allegations of … the operation of alter ego entities."  It thus appears that Plaintiff is

22  contending that its alter ego claim (which survived a motion to dismiss) has now opened the door for

23  discovery against import records.  Plaintiff has not, however, explained how AGI's import records are

24  relevant to any of the alter ego factors.  *See, e.g. Gerritsen v. Warner Bros. Ent't, Inc.*, 116 F.Supp.3d

25  1104, 1137 (C. D. Cal. 2015) (listing alter ego factors).  Plaintiff contends that the import records it has

26  produced "clearly show that Defendant [AGI] engages in this alleged conduct with various of the

27  alleged [alter ego] entities and brands."  AGI has reviewed the importation documents Plaintiff has

28  produced.  Assuming these documents are authentic (which AGI has no way of knowing before

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND
MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS

1  deposition), they appear to show a "shipper" company known as "Aster Graphics Co., Ltd." shipping

2  products to various "consignee" companies such as "Aster Graphics Inc." and "Mountain Peak Inc."

3  They do not show any shipper-consignee relationship between Aster Graphics Inc and any alleged alter

4  ego Amazon Seller companies.  In short, the importation documents Plaintiff has produced do not

5  support its argument that the documents are relevant to its claims.

6         Finally, AGI has produced, as a compromise, random samples of its import/custom records such

7  as bill of lading and packing lists.  These samples confirm that "Aster Graphics Co., Ltd." has shipped

8  toner cartridge products to AGI.  There is nothing nefarious about these documents.  The fact that

9  Plaintiff is not citing to AGI's production is telling; AGI's import records are plainly irrelevant.  The

10  Court should deny Plaintiff's request here.

11

12         **REQUEST FOR PRODUCTION NO. 25:**

13         All documents concerning any shipments of ink or toner to or from an Amazon FBA
       warehouse.

14

15         **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

16         Defendant incorporates its General Objections above as if set forth in full herein.

17  Defendant objects to this Request to the extent it seeks information that is neither
    relevant to any party's claims or defenses nor proportional to the needs of the case as

18  required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language
    as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570

19  (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256
    F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a

20  reasonable person to ascertain which documents are required do not meet the
    particularity standard of Rule 34(b)(1)(A)"). Defendant further objects to the time

21  frames of this Request to the extent that it is seeking information outside the time
    period Plaintiff is entitled to claim damages. Defendant further objects to this Request

22  as overly broad and unduly burdensome, because Plaintiff has not established a
    reasonable basis that shipment documents to or from an Amazon FBA warehouse are

23  relevant to any parties' claims or defenses or are proportional to the needs of this
    case.

24

25  Subject to and without waiving the foregoing objections, Defendants will not produce
    documents responsive to this Request as written, but is willing to meet and confer to

26  discuss the relevance of this Request.

27

28

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

### a.    Plaintiff's Position re: Request for Production No. 25

Defendant' s response that it is "willing to meet and confer," does not excuse its refusal to produce any documents responsive to this narrowly tailored request. This request seeks "documents concerning any shipments of ink or toner to or from an Amazon FBA warehouse," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer does not comply with the FRCP and fails to satisfy Defendant's obligations. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and truthfulness in a response and any responses which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding relevance and proportionality are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Additionally, objections based on "all documents" language are not a valid basis for refusal to answer where the subject matter is narrowly framed and plainly relevant to the claims. Defendant's citation to *Mailhoit v. Home Depot* is misplaced; that case concerned facially overbroad and vague requests, whereas this request is narrowly tailored to documents concerning shipments of ink or toner to or from Amazon FBA warehouses – records that are discrete, identifiable, and within Defendant's possession or obtainable through reasonable inquiry.

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS

1    Further, Defendant offers no legal or factual basis for its objection based on relevance.

2    Defendant's position that the request is "not relevant" ignores the clear and direct connection between

3    shipments to or from Amazon FBA warehouses and Plaintiff's allegations of operation of alter ego

4    entities selling on Amazon.

5    Plaintiff and Defendant have already negotiated search terms pertaining to the alleged alter ego

6    brands and entities. Defendant has not represented that it has conducted a search based on those search

7    terms, and that no responsive documents exist. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406,

8    418–19 (N.D. Tex. 2021 (requiring that a responding party make "reasonable inquiry … and if no

9    responsive documents or tangible things exist … so state with sufficient specificity to allow the Court to

10   determine whether … a reasonable inquiry and … due diligence" were exercised); *Hash v. Cate*, 2012

11   WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to

12   information that is from sources within his control") (citation omitted); *Rogers v. Giurbino*, 288 F.R.D.

13   469, 485 (S.D. Cal. 2012) (holding that a party "must do more than merely assert that the search was

14   conducted with due diligence" and "must briefly describe the search to allow the Court to determine

15   whether it was reasonable").

16   Moreover, Plaintiff is already aware that Defendant's operations include Amazon FBA

17   warehouses. Defendant produced payroll records to the Plaintiff for the years 2023 and 2024 that show a

18   department called "CA FBA Team." (Vogel Decl., Ex. 10). Defendant has failed to confirm that it has

19   searched for responsive documents, or that no responsive documents exist.

20   Plaintiff requests that Defendant promptly supplement its response by (i) producing all

21   responsive documents concerning any shipments of ink or toner to or from an Amazon FBA warehouse,

22   or (ii) confirming that after a diligent search, no such documents exist.[5]

23   ///

24

25

26   [5] Plaintiff has explained to Defendant *ad nauseum* the relevance of Amazon FBA documents as these documents pertain to Plaintiff's theory that Defendant, or an entity under the direction or control of Defendant, is selling on Amazon. This is the first time that Defendant has offered to provide a random

27   sampling of documents after numerous meet-and-confer efforts. To the extent Defendant produces documents that encompass the agreed upon search terms for the agreed upon period, and Plaintiff has an

28   opportunity to review the same, Plaintiff is willing to retract this Request prior to the hearing.

**b.    Defendant's Position re: Request for Production No. 25**

AGI objects to this request because Plaintiff has not justified a need for *all* documents

concerning any shipments of ink or toner to or from an Amazon FBA warehouse.  AGI further objects

to this request because Plaintiff has not explained the relevance of the requests, especially concerning

AGI's shipments of product to/from an Amazon FBA warehouse where the customer is not related to

AGI.  As a compromise, AGI is willing to produce random samples of shipment records within its

possession, custody, or control, reflecting product shipment to/from an Amazon FBA warehouse.

**2.    Requests Related to Defendants' Financial Records**

**a.    Plaintiff's Position re: L.R. 37-1 Meet and Confer related to RFP No.**

**33**

Plaintiff's counsel stated that Plaintiff is entitled to financial documents related to Defendant's

business, including tax returns, bank account statements, inventory records, etc. Although Defendant has

produced a few pages of samplings of documents related to payroll records, it has failed to confirm that

it has produced all relevant, non-privileged documents related to its financial records, including any

documents showing revenues from the sale of ink and toner, which directly correlate to Plaintiff's

allegations. Defendant also stated on the call that it will not produce financial records related to any of

the alleged alter ego entities that it may possess.[6]

Plaintiff is entitled to a sampling of financial records that show Defendant's business activities,

including documents that show profits and losses, expenses, revenue, and how employees are paid, to

name a few. Plaintiff is also entitled to any such documents Defendant may possess about the alleged

alter ego entities and brands. Such records are directly relevant to this litigation, as set forth below.

