Richard D. McCune (State Bar No. 132124)
rdm@mccunelawgroup.com
Valerie L. Savran (State Bar No. 334190)
vls@mccunelawgroup.com
Andy Van Ligten (State Bar No. 348696)
avl@mccunelawgroup.com
Brandon Keshish (State Bar No. 351254)
bk@mccunelawgroup.com
**MCCUNE LAW GROUP, APC**
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250

Dana R. Vogel (*Pro Hac Vice*)
drv@mccunelawgroup.com
Connor P. Lemire (*Pro Hac Vice*)
cpl@mccunelawgroup.com
**MCCUNE LAW GROUP, APC**
2415 East Camelback Road, Suite 850
Phoenix, Arizona 85016
Telephone: 909-557-1250

*Attorneys for Plaintiff ML Products, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ML PRODUCTS INC.,<br><br>Plaintiff,<br><br>v.<br><br>ASTER GRAPHICS, INC., et al.,<br><br>Defendants. | Case No. 5:23-cv-02094-MEMF-DTB<br><br>**DECLARATION OF DANA R. VOGEL IN SUPPOERT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS**<br><br>**DISCOVERY MATTER**<br><br>Hearing Date: August 21, 2025<br>Time: 10:00 a.m.<br>Courtroom: 4<br>Judge: Hon. David T. Bristow<br><br>Discovery Cut-Off: August 27, 2025<br>Final Pre-Trial Conference: February 11, 2026<br>Trial Date: March 2, 2026 |

## DECLARATION OF DANA R. VOGEL

I, Dana R. Vogel, hereby declare as follows:

1.      I am an attorney admitted to practice in the State of Arizona. I have been admitted pro hac vice in this case. I am an attorney with the McCune Law Group, counsel for Plaintiff ML Products Inc. I make this declaration in support of the Joint Stipulation re Plaintiff's Motion to Compel and Motion and Motion for Sanctions. I have personal knowledge of the facts set forth herein, and, if called as a witness, I could and would competently testify thereto.

2.      On January 31, 2024, Plaintiff served Requests for Production on Defendant, which they responded to on March 1, 2024. A true and correct copy is attached hereto as **Exhibit 1.**

3.      The parties met and conferred over the responses on April 19, 2024, and discussed numerous issues, which Plaintiff memorialized in a June 3, 2024, letter. A true and correct copy of Plaintiff's June 3, 2024, letter is attached hereto as **Exhibit 2**.

4.      Plaintiff followed up on the June 3, 2024 letter multiple times over the course of several months. Defendant finally responded on November 20, 2024, but only to state it would provide a substantive response in the near future.

5.      On December 23, 2024, Defendant produced its first set of documents to Plaintiff, which consisted of a meager 97 pages. The production still failed to address the issues described in Plaintiff's June 3 letter. Plaintiff again sought additional information by requesting a meet-and-confer to again explain to Defendant that the alter ego documents are crucial to Plaintiff's allegations that Defendant is engaged in the alleged conduct through various shell entities and brands, and that the other documents requested, such as importation records, financial documents and employee information, are also relevant to Plaintiff's alter ego claims. Defendant finally sent a response on February 5, 2025, maintaining that it would not produce documents pertaining to the alleged alter ego entities, financial documents, importation records, and various other categories Plaintiff demanded. A true and correct copy of the February 5 letter is attached hereto as **Exhibit 3.**

6.      On February 10, 2025, the parties met and conferred. Defendant's counsel agreed to supplement its production related to SEC documents related to Planet Image and Aster Graphics, Inc. email addresses, but again refused to supplement documents related to the alleged alter ego entities,

1  importation records, and documents related to review tracking and compensation, the exact misconduct
2  described in the Complaint. Plaintiff's counsel explained to Defendant that they had in their possession
3  documents related to importation records and review tracking, demonstrating that such documents
4  exist. Plaintiff's counsel also stated their intention to request a discovery conference with the Court
5  regarding certain requests.

6      7.    On February 14, 2025, Plaintiff produced to Defendant internal Aster documents
7  demonstrating review manipulation, including rebates, payments to remove negative reviews, and
8  analysis of alter ego brands, as well as importation records linking Aster to the alleged misconduct. A
9  true and correct copy of the email is attached hereto as **Exhibit 4.** A true and correct copy of the letter
10 laying out the documents produced is attached hereto as **Exhibit 5.** Defendant thereafter produced a
11 few pages of employee records and a few publicly available SEC filings.

12     8.    On February 22, 2025, Plaintiff produced bates numbers PLT000006-PLT000016,
13 related to Aster employee communications, including communications from John Zhang to Plaintiff
14 related to Defendant's rebate program for Amazon sellers. A true and correct copy of this email and
15 attachments is attached hereto as **Exhibit 6.**

16     9.    On March 3, 2025, Plaintiff's counsel sent a pre-motion discovery conference letter to
17 bring certain issues to the Court based on the February 10 meet-and-confer and Defendant's ongoing
18 refusal to produce relevant alter ego, communication, financial, and importation record documents.