///

---

[6] During the parties' meet-and-confer, Defendant stated that it will let Plaintiff know regarding its position on
producing additional financial documents, but only as to Aster Graphics, Inc. and not the alleged alter ego
entities. On July 9, 2025, Defendant supplemented tax returns as to Aster Graphics, Inc. However, to date,
Defendant has still not produced bank statements, which are relevant to Defendant's source of revenue, as well
as the alter ego claim. *Katzir's Floor & Home Design, Inc. v. M-MLS.com,* 394 F.3d 1143, 1149 (9th Cir. 2004)
(factors to be considered in evaluating alter ego liability include "inadequate capitalization" and "commingling
of assets"). As a result, as of the filing of this Motion, this Request remains at issue.

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND
MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS

1

           **b.**      **Defendant's Position re: L.R. 37-1 Meet & Confer related to RFP No.**

2

      **33**

3

AGI's position is stated below.

4

5

    **REQUEST FOR PRODUCTION NO. 33:**

6

All documents concerning any proposed or actual tax filings or forms, or accounting
statements, that include revenues relating to ink and toner sales on Amazon.

7

    **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

8

Defendant incorporates its General Objections above as if set forth in full herein.

9

Defendant objects to this Request for lack of foundation. Defendant objects to this

10

Request to the extent it seeks information that is neither relevant to any party's claims
or defenses nor proportional to the needs of the case as required by Federal Rules of

11

Civil Procedure 26(b)(1), using such expansive language as "all documents." *See*

12

*Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to
*In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa.

13

2009) ("'All-encompassing demands' that do not allow a reasonable person to

14

ascertain which documents are required do not meet the particularity standard of Rule
34(b)(1)(A)"). Defendant further objects to this request to the extent that it seeks

15

discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's

16

claims are directed at various acts and tactics allegedly employed by Defendant's
alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon.

17

The alleged tactics are directed at certain Amazon sellers trading under the

18

trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner
Bank, and Victoner. Defendant objects to this request to the extent that it seeks

19

discovery of the sales of ink or toner from Defendant to any entities other than the
Amazon sellers identified or identifiable in the Complaint. Defendant further objects

20

to the time frame of this Request to the extent that it is seeking information outside
the time period Plaintiff is entitled to claim damages. Defendant objects to this

21

Request to the extent it seeks duplicative information responsive to other Requests
contained herein including but not limited to Request No. 10.

22

Subject to and without waiving the foregoing objections, Defendant is unaware of

23

nonprivileged, and responsive documents that include revenues relating to ink and
toner sales on Amazon, after a reasonable search.

24

Defendant reserves the right to supplement and/or amend this response as discovery

25

proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of
this Court.

26

27

28

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND
MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS

a.    **Plaintiff's Position re: Request for Production No. 33**

Defendant' s response that it is "willing to meet and confer," does not excuse its refusal to produce any documents responsive to this narrowly tailored request. This request seeks "[Defendant's] proposed or actual tax filings or forms, or accounting statements, that include revenues relating to ink and toner sales on Amazon," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer does not comply with the FRCP and fails to satisfy Defendant's obligations. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and truthfulness in a response and any responses which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding relevance and proportionality are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Additionally, objections based on "all documents" language are not a valid basis for refusal to answer where the subject matter is narrowly framed and plainly relevant to the claims. The request specifically identifies the categories of information sought – financial statements, tax filings, and interrelated corporate structures – which are common categories of discovery. Defendant's citation to *Mailhoit v. Home Depot* is misplaced; that case concerned facially overbroad and vague requests. In contrast, this request specifically targets financial statements and tax filings, which are directly relevant to Plaintiff's alter ego theory and Defendant's denial that it is not selling ink and toner on Amazon.

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS

1    Additionally, these documents are directly linked to Plaintiff's claim that Defendant has sold ink

2   and toner on Amazon under various alter ego brand names – and to Defendant's denial that it engages in

3   such sales. Defendant's financial records are likely to yield admissible evidence regarding revenue

4   generation and business activity during the relevant time period at issue. These records are also relevant

5   to assessing Plaintiff's damages under the Lanham Act. *See Sansi N. Am., LLC v. LG Elecs. USA, Inc.*,

6   No. CV 18-3541 PSG (SKX), 2019 WL 8168069, at *10 (C.D.Cal. Nov. 14, 2019) (finding damages

7   under the Lanham Act must be supported by "admissible evidence" such as "instances of lost sales").

8    Plaintiff requests that Defendant promptly supplement its response by (i) producing all

9   responsive documents concerning proposed or actual tax filings or forms, or accounting statements, that

10   include revenues relating to ink and toner sales on Amazon, or (ii) confirming that after a diligent

11   search, no such documents exist.

12    **b.    Defendant's Position re: Request for Production No. 33**

13    AGI has explained in its response to the Request that its tax records or bank statements do not

14   include revenues relating to ink and toner sales *on* Amazon.  This is because AGI does not sell products

15   on Amazon; its customers including the Amazon Seller Companies do.  As a compromise, AGI is

16   producing its tax records and bank statements.  AGI does not have possession, custody, or control of

17   the tax records and bank statements of the Amazon Seller Companies.

18    **3.    Requests Related to John Zhang and Other Employees**

19    **a.    Plaintiff's Position re: L.R. 37-1 Meet and Confer related to RFP No.**

20    **11**

21    Plaintiff has requested documents that seek information related to key employees, as well as

22   email domains used. Plaintiff explained on the meet-and-confer that employee information, including

23   any crossover between employees, is directly relevant to the alter ego analysis. *See Gerritsen v. Warner

24   Bros. Ent't, Inc.*, 116 F.Supp.3d 1104, 1137 (C.D.Cal. 2015). Plaintiff also explained that the Plaintiff

25   has already produced documents to Defendant showing various employee email domains used, and that

26   any additional documents in Defendant's possession are relevant to the alter ego analysis.

27    Defendant represented that it intends to supplement these documents, to the extent they exist.

28   Plaintiff stated that if such documents are supplemented in accordance with the Federal Rules, these

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND
MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS

requests can be retracted from the motion. However, to date, these requests remain deficient, for the reasons set forth below.