19     10.    On March 8, 2025, Defendant produced a few pages of documents related to a few
20 publicly filed documents with the Secretary of State for Aster Graphics, Inc. On March 21, 2025,
21 Plaintiff sent Defendant an email to follow up on Plaintiff's March 3 letter for a conference, as after
22 three weeks, Defendant had still failed to respond.

23     11.    On May 22, 2025, Judge Bristow confirmed Plaintiff's entitlement to documents
24 involving John Zhang, alter ego documents, and WeChat communications. To date, Defendant has not
25 produced these documents.

26     12.    On May 23, 2025, the parties conducted another meet-and-confer to discuss the
27 discovery issues in light of the conference before the Court one day prior. The parties were able to
28 narrow the list of search terms to include the alleged alter ego entities and brands, as well as reach an

agreement regarding the relevant time period for the search, as well as Defendant's willingness to search for communications related to the individual John Zhang. The parties agreed that Defendant would produce WeChat communications as screenshots.

13. On June 20, 2025, Plaintiff sent Defendant a letter laying out certain deficiencies in Defendant's responses to Plaintiff's requests for production. A true and correct copy of this letter is attached hereto as **Exhibit 7.**

14. On June 21, 2025, Defendant's supplemental production consisted of roughly 100 pages of documents, but still omitted the most critical categories: WeChat communications, review compensation records, financial documents, alter ego documents, and employee data and email domains.

15. Plaintiff's counsel requested to meet and confer telephonically in accordance with L.R. 37-1, since Plaintiff's counsel and Defendant's counsel are not located in the same county. Defendant's counsel are located in Los Angeles County, while Plaintiff's counsel are located in Phoenix, Arizona, Boston, Massachusetts, and Irvine, California (Orange County).

16. On June 23, 2025, the parties telephonically met and conferred for two and a half hours over Plaintiff's letters. During that call, Plaintiff's counsel went through each discovery request at issue and stated their position and also gave Defendant's counsel an opportunity to state their position. Defendant's counsel represented that they were willing to supplement some of the requests at issue. However, Plaintiff's counsel stated that because of the current discovery cutoff, a motion needed to be filed 42 days prior to a hearing in accordance with Judge Frimpong's civil standing order. As a result, the Joint Stipulation was to be filed by July 10.

17. After addressing every discovery request at issue, Plaintiff's counsel informed Defendant's counsel that because of the various impasses, including many requests and interrogatories that Defendant would not agree to supplement, they would send the Joint Stipulation for Defendant to include its position by July 1. However, Plaintiff's counsel stated that if Defendant supplements certain requests in accordance with the Federal Rules of Civil Procedure prior to filing, those requests would be retracted.

18. A true and correct copy of relevant excerpts from the deposition of Claire Huang of Aster Graphics, Inc., May 29, 2025, is attached hereto as **Exhibit 8.**

19. A true and correct copy of the domain registration for the "Amstech" brand is attached hereto as **Exhibit 9.**

20. True and correct copies of Defendant's payroll records showing the FBA warehouse department are attached hereto as **Exhibit 10.**

21. A true and correct copy of the emails sent from John Zhang, Aster Graphics, Inc. employee, to Plaintiff, is attached hereto as **Exhibit 11.**

22. A true and correct copy of the letter Plaintiff produced to Defendant related to True Image and review compensation is attached hereto as **Exhibit 12.**

23. Pursuant to L.R. 37-2.1, true and correct copies of the initial case scheduling order, as well as any amendments, are attached hereto as **Exhibit 13**.

24. Defendant agreed to provide Plaintiff with additional custodians on the sales team besides the three that were already agreed upon. A true and correct copy of this email correspondence is attached hereto as **Exhibit 14.** On July 1, 2025, Defendant produced WeChat screenshots for the three custodians. Plaintiff followed up on July 7, 2025, to ask Defendant when Plaintiff can expect these additional custodians. Defendant responded on July 9 regarding the WeChat screenshots as to the three custodians but did not provide an update regarding additional custodians as agreed over a month ago. A true and correct copy of this email correspondence is attached hereto as **Exhibit 15.** As of the date of the filing of this Motion, Defendant has failed to provide an update on additional custodians.

25. On May 29, 2025, Plaintiff took the deposition of Claire Huang, executive assistant to Aster Graphics, Inc. President, Leon Yin. During her deposition, Ms. Huang confirmed that besides two individuals (whose WeChat records have not been produced), she is not able to provide any names of individuals who work on the Aster Graphics, Inc. sales team.

///

1  I declared under penalty of perjury that the foregoing is true and correct. Executed on this 10th
2  Day of July 2025, in Phoenix, Arizona.
3
4
5              */s/ Dana R. Vogel*
            Dana R. Vogel