**b.    Defendant's Position re: L.R. 37-1 Meet & Confer related to RFP No. 11**

AGI has no comments here.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to identify all email domains used by employees of Defendants.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant further objects to this Request as overly broad and unduly burdensome, because Plaintiff has not established a reasonable basis that Defendant's employees' email domains are relevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, Defendant will produce non-privileged, responsive documents (if they exist) within Defendant's possession, custody, and control that are sufficient to show the email domains used by Aster Graphics Inc. employees.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**a.    Plaintiff's Position re: Request for Production No. 11**

Defendant's response is inadequate. Although Defendant states it "will produce responsive, non-privileged documents," it fails to specify what categories of documents, if any, will be produced. This request seeks "[d]ocuments sufficient to identify all email domains used by employees of Defendants," which is a clear and specific inquiry directly relevant to the issues in this case. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp.

118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and truthfulness in a response and any responses which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding relevance and undue burden are legally insufficient unless supported by specific facts showing the burden, duplication, or undue expense. Defendant provides no such explanation. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Defendant also fails to offer any factual basis for its burden objection, nor has it explained why a request limited to its email domains used by its employees would be unduly burdensome. Further, Defendant offers no legal or factual basis for its objection based on relevance. The request seeks information plainly relevant to the claims in this case – namely, Defendant's business operations and communications, which includes the email domains that were used to conduct business related to Defendant and the alleged alter ego entities. *See Landa v. Simmons,* No. D083814, 2025 WL 1122234, at *5 (Cal. Ct. App. Apr. 16, 2025) (in assessing alter ego, courts consider numerous factors, including "use of the same offices and employees" and "use of one as a mere shell or conduit for the affairs of the other").

Plaintiff and Defendant have already negotiated search terms pertaining to the alleged alter ego brands and entities. Defendant has failed to (1) clarify whether a reasonable and diligent search was performed based on those search terms; (2) address whether responsive documents exist; or (3) produce or identify any responsive documents whatsoever. A party must do more than express generalized unawareness; it must affirm that it conducted a reasonable inquiry and specify the efforts undertaken. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than merely assert that the search was conducted with due

diligence" and "must briefly describe the search to allow the Court to determine whether it was reasonable").

Additionally, Plaintiff produced numerous documents to Defendant showing email domains for various Aster employees, including, but not limited to, PLT_014566; PLT_014726; PLT_014920. There are additional documents that also reflect Aster employee email addresses that were produced. As a result, it is clear that there are numerous employee email domains that have not been produced, and Plaintiff would not have known of them if Plaintiff had not been doing business with Aster. These emails are directly relevant to Plaintiff's claims, as they relate to Defendant's business operations, as well as any shared employees between Defendant and the alleged alter ego entities.

Additionally, there are many instances where employees represent themselves to be Aster Graphics Inc. employees, using both official Aster domain email accounts with Aster Graphics Inc. signature blocks along with other email accounts. For instance, John Zhang was known to Plaintiff ML Products as a sales representative at Aster Graphics Inc., conducting Aster business with ML Products using both a Gmail.com account and an official Aster domain account. (Vogel Decl., Ex. 11). Defendant has failed to explain whether a search has been conducted for all email domains used by Aster Graphics, Inc. employees.

Plaintiff requests that Defendant promptly supplement its response by (i) producing all responsive documents sufficient to identify all email domains used by employees of Defendants, or (ii) confirming that after a diligent search, no such documents exist.

### b.    <u>Defendant's Position re: Request for Production No. 11</u>

AGI has produced responsive documents covered in bates range Aster36597-36599. AGI has further stated in its answer to Plaintiff's interrogatory request that it issues a "goaster.com" email address to all of its employees.  The employees are expected to use their "goaster.com" email to conduct official business for Aster Graphics, Inc.

///

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS

4.    **Requests Related to Defendant's Communications Records, Including Review Tracking and Manipulation**

a.    <u>**Plaintiff's Position re: L.R. 37-1 Meet and Confer related to RFP Nos. 36, 38, 40, 44**</u>

Plaintiff has alleged that Defendant is engaging in conduct relating to manipulation of ratings and reviews of ink and toner products on Amazon. Plaintiff has produced documents to Defendant showing Defendant's involvement in this alleged conduct. Plaintiff explained on the meet-and-confer call that any documents showing customer and third-party communications related to Amazon sales of ink and toner, including communications pertaining to reviews related to such sales, are clearly relevant to Plaintiff's claims and the allegations in the Complaint. Plaintiff further explained that such documents must include Defendant as well as any of the alleged alter ego entities, as Plaintiff's theory is that Defendant is perpetuating this misconduct of review manipulation and paid for reviews through the alleged alter ego entities and brands. Plaintiff stated that since the parties have already negotiated search terms, Defendant cannot claim it suffers a burden in producing these documents.

In response, Defendant stated that it will not produce documents related to the alleged alter ego entities in its possession, custody and control.

Defendant's responses remain deficient, for the reasons set forth below.

b.    <u>**Defendant's Position re: L.R. 37-1 Meet & Confer related to RFP Nos. 36, 38, 40, 44**</u>

Plaintiff mischaracterizes AGI's position.  AGI agrees to produce responsive documents within its "possession, custody, or control" if a document request is not otherwise objectionable. AGI has also stated it does not have "control" over the operational documents belonging to the Amazon Seller Companies. AGI has maintained this position consistently since March 2024.

<u>**REQUEST FOR PRODUCTION NO. 36:**</u>

All documents concerning any offer of compensation, free or discounted merchandise, gift cards, or any other consideration offered or provided in exchange for product reviews, or to change or delete product reviews, on Amazon.

### DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant objects to this Request to the extent it seeks information disproportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)"). Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages.

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

### a.      Plaintiff's Position re: Request for Production No. 36

Defendant' s refusal to produce any documents responsive to this narrowly tailored request is evasive, legally unsupported, and fails to comply with its discovery obligations under the Federal Rules of Civil Procedure. This request seeks "[d]ocuments concerning any offer of compensation, free or discounted merchandise, gift cards, or any other consideration offered or provided in exchange for product reviews, or to change or delete product reviews, on Amazon," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer fails to satisfy Defendant's obligations. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and

truthfulness in a response and any responses which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding relevance and proportionality are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Additionally, objections based on "all documents" language are not a valid basis for refusal to answer where the subject matter is narrowly framed and plainly relevant to the claims. The request specifically identifies the categories of information sought – compensation, free or discounted merchandise, gift cards, or other considerations offered in exchange for Amazon product reviews.

In addition, Plaintiff produced to Defendant spreadsheets[7] where it is clear that employees of Aster Graphics, Inc. were tracking reviews. Specifically, in PLT000005, Becky Anderson and John Zhang, Aster Graphics, Inc. employees, sent spreadsheets, including translated version PLT000003, where they are tracking reviews and offering compensation to consumers on Amazon for their reviews. (Vogel Decl., Exs. 4-5). Additionally, Plaintiff provided the Defendant with a letter sent from Defendant, offering an Amazon e-gift card in exchange for a positive review after the customer purchased a True Image brand toner, one of the alleged alter ego brands, on Amazon. (Vogel Decl., Ex. 12). There may be other relevant documents that Defendant has not produced.

Plaintiff requests that Defendant promptly supplement its response by (i) producing all responsive documents concerning any offer of compensation, free or discounted merchandise, gift cards, or any other consideration offered or provided in exchange for product reviews, or to change or

---

[7] Defendant's position is that these spreadsheets were not sent from "goaster.com" email addresses, and that is dispositive that these were not Aster employees. However, as stated *supra,* Plaintiff is aware of, and produced documents to Defendant, substantiating that Aster employees were conducting business through personal email domains. In addition, the True Image letter was sent from Defendant's address registered with the Secretary of State, and there is no indication that this address is shared by other unrelated entities.

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS

delete product reviews, on Amazon, or (ii) confirming that after a diligent search, no such documents exist.

### b.   Defendant's Position re: Request for Production No. 36

The requested documents belong to the Amazon Seller Companies.  AGI has stated it does not have control over the operational documents belonging to the Amazon Seller Companies.  AGI has maintained this position consistently since March 2024.

Plaintiff points to a few documents it produced which purportedly show AGI employees were involved in the Amazon operations.  Assuming these documents are authentic (which AGI has no way of knowing before deposition), the records produced do not suggest that they involve AGI employees.  For example, the Becky Anderson email to John Zhang is a standalone email (with attachments) which does not copy any others.  Neither Ms. Anderson nor Mr. Zhang used goaster.com email addresses.  The True Image letter does not indicate that it was issued by an AGI employee.  At any rate, the parties have negotiated and agreed upon a set of keywords.  AGI has accordingly performed searches of its custodians' email and WeChat records including keywords related to these individuals.  AGI has already produced the search results.

### REQUEST FOR PRODUCTION NO. 38:

All documents concerning customer reviews, product ratings, Best Seller ratings, or sales estimates or figures for any ink or toner product sold or offered for sale on Amazon by any seller other than you.

### DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant objects to this Request to the extent it seeks information disproportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)"). Defendant objects to Plaintiff's Requests to the extent they seek information that is equally accessible to, or readily available to, Plaintiff, including but not limited to documents available from publicly-

-42-

accessible websites or documents already in the possession, custody, or control of Plaintiff.

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

### a.     Plaintiff's Position re: Request for Production No. 38

Defendant's refusal to produce any documents responsive to this request is evasive, legally unsupported, and fails to comply with its discovery obligations under the Federal Rules of Civil Procedure. This request seeks "documents concerning customer reviews, product ratings, Best Seller ratings, or sales estimates or figures for any ink or toner product sold or offered for sale on Amazon by any seller other than [Defendant]," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer fails to satisfy Defendant's obligations. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and truthfulness in a response and any responses which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding proportionality, relevance, and public accessibility are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

1      Furthermore, the Federal Rules do not permit a responding party to withhold relevant

2  discovery merely because the information may also be obtainable through public channels. Courts

3  have repeatedly rejected the notion that public availability excuses a party from its obligation to

4  produce materials within its possession, custody, or control. *See Thomas v. Hickman*, No. 106-CV-

5  00215-AWI-SMS, 2007 WL 4302974, at *19 (E.D. Cal. Dec. 6, 2007) (rejecting the argument that

6  production may be refused where documents are publicly available or accessible to the requesting

7  party); *Bretana v. Int'l Collection Corp.*, No. C07-05934 JF (HRL), 2008 WL 4334710, at *5-6 (N.D.

8  Cal. Sept. 22, 2008) (holding that a party cannot validly object to producing discovery merely because

9  the information exists in public records); *see also U.S. S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 577

10  (M.D.N.C. 2002) (Rule 33(d) does not apply where the information is not readily ascertainable from

11  business records or where a narrative response is necessary).

12      Defendant offers no legal or factual basis for its objection based on relevance. The request

13  seeks information plainly relevant to the claims in this case – namely, Plaintiff's allegations of

14  deceptive marketplace conduct, the operation of alter ego entities, and incentivized or manipulated

15  product reviews. To date, Defendant has not produced responsive documents as to all aspects of the

16  request. *See* Fed.R.Civ. P.26(a)(1)(requiring a party to produce "a copy of, or a description by

17  category and location of, all documents, electronically stored information, and tangible things that are

18  in the possession, custody, or control of the party and that the disclosing party may use to support its

19  claims or defenses..."); *QC Labs v. Green Leaf Lab, LLC*, No. 818CV01451JVSJDEX, 2019 WL

20  6797250, at *5 (C.D. Cal. July 19, 2019) (citation, internal quotations omitted) (shared control of

21  documents held in another corporation's care are key factors in evaluating alter ego and agency

22  relationships); *Q Indus., Inc. v. O'Reilly Auto., Inc.*, No. CV223791HDVPVCX, 2023 WL 5505889, at

23  *9 (C.D. Cal. July 28, 2023) (citation, internal quotations omitted).

24      Additionally, objections based on "all documents" language are not a valid basis for refusal to

25  answer where the subject matter is narrowly framed and plainly relevant.  Defendant's citation to

26  *Mailhoit v. Home Depot* is misplaced; that case concerned facially overbroad and vague requests. In

27  contrast, this request specifically targets documents evidencing review manipulation tactics on

28  Amazon, a core issue related to Plaintiff's claims.

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND
MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS

1    Defendant has failed to (1) clarify whether a reasonable and diligent search was performed; (2)

2    address whether responsive documents exist; or (3) produce or identify any responsive documents

3    whatsoever. A party must do more than express generalized unawareness; it must affirm that it

4    conducted a reasonable inquiry and specify the efforts undertaken. *See VeroBlue Farms USA Inc. v.*

5    *Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable

6    inquiry … and if no responsive documents or tangible things exist … so state with sufficient

7    specificity to allow the Court to determine whether … a reasonable inquiry and … due diligence" were

8    exercised); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do

9    more than merely assert that the search was conducted with due diligence" and "must briefly describe

10   the search to allow the Court to determine whether it was reasonable").

11    In addition, Plaintiff produced to Defendant spreadsheets where it is clear that employees of

12   Aster Graphics, Inc. were tracking reviews. Specifically, in PLT000005, Becky Anderson and John

13   Zhang, Aster Graphics, Inc. employees, sent spreadsheets, including translated version PLT000003,

14   where they are tracking reviews and offering compensation to consumers on Amazon for their reviews.

15   (Vogel Decl., Exs. 4-5). Additionally, Plaintiff provided the Defendant with a letter sent from

16   Defendant, offering an Amazon e-gift card in exchange for a positive review after the customer

17   purchased a True Image brand toner, one of the alleged alter ego brands, on Amazon. (Vogel Decl., Ex.

18   12). There may be other relevant documents that Defendant has not produced.

19    Plaintiff requests that Defendant promptly supplement its response by (i) producing all

20   responsive documents concerning customer reviews, product ratings, Best Seller ratings, or sales

21   estimates or figures for any ink or toner product sold or offered for sale on Amazon by any seller other

22   than Defendant, or (ii) confirming that after a diligent search, no such documents exist.

23    **b.    Defendant's Position re: Request for Production No. 38**

24    First, AGI objects to this request on the grounds that it is overly broad and seeks information

25   that is not proportional to the needs of the case. The request seeks "*all documents concerning customer*

26   *reviews*, product ratings, Best Seller ratings, or sales estimates or figures for *any* ink or toner product

27   *sold or offered for sale on Amazon by any seller*" other than AGI.  The request on its face covers *any*

28   sellers who offer toner/ink cartridge products online – companies such as HP, Canon, Brother.  The

-45-

request on its face covers Amazon customer reviews for any products such as customer reviews for all toner models that HP offers for sale on Amazon. Contrary to Plaintiff's assertions, this request as drafted does *not* specifically target documents evidencing review manipulation tactics on Amazon by AGI, or even its affiliated Amazon Seller Companies.

To the extent that Plaintiff is amenable to limiting the scope of this request to Amazon Seller Companies (which Plaintiff has not stated during the parties past meet and confer discovery conferences), the requested documents clearly belong to the Amazon Seller Companies. AGI has stated it does not have control over the operational documents belonging to the Amazon Seller Companies. AGI has maintained this position consistently since March 2024.

Plaintiff points to a few documents it produced which purportedly show AGI employees were involved in the Amazon operations. Assuming these documents are authentic (which AGI has no way of knowing before deposition), the records produced do not suggest that they involve AGI employees. For example, the Becky Anderson email to John Zhang is a standalone email (with attachments) which does not copy any others. Neither Ms. Anderson nor Mr. Zhang used goaster.com email addresses. The True Image letter does not indicate that it was issued by an AGI employee. At any rate, the parties have negotiated and agreed upon a set of keywords. AGI has accordingly performed searches of its custodians' email and WeChat records including keywords related to these individuals. AGI has already produced the search results.

### REQUEST FOR PRODUCTION NO. 40:

All documents concerning any attempted or actual communication between you and any customer concerning Amazon reviews or ratings.

### DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant objects to this Request to the extent it seeks information disproportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009)

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS

("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

### a.    <u>Plaintiff's Position re: Request for Production No. 40</u>

Defendant' s refusal to produce any documents responsive to this narrowly tailored request is evasive, legally unsupported, and fails to comply with its discovery obligations under the Federal Rules of Civil Procedure. This request seeks "documents concerning any attempted or actual communication between [Defendant] and any customer concerning Amazon reviews or ratings," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer fails to satisfy Defendant's obligations. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and truthfulness in a response and any responses which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding relevance and proportionality are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

1    Defendant offers no legal or factual basis for its objection based on relevance. The request seeks

2    information plainly relevant to the claims in this case – namely, Plaintiff's allegations of deceptive

3    marketplace conduct, the operation of alter ego entities, and incentivized or manipulated product

4    reviews. To date, Defendant has not produced responsive documents as to all aspects of the request.

5    Fed.R.Civ. P.26(a)(1)(requiring a party to produce "a copy of, or a description by category and location

6    of, all documents, electronically stored information, and tangible things that are in the possession,

7    custody, or control of the party and that the disclosing party may use to support its claims or

8    defenses..."); *QC Labs v. Green Leaf Lab, LLC*, No. 818CV01451JVSJDEX, 2019 WL 6797250, at *5

9    (C.D. Cal. July 19, 2019) (citation, internal quotations omitted) (shared control of documents held in

10   another corporation's care are key factors in evaluating alter ego and agency relationships); *Q Indus.,*

11   *Inc. v. O'Reilly Auto., Inc.*, No. CV223791HDVPVCX, 2023 WL 5505889, at *9 (C.D. Cal. July 28,

12   2023) (citation, internal quotations omitted).

13   Additionally, objections based on "all documents" language are not a valid basis for refusal to

14   answer where the subject matter is narrowly framed and plainly relevant to the claims. The request

15   specifically identifies the categories of information sought – communications related to Amazon ratings

16   or reviews. Defendant's citation to *Mailhoit v. Home Depot* is misplaced; that case concerned facially

17   overbroad and vague requests. In contrast, this request specifically targets documents evidencing

18   review manipulation tactics on Amazon, a core issue related to Plaintiff's claims.

19   Defendant has failed to (1) clarify whether a reasonable and diligent search was performed; (2)

20   address whether responsive documents exist; or (3) produce or identify any responsive documents

21   whatsoever. A party must do more than express generalized unawareness; it must affirm that it

22   conducted a reasonable inquiry and specify the efforts undertaken. *See VeroBlue Farms USA Inc. v.*

23   *Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable

24   inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity

25   to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised);

26   *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than

27   merely assert that the search was conducted with due diligence" and "must briefly describe the search

28   to allow the Court to determine whether it was reasonable").

In addition, Plaintiff produced to Defendant spreadsheets where it is clear that employees of Aster Graphics, Inc. were tracking reviews. Specifically, in PLT000005, Becky Anderson and John Zhang, Aster Graphics, Inc. employees, sent spreadsheets, including translated version PLT000003, where they are tracking reviews and offering compensation to consumers on Amazon for their reviews. (Vogel Decl., Exs. 4-5). Additionally, Plaintiff provided the Defendant with a letter sent from Defendant, offering an Amazon e-gift card in exchange for a positive review after the customer purchased a True Image brand toner, one of the alleged alter ego brands, on Amazon. (Vogel Decl., Ex. 12). There may be other relevant documents that Defendant has not produced.

Plaintiff requests that Defendant promptly supplement its response by (i) producing all responsive documents concerning any attempted or actual communication between Defendant and any customer concerning Amazon reviews or ratings, or (ii) confirming that after a diligent search, no such documents exist.

### b.    Defendant's Position re: Request for Production No. 40

The requested documents belong to the Amazon Seller Companies.  AGI has stated it does not have control over the operational documents belonging to the Amazon Seller Companies.  AGI has maintained this position consistently since March 2024.

Plaintiff points to a few documents it produced which purportedly show AGI employees were involved in the Amazon operations.  Assuming these documents are authentic (which AGI has no way of knowing before deposition), the records produced do not suggest that they involve AGI employees. For example, the Becky Anderson email to John Zhang is a standalone email (with attachments) which does not copy any others.  Neither Ms. Anderson nor Mr. Zhang used goaster.com email addresses. The True Image letter does not indicate that it was issued by an AGI employee.  At any rate, the parties have negotiated and agreed upon a set of keywords.  AGI has accordingly performed searches of its custodians' email and WeChat records including keywords related to these individuals.  AGI has already produced the search results.

///

-49-

**REQUEST FOR PRODUCTION NO. 44:**

All documents concerning communications with third parties concerning Amazon product reviews or ratings, including but not limited to communications with Rebates and any person or group on Facebook or other social media platform.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation. Defendant objects to the undefined term "Rebates," which is vague and ambiguous and fails to describe with reasonable particularity the documents or things sought by Plaintiff. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant objects to this Request to the extent it seeks information disproportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." See Mailhoit v. Home Depot U.S.A., Inc., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to In re Asbestos Products Liability Litigation (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

a.    **Plaintiff's Position re: Request for Production No. 44**

Defendant' s refusal to produce any documents responsive to this narrowly tailored request is evasive, legally unsupported, and fails to comply with its discovery obligations under the Federal Rules of Civil Procedure. This request seeks "documents concerning communications with third parties concerning Amazon product reviews or ratings, including but not limited to communications with Rebates and any person or group on Facebook or other social media platform," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer fails to satisfy Defendant's obligations. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v.*

1  *Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance

2  to information that is from sources within his control") (citation omitted); *Dulansky v. Iowa-Illinois*

3  *Gas & Elec. Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and

4  truthfulness in a response and any responses which seeks to evade or avoid … will not be

5  countenance.")

6          Boilerplate objections regarding relevance and proportionality are legally insufficient unless

7  supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such

8  explanation. Furthermore, objections claiming that terms such as "Rebates" are "vague and ambiguous"

9  are plainly meritless. As courts have repeatedly held, "[w]here the responding party provides a

10 boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any

11 objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999);

12 *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

13         Defendant offers no legal or factual basis for its objection based on relevance. The request seeks

14 information plainly relevant to the claims in this case – namely, Plaintiff's allegations of deceptive

15 marketplace conduct, the operation of alter ego entities, and incentivized or manipulated product

16 reviews . To date, Defendant has not produced responsive documents as to all aspects of the request.

17         Additionally, objections based on "all documents" language are not a valid basis for refusal to

18 answer where the subject matter is narrowly framed and plainly relevant to the claims. The request

19 specifically identifies the categories of information sought – documents related to communications with

20 third-parties regarding ratings and reviews. Defendant's citation to *Mailhoit v. Home Depot* is

21 misplaced; that case concerned facially overbroad and vague requests. In contrast, this request

22 specifically targets documents evidencing review manipulation tactics on Amazon, a core issue related

23 to Plaintiff's claims.

24         Defendant has failed to (1) clarify whether a reasonable and diligent search was performed; (2)

25 address whether responsive documents exist; or (3) produce or identify any responsive documents

26 whatsoever. A party must do more than express generalized unawareness; it must affirm that it

27 conducted a reasonable inquiry and specify the efforts undertaken. *See VeroBlue Farms USA Inc. v.*

28 *Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable

-51-

1  inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity

2  to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised);

3  *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than

4  merely assert that the search was conducted with due diligence" and "must briefly describe the search

5  to allow the Court to determine whether it was reasonable").

6       In addition, Plaintiff produced to Defendant spreadsheets where it is clear that employees of

7  Aster Graphics, Inc. were tracking reviews. Specifically, in PLT000005, Becky Anderson and John

8  Zhang, Aster Graphics, Inc. employees, sent spreadsheets, including translated version PLT000003,

9  where they are tracking reviews and offering compensation to consumers on Amazon for their reviews.

10  (Vogel Decl., Exs. 4-5). Additionally, Plaintiff provided the Defendant with a letter sent from

11  Defendant, offering an Amazon e-gift card in exchange for a positive review after the customer

12  purchased a True Image brand toner, one of the alleged alter ego brands, on Amazon. (Vogel Decl., Ex.

13  12). There may be other relevant documents that Defendant has not produced.

14       Plaintiff requests that Defendant promptly supplement its response by (i) producing all

15  responsive documents concerning communications with third parties concerning Amazon product

16  reviews or ratings, including but not limited to communications with Rebates and any person or group

17  on Facebook or other social media platform, or (ii) confirming that after a diligent search, no such

18  documents exist.

19            **b.**     <u>**Defendant's Position re: Request for Production No. 44**</u>

20       The requested documents belong to the Amazon Seller Companies.  AGI has stated it does not

21  have control over the operational documents belonging to the Amazon Seller Companies.  AGI has

22  maintained this position consistently since March 2024.

23       Plaintiff points to a few documents it produced which purportedly show AGI employees were

24  involved in the Amazon operations.  Assuming these documents are authentic (which AGI has no way

25  of knowing before deposition), the records produced do not suggest that they involve AGI employees.

26  For example, the Becky Anderson email to John Zhang is a standalone email (with attachments) which

27  does not copy any others.  Neither Ms. Anderson nor Mr. Zhang used goaster.com email addresses.

28  The True Image letter does not indicate that it was issued by an AGI employee.  At any rate, the parties

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND
MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS

1    have negotiated and agreed upon a set of keywords.  AGI has accordingly performed searches of its

2    custodians' email and WeChat records including keywords related to these individuals.  AGI has

3    already produced the search results.

4         **5.**     **Conclusions Re: Requests for Production**

5         **a.**     <u>**Plaintiff's Conclusion**</u>

6         These responses do not meet the requirements of Federal Rule of Civil Procedure 34 because

7    Defendant has not established a good faith effort to search for and produce responsive documents and

8    materials. If Defendant is stating that no further documents exist, the responses should state that a

9    diligent search and reasonable inquiry has been made in an effort to locate the requested documents,

10   and the response should also provide the reasons why Defendant is unable to comply; e.g., the

11   documents never existed, have been lost, or are not in Defendant's possession, custody or control. etc.

12   *See* Adv. Comm. Notes to 2015 Amendments to Fed. R. Civ. P. 34; *Hash v. Cate*, 2012 WL 6043966,

13   at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from

14   sources within his control") (citation omitted). Defendant's representation that it is "unaware of

15   responsive documents" is therefore not sufficient. Moreover, the responses must indicate that a search

16   was conducted as to Defendant and the alleged alter ego entities and brands, since the parties have

17   negotiated search terms, and the alter ego claim remains at issue.

18        Plaintiff's requests are clearly relevant to the litigation. Relevancy should be "construed

19   'liberally and with common sense' and discovery should be allowed unless the information sought has

20   no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D.Cal. 1995)

21   (quoting *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D.Cal. 1992)). Plaintiff has requested documents,

22   including documents related to the alleged alter ego entities, employee information and email domains,

23   financial information, and communications related to Defendant's business, including communications

24   related to the alleged misconduct of tracking and offering compensation for Amazon reviews related to

25   ink and toner sales. These documents have a direct bearing on the allegations set forth in the Complaint,

26   as set forth *supra*, and Plaintiff has already produced numerous documents to Defendant, including

27   review tracking spreadsheets, employee emails, emails between Plaintiff and Defendant regarding the

28   sale of ink and toner and rebate program for Amazon sellers, and importation records, showing that

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND
MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS

Plaintiff is aware that documents relevant to Plaintiff's claims exist that have not been produced, in direct violation of Defendant's discovery obligations. After multiple meet-and-confer efforts and discovery conferences, Defendant has no basis to withhold these documents, or confirm the extent and scope of their search.

Plaintiff therefore asks for the Court to order Defendant to provide amended responses to Document Request Nos. 3, 9, 12, 21, 22, 23, 25, 33, 36, 38, 40, and 44 to confirm that it has made a diligent search and reasonable inquiry for the requested documents, and that it has produced all responsive documents in its possession, custody and control. If Defendant is unable to produce any of the requested documents, the response must state why and explain the steps taken to try to obtain the documents.

### b.   <u>Defendant's Conclusion</u>

Plaintiff's discovery push against AGI is ill guided on the assumption that AGI has within its possession, custody, or control of the "core" documents supporting Plaintiff's false advertisement/unfair competition claims – documents such as its employees commissioning fake reviews.  AGI has maintained consistent legal positions on this issue – that Plaintiff's assumption is wrong.  Moreover, AGI has produced responsive documents so that Plaintiff may explore the alleged alter ego relationships between AGI and the real target of Plaintiff's lawsuit – the Amazon Seller Companies. Finally, AGI has negotiated with Plaintiff and agreed to perform searched on emails and WeChat records based on agreed upon search terms. AGI has produced the search results.  For these reasons, Defendant AGI submits that it has complied with its discovery obligations.

## IV.   PLAINTIFF REQUESTS SANCTIONS FOR DEFENDANTS' DISCOVERY CONDUCT

### A.   <u>Plaintiff's Position On Sanctions For Violating Discovery Obligations For Failure To Respond To Requests for Production</u>

If parties are unable to resolve the above disputes, Plaintiff intends to ask the Court for relief including sanctions.

#### 1.   Sanctions Under FRCP 37

Courts in this circuit routinely hold a party's bad faith refusal to participate in discovery sanctionable. For instance, in *Rago v. Select Comfort Retail Corp.*, No. 519CV02291FMOSPX, 2021

WL 3621890, at *7–10 (C.D.Cal. June 11, 2021), the court imposed evidentiary and monetary sanctions due to the plaintiff's "repeated failures to comply with her discovery obligations to produce responsive documents." In that case, the plaintiff represented in written discovery that there were no additional responsive documents, and then belatedly produced additional responsive documents. *Id.* at *7. The court found it was the plaintiff's burden "to show [the] delay in producing the responsive documents was substantially justified or harmless." *Id.* at *8. In the absence of a reasonable showing, the court issued evidentiary and monetary sanctions, finding that the "defendant has experienced prejudice due to plaintiff's failure to timely produce these documents, since it has been denied the ability to timely investigate and question plaintiff about the late produced documents, use the documents in defendant's MSJ, fully prepare for [] trial, prepare its experts and prepare for plaintiff's experts, and trust that plaintiff's disclosures are authentic and complete." *Id.* It added that "the documents should have been produced before the September and November 2020 fact and expert discovery cutoffs, and plaintiff should not be able to rely on documents defendant did not receive in time to fully investigate and use." *Id*. at *9 (citing Fed. R. Civ. P. 37(c)(1)). In addition, the court held that "given that plaintiff has repeatedly failed to timely disclose responsive documents relied upon by her experts and supplement her discovery responses, monetary sanctions are well warranted." *Id.* at *10.

Here, Defendant has not produced all relevant, responsive documents pertaining to its finances, communications, including review tracking records, employees, and the alleged alter ego entities in a timely fashion. Plaintiff has wasted significant time and resources in meet and confer and discovery compliance efforts with the Court. *See Maxlite, Inc. v. ATG Elecs.*, *Inc.,* No. 82001056MCSADSX, 2022 WL 2176511, at *2–3 (C.D.Cal. Mar. 21, 2022) (imposing monetary sanctions pursuant to Rule 37 where there was "unnecessary briefing and use of judicial resources" to resolve the discovery issues). Plaintiff is also in possession of responsive documents that Defendant has not produced, such as documents related to and reviews and ratings, employee emails and communications, involvement with alleged alter ego brands and entities, as well as importation records, as mentioned *supra*. Plaintiff has significant concerns with Defendant's lack of good-faith in the discovery process, because if Plaintiff had not been in possession of these documents and produced them to Defendant, Plaintiff would have never known that

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS

they existed. Defendant's egregious conduct and "hide-the-ball" discovery tactics, especially related to documents that are directly relevant to the unlawful conduct alleged in the Complaint, warrant the imposition of sanctions.

Because Plaintiff has been prejudiced, the court should impose monetary sanctions, as well as appropriate evidentiary sanctions under Rule 37. *See Daniels v. Securitas Sec. Servs. USA, Inc.,* No. 8:18-CV-265-CJC (SK), 2021 WL 6499981, at *1 (C.D.Cal. Nov. 4, 2021) (finding that "any responsive documents produced late without good reason for why it was not searched for and produced sooner may subject the responding parties to sanctions under Rule 37"); *AECOM Energy & Constr., Inc. v. Topolewski,* No. 217CV05398RSWLAGRX, 2022 WL 595937, at *5 (C.D.Cal. Feb. 25, 2022) (imposing evidentiary sanctions because defendants "continuously refused to comply with Plaintiff's discovery requests").

### 2.    The Court May Impose Sanctions Pursuant to its Inherent Authority

 In addition to Rule 37, courts may impose sanctions pursuant to their own authority. Courts have "inherent authority to issue sanctions in response to abusive litigation practices." *Garrison*, 2020 WL 6537389 at *4 (citing *Leon*, 464 F.3d at 958). This includes the "inherent power to sanction parties and their attorneys, a power born of the practical necessity that courts be able 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Van Osten v. Home Depot, U.S.A., Inc*., 2021 WL 3471581, at *14 (S.D.Cal. May 4, 2021) (quoting *Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991)).

Here, Defendant has refused to confirm that it has produced all non-privileged, relevant documents in direct contravention of their discovery obligations. Such refusal continues even after the parties have negotiated search terms and narrowed the temporal scope. Additionally, Plaintiff is aware of relevant documents, such as documents related to reviews and ratings, employee emails and communications, the alleged alter ego entities and importation records, that Defendant has not produced. Plaintiff thus has reason to believe there may be other relevant documents that Defendant is withholding, and Defendant refuses to confirm what it has searched and what its production to date covers. This conduct warrants sanctions pursuant to this Court's own inherent authority. *See Carson Cheng v. AIM Sports, Inc*., No. CV103814PSGPLAX, 2011 WL 13175663, at *11 (C.D.Cal. Aug. 23, 2011) (issuing

monetary and evidentiary sanctions pursuant to the court's inherent authority due to defendants' "discovery abuse" related to failure to produce responsive documents, thereby "delay[ing] the resolution of [the] litigation").

While it is ultimately within the court's discretion to decide what sanctions are appropriate to remedy Defendants' litigation abuses, Plaintiff asks this Court to issue evidentiary sanctions, including sanctions that Defendants may not rely on documents not produced at trial. *See Vizio, Inc. v. Desay A&V Sci. & Tech. Co.,* No. SACV1400874JVSDFMX, 2016 WL 11760672, at *3 (C.D.Cal. Apr. 18, 2016) (ordering evidentiary sanctions for party's discovery abuses, including precluding party from introducing withheld documents at trial). In addition, Plaintiff should be awarded monetary sanctions in the form of attorney's fees and costs. *Id.* at *4.

### 3.    Monetary and Evidentiary Sanctions Should Be Awarded For Defendants' Bad Faith Violations Of Their Discovery Duties

Monetary sanctions are appropriate for Defendants' failure to satisfy their discovery obligations. *See Wyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585, 589 (9th Cir. 1983) (stating that "Federal Rule of Civil Procedure 37 authorizes the district court, in its direction, to impose a wide range of sanctions where a party fails to comply with the rules of discovery…") (collecting cases); *see also Premiere Innovations, Inc. v. IWAS Indus., LLC,* No. 07CV1083-BTM (BLM), 2009 WL 10725749, at *2 (S.D. Cal. May 8, 2009) (under Rule 37, federal courts have "considerable discretion to fashion appropriate remedies, including monetary and evidentiary sanctions, for discovery violations"). Plaintiff requests that the Court order a briefing schedule to address its request for monetary sanctions.

Plaintiff thus seeks assistance from the Court ordering that (1) Defendant is to respond to the outstanding discovery at issue, including supplementing documents related to Defendant's finances, employee information, communications, including those related to review tracking and compensation, and the alleged alter ego entities as set forth herein and (2) Defendant is required to pay monetary sanctions as well as be subject to evidentiary sanctions that the Court deems appropriate based on Defendant's ongoing discovery violations.

///

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS

**B.**    **Defendants' Position On Sanctions For Violating Discovery Obligations For Failure To Respond To Requests for Production**

    **1.**    **Sanctions Under Rule 37, Including Monetary and Evidentiary Sanctions, Are Unwarranted**

Defendant AGI disputes Plaintiff's characterization that it engaged in "egregious conduct" and "hide-the-ball" discovery tactics. AGI has complied with many of Plaintiff's requests for documents exploring the alter ego relationship between AGI and the real target of Plaintiff's lawsuit – the Amazon Seller Companies. For example, AGI has produced its ADP records. AGI has produced its incorporation and other corporate documents. AGI has produced sample invoices issued to the Amazon Seller Companies and documents showing shipments made by AGI to the Amazon Seller Companies' customers. AGI has produced its own trademark documents. AGI has produced its profit/loss statements and balance sheets. AGI even produced sample import/custom document (despite its relevance objections).

Plaintiff's grievances appear to arise from its frustration at not receiving from AGI the core documents relating to its false advertisement/unfair competition claim – documents evidencing the alleged misconducts such as the Amazon Seller Companies commissioning fake review. Here, Plaintiff's discovery push against AGI is ill guided, given especially AGI's consistent representation that it does not have within its possession, custody, or control of these "core" documents. To address Plaintiff's request for e-discovery, AGI has further negotiated with Plaintiff and agreed to perform searches on emails and WeChat records based on agreed upon search terms. AGI has produced the search results.

Plaintiff claims prejudice and blames AGI for causing such prejudice. Yet it is Plaintiff who chooses to pursue discovery against AGI. Plaintiff could have pursued third party discovery against the Amazon Seller Companies last spring; Plaintiff could have amended the Complaint last summer and added the Amazon Seller Companies to the Complaint thus subject them to party discovery. Plaintiff has not pursued any of these discoveries diligently. Plaintiff may not fault AGI at the 11th hour for a litigation strategy it has chosen and executed.

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS

### 2. Sanctions Under the Court's Inherent Authority Are Unwarranted

Defendant AGI does not dispute the Court has an inherent authority to award sanctions.  For reasons stated above, AGI submits that it is Plaintiff who has not conducted meet and confer conferences in an efficient and productive manner.  It is Plaintiff who has chosen a discovery strategy that is not yielding the results it hoped for; AGI did not stand in its way.  Sanctions against AGI are not warranted under these circumstances.

### 3. Monetary and Evidentiary Sanctions Are Unwarranted

For reasons stated above, AGI submits that it is Plaintiff who has not conducted meet and confer conferences in an efficient and productive manner.  It is Plaintiff who has chosen a discovery strategy that is not yielding the results it hoped for; AGI did not stand in its way.  Monetary sanctions against AGI are not warranted under these circumstances.  With respect to the specific evidentiary sanctions that Plaintiff requests, AGI submits it is premature for the Court to decide at this juncture.

## V. CONCLUSIONS

### A. Plaintiff's Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Court order Defendant to respond to the outstanding discovery at issue, including supplementing documents related to Defendant's finances, employee information, communications, including those related to review tracking and compensation, and the alleged alter ego entities. Additionally, Plaintiff requests that this Court order Defendant to pay monetary sanctions as well as impose evidentiary sanctions that the Court deems appropriate based on Defendant's ongoing discovery violations.

### B. Defendant's Conclusion

For the foregoing reasons, Defendant AGI respectfully requests that this Court deny Plaintiff's motion to compel additional production from AGI and deny Plaintiff's request for monetary and evidentiary sanctions against Defendant AGI.

///

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS

DATED: July 10, 2025                    **McCUNE LAW GROUP, APC**


                                        By:  /s/ Dana R. Vogel
                                            Dana R. Vogel (*Pro Hac Vice*)
                                            drv@mccunelawgroup.com
                                            Connor P. Lemire (*Pro Hac Vice*)
                                            cpl@mccunelawgroup.com
                                            2415 East Camelback Road, Suite 850
                                            Phoenix, Arizona 85016
                                            Telephone: 909-557-1250

                                            Richard D. McCune (SBN 132124)
                                            rdm@mccunelawgroup.com
                                            Valerie L. Savran (SBN334190)
                                            vls@mccunelawgroup.com
                                            Andy Van Ligten (SBN 348696)
                                            avl@mccunelawgroup.com
                                            Brandon Keshish (SBN 351254)
                                            bk@mccunelawgroup.com
                                            3281 East Guasti Road, Suite 100
                                            Ontario, California 91761
                                            Telephone: (909) 557-1250

                                            *Attorneys for Plaintiff ML Products, Inc*


DATED: July 10, 2025                    **SCIENBIZIP, P.C.**


                                        By:  /s/ Hua Chen (with permission)
                                            Hua Chen, Esq.
                                            550 S. Hope Street, Suite 2825
                                            Los Angeles, California 90071
                                            huachen@scienbizippc.com

                                            Geoffrey T. Stover, Esq.
                                            **AXS LAW GROUP LA LLP**
                                            6080 Center Drive, Suite 210
                                            Los Angeles, California 90045
                                            Geoff@axslawgroup.com

                                            *Attorneys for Defendants Aster Graphics, Inc., et al.*

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND
MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS

## **L.R. 5-4.3.4 Attestation**

The electronic filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  July 10, 2025                                  /s/ Dana R. Vogel
                                                     Dana R. Vogel

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND
MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS