# EXHIBIT 1

Geoffrey T. Stover (SBN 211715)
*gstover@steinbrecherspan.com*
STEINBRECHER & SPAN LLP
445 S. Figueroa St, Suite 2350
Los Angeles, CA 90071
Tel: (213) 891-1400
Fax: (213) 891-1470

Hua Chen (SBN 241831)
*huachen@scienbizippc.com*
ScienBiziP, P.C.
550 S. Hope Street, Suite 2825
Los Angeles, California 90071
Telephone:  (213) 426-1771
Facsimile:  (213) 426-1788

*Attorneys for Defendant*
*Aster Graphics, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ML PRODUCTS INC. <br><br> Plaintiff, <br><br> v. <br><br> ASTER GRAPHICS, INC.; and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No. 23-cv-02094-MEMH-KK <br><br> DEFENDANT ASTER GRAPHICS, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS |

Pursuant to Federal Rule of Civil Procedure 26 and 34, Defendant ASTER GRAPHICS INC ("Defendant") hereby objects and responds to Plaintiff's ML PRODUCTS INC. ("Plaintiff") First Set of Requests for Production (each, a "Request," and collectively, the "Requests") as follows:

- 1 -

# GENERAL STATEMENT

1.      As an initial matter, Defendant has not yet completed discovery relating to this litigation, and investigation of the facts is continuing. Defendant's responses to these Requests, therefore, are made without prejudice to Defendant's right to supplement its responses as further discovery is conducted.

2.      Defendant responds to these Requests as it interprets and understands each request as set forth.  If Plaintiff subsequently asserts an interpretation of any request that differs from Defendant's understanding of that request, Defendant reserves the right to supplement its objections and/or responses.

3.      No incidental or implied admissions are intended by these responses. The fact that Defendant has answered part or all of any Requests is not intended to be, and shall not be construed to be a waiver by Defendant of any part of any objection to any request.

5.      Words and terms used in the response shall be construed in accordance with their normal meanings and connotations.

6.      Without waiving the objections set forth below, and subject to the limitations stated above, Defendant will provide the information it believes is responsive and the subject of legitimate discovery, which has been uncovered by reasonable investigation.

# GENERAL OBJECTIONS

The following General Objections apply to and are expressly made part of Defendant's specific response to each Request.

1.      Defendant objects to Plaintiff's Requests and to the instructions and definitions incorporated therein to the extent that they are inconsistent with or purport to impose obligations broader in scope or more burdensome than those imposed by the Federal Rules of Civil Procedure, Local Patent Rules, any applicable Orders of the Court, and/or any stipulation or agreement of the parties and Defendant

expressly disclaims any obligation to provide any discovery beyond that required by such rules or in a manner not required by such rules. Defendant is not withholding any responsive materials based on this objection.

2.    Defendant objects to Plaintiff's Requests to the extent that it calls for information that is immune from discovery under the Federal Rules of Civil Procedure.

3.    Defendant objects to Plaintiff's Requests and to the instructions and definitions incorporated therein to the extent that it seeks discovery that is not relevant to any party's claim or defense.  Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon.  The alleged tactics consist of commissioning fake product reviews, compensating customers for product reviews or changing or removing negative product reviews, accepting fake orders, using ghost accounts, and repurposing product reviews.  The alleged tactics are further directed at Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner. Defendant objects to Plaintiff's Requests and to the instructions and definitions incorporated therein to the extent that it seeks discovery that is outside the scope of Defendant's relationship with the Amazon sellers identified in the Complaint, and/or Defendant's involvement or lack thereof with the alleged wrongful acts or tactics.

4.    Defendant objects to Plaintiff's Requests and to the instructions and definitions incorporated therein to the extent that it seeks discovery that is not proportional to the needs of the case.

5.    Defendant objects to Plaintiff's Requests and to the instructions and definitions incorporated therein to the extent that the burden and/or expense of searching for and producing the requested documents or information outweighs the benefit of the discovery being sought. To the extent that Plaintiff's Requests and the

instructions and definitions incorporated therein impose such an undue burden and/or expense upon Defendant, they are not proportional to the needs of the case.

6.      Defendant objects to the Plaintiff's Requests and to the instructions and definitions incorporated therein to the extent that they call for the disclosure of information, including but not limited to, the thoughts or mental impressions of Defendant's attorneys in connection with the preparation, prosecution, or defense of any claim by or against Defendant, protected from discovery by the attorney-client privilege, the work product doctrine, the joint-defense privilege, the common interest doctrine, or any other applicable privilege or immunity from discovery.

7.      Defendant objects to Plaintiff's Requests and to the instructions and definitions incorporated therein to the extent that they seek documents or information not in the possession, custody, or control of Defendant.

8.      Defendant objects to Plaintiff's Requests to the extent they are vague or ambiguous, overly broad, or unduly burdensome.

9.      Defendant objects to Plaintiff's Requests to the extent they seek information that is equally accessible to, or readily available to, Plaintiff, including but not limited to documents available from publicly accessible websites or documents already in the possession, custody, or control of Plaintiff.

10.      Defendant objects to Plaintiff's Requests to the extent that they seek information outside the time period Plaintiff is entitled to claim damages.

11.      Defendant objects to Plaintiff's Requests to the extent that they seek information that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the request in resolving the issues, and because the burden or expense of answering the requests outweighs their likely benefit.

12.    Defendant objects to Plaintiff's Requests to the extent they call for confidential information, including trade secrets and other confidential research, development, and commercial information, that would cause commercial harm to Defendant if disclosed to Plaintiff or third parties, and the Court has not yet entered a protective order in this case ensuring the protection of such information.

13.    Defendant objects to Plaintiff's definition of "you," and "your," as overly broad to the extent that they attempt to seek discovery from persons or entities who are not named defendants in this lawsuit. Defendant shall treat such terms as meaning Defendant ASTER GRAPHICS INC.

14.    Defendant objects to Plaintiff's definition of "Plaintiff" as overly broad to the extent that they attempt to encompass persons or entities beyond Defendant's knowledge or understanding.  Defendant shall treat such term as meaning Plaintiff ML Products Inc.

15.    All answers given herein are made subject to each and every general objection, and to the specific objections made in the response in which the answer is given. By providing a response, Defendant has not waived any objection on any grounds of competency, relevance, materiality, privilege, admissibility as evidence, or any other ground, for any purpose, in any means in this investigation or proceeding in this or any other action. Furthermore, by providing a response, Defendant has neither waived its right to make further objections to further discovery requests nor is any response to be deemed an admission or acknowledgment that the information sought is within the proper scope of discovery.

16.    The answers provided herein are based on Defendant's current knowledge and are made in a good-faith effort to respond to the extent of the information currently known to Plaintiff. Defendant has not completed their investigation of the facts, testimony, witnesses, or documents relating to this litigation and has not completed its analysis of available data or begun preparation

for trial. Defendant expressly reserves the right to produce additional information that may come to its attention as this litigation proceeds or to otherwise supplement its responses in accordance with the Federal Rules of Civil Procedure or other applicable rule, order, or stipulation of the parties.

## SPECIFIC OBJECTIONS AND RESPONSES

## REQUEST FOR DOCUMENTS AND THINGS NO. 1

All organizational charts concerning your corporate or business structure, and sufficient to identify the employees within each entity.

## RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 1

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all organizational charts." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)"). Defendant objects to this Request on the grounds that it seeks documents or information not within its possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

## REQUEST FOR DOCUMENTS AND THINGS NO. 2

Documents sufficient to identify all directors, officers, and employees of Aster Graphics, Inc. and any name variants they use.

## RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 2

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1).  Defendant objects to this Request to the extent they call for confidential information that would cause commercial harm to Defendant if disclosed to Plaintiff or third parties, and the Court has not yet entered a protective order in this case ensuring protection of such information.

Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to this Request, that are within Defendant's possession, custody, and control and that are identified after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 3**

Documents sufficient to identify any employees shared, jointly employed, or co-employed by Aster Graphics, Inc., or any other entities related to you.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 3**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to the undefined terms "employees shared" "jointly employed", and "co-employed" on the grounds that they are vague and ambiguous and fail to describe with reasonable particularity the documents or things sought by Plaintiff.  Defendant further objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by

Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon.  The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner.  Defendant objects to this request to the extent that it seeks discovery of Defendant's relationship with any entities other than the Amazon sellers identified or identifiable in the Complaint.

Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer to discuss reasonable proposals to clarify the scope of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 4**

Documents sufficient to show the business relationship(s) between and among Aster Graphics Inc. and the following entities, including all "transactional documents" between same as referenced in your Rule 26(a)(1) initial disclosures:

(a) Planet Image International Limited;

(b) Jiangxi Yibo E-Tech Co., Ltd.;

(c) Jiangxi Leibotai E-Tech Co., Ltd.;

(d) Yantuo (Guangdong) Technology Co., Ltd.;

(e) Your Office Supplies Company Limited;

(f) Iprint Enterprise Limited;

(g) Amstech Limited;

(h) Aztech Enterprise Limited;

(i) Supplies4u Limited;

(j) Access Supplies Limited;

(k) Dellon Technology Company Limited;

(l) Eco Imaging Inc.;

(m) Revol Trading Inc.;

(n) Intercon International Corp.;

(o) Aster Technology Holland B.V.;

(p) Proimage B.V.;

(q) Aster Technology Italia S.R.L.;

(r) Aster Supplies GmbH.;

(s) Aster Technology France.;

(t) Aster Technology UK Ltd.;

(u) Arcon;

(v) True Image;

(w) Toner Bank;

(x) Cool Toner; and

(y) Victoner.

## RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 4

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all 'transactional documents'." *See Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)"). Defendant objects to this request to the extent that it seeks discovery that is not relevant to any party's claim or defense.  Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to

manipulate Amazon ratings and compete unfairly on Amazon.  The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner. Defendant objects to this request to the extent that it seeks discovery of Defendant's relationship with any entities other than the Amazon sellers identified or identifiable in the Complaint.  Seeking all "transactional documents" between Defendant and all the entities listed in this Request constitutes a fishing expedition rather than a legitimate pursuit of relevant evidence to the parties' claims or defenses.  Defendant objects to this Request to the extent it calls for confidential information, including trade secrets and other confidential commercial information, that would cause commercial harm to Defendant if disclosed to Plaintiff or third parties, and the Court has not yet entered a protective order in this case ensuring protection of such information.

Subject to and without waiving the foregoing objections, Defendant will produce non-privileged, responsive documents (if they exist) within Defendant's possession, custody, and control that are sufficient to show the business relationship between Aster Graphics Inc., on the one hand, and the following entities on the other hand - Access Supplies Limited, Amstech Limited., Aztech Enterprise Limited., Eco Imaging Inc., Intercon International Corp., Iprint Enterprise Limited, and Revol Trading Inc.,  after a reasonable search and after a protective order has been entered in this case.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 5**

Documents sufficient to show the following individuals' job titles and responsibilities with any Defendant entity:

(a) Ye (Leon) Yin

(b) Claire Huang;

(c) Dan Huang;

(d) Zixuan Zhou;

(e) Thomas Z. Zhou; and

(f) Huai Fu.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 5**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). Defendant objects to the request because the phrase "any Defendant entity" as undefined.  Defendant objects to this request to the extent that it seeks information about individuals who are not a director, officer, or employee of Aster Graphics Inc.  Defendant objects to the request because the phrase "sufficient to show … job titles and responsibilities" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer to discuss reasonable proposals to clarify the scope of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 6**

Documents sufficient to identify all names, and versions thereof, under which you have conducted business.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 6**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). Defendant objects to Plaintiff's Requests to the extent they seek information that is equally accessible to, or readily available to, Plaintiff, including but not limited to documents available from publicly-accessible websites or documents already in the possession, custody, or control of Plaintiff. Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages.

Subject to and without waiving the foregoing objections, Defendant responds that no documents responsive to this Request exist.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 7**

Documents sufficient to identify the ownership interest of all your parent, subsidiary, affiliate entities, and ink and toner brands.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 7**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to the terms "affiliate entities" and "ink and toner brands" in this Request on the grounds that they are vague and ambiguous and fail to describe with reasonable particularity the documents or things sought by Plaintiff. Defendant objects to this request to the extent that it seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at

certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner.  Defendant objects to this request to the extent that it seeks discovery of Defendant's ownership interest in or by any entities other than the Amazon sellers identified or identifiable in the Complaint.  Defendant objects to this Request on the grounds that it seeks documents or information not within its possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendant will produce non-privileged documents sufficient to identify the owners of Aster Graphics, Inc., and non-privileged documents (if they exist) reflecting Aster Graphics, Inc.'s ownership interest or lack thereof of the following entities - Access Supplies Limited, Amstech Limited., Aztech Enterprise Limited., Eco Imaging Inc., Intercon International Corp., Iprint Enterprise Limited, and Revol Trading Inc.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 8**

All documents relating to Defendant's denial that it functions as the North American sales headquarters for Planet Image International Ltd., including, but not limited to:

(a) Organizational charts for the affiliated companies located in North America.

(b) Documents referring to the location of Defendant's global or North American sales staff, operations, or product management.

(c) All documents Defendant intends to rely upon to support its denial of North American headquarters status in this litigation.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 8**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent that it seeks discovery that is not relevant to any party's claim or defense.  Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner. Defendant objects to this request to the extent that it seeks discovery of Defendant's relationship with any entities other than the Amazon sellers identified or identifiable in the Complaint. Defendant objects to this Request on the grounds that it seeks documents or information not within its possession, custody, or control.  Defendant further objects to this request as overly broad and unduly burdensome.  Defendant objects to this Request to the extent it seeks duplicative information responsive to other Requests contained herein, including, but not limited to, Request Nos. 1, 3, and 4.

Subject to and without waiving the foregoing objections, Defendant will not produce documents responsive to this Request as written, but is willing to meet and confer to discuss reasonable proposals to clarify or narrow the scope of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 9**

All documents concerning any involvement you have had in acquisitions of ink or toner brands or an entity controlling ink or toner brands.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 9**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation.  Defendant objects to the undefined terms "acquisitions of an entity controlling ink or toner brands or an entity controlling ink or toner brands" in this Request on the grounds that they are vague and ambiguous and fail to describe with reasonable particularity the documents or things sought by Plaintiff. Defendant objects to this Request to the extent it seeks information that is not proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").  Defendant objects to this request to the extent that it seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner.  Defendant objects to this request to the extent that it seeks discovery of Defendant's relationship with any entities other than the Amazon sellers identified or identifiable in the Complaint.

Subject to and without waiving the foregoing objections, and to the extent that Defendant understands this Request, Defendant is unaware of any documents showing Aster Graphics, Inc. is involved in acquisitions of the following entities (if these entities have indeed been acquired) - Access Supplies Limited, Amstech Limited., Aztech Enterprise Limited., Eco Imaging Inc., Intercon International Corp., Iprint Enterprise Limited, and Revol Trading Inc.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 10**

All your audited and unaudited financial statements, including documents sufficient to identify your assets, including financial accounts and payroll accounts.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 10**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request on the grounds that it fails to describe with reasonable particularity the documents or things sought by Plaintiff. *See Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation (No. VI)*, 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)"). Defendant further objects to this request as overly broad and unduly burdensome to the extent it seeks highly confidential information about Defendant's business. Defendant objects to the undefined term "financial statements" in this Request on the grounds that it is vague and ambiguous and fails to describe with reasonable particularity the documents or things sought by Plaintiff. Defendant objects to this Request to the extent that it seeks information outside the time period Plaintiff is entitled to claim damages. Defendant objects to this Request on the grounds that it calls for confidential and sensitive information, including trade secrets and other confidential research, development, and commercial information, that would cause commercial harm to Defendant if disclosed to Plaintiff or third parties, and the Court has not yet entered a protective order in this case ensuring the protection of such information.

Subject to and without waiving the foregoing objections, Defendant will not produce documents responsive to this Request as written, but is willing to meet and confer to discuss reasonable proposals to clarify or narrow the scope of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 11**

Documents sufficient to identify all email domains used by employees of Defendants.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 11**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant further objects to this Request as overly broad and unduly burdensome, because Plaintiff has not established a reasonable basis that Defendant's employees' email domains are relevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, Defendant will produce non-privileged, responsive documents (if they exist) within Defendant's possession, custody, and control that are sufficient to show the email domains used by Aster Graphics Inc. employees.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 12**

Documents sufficient to identify all addresses, physical office locations, office telephone numbers, and website addresses associated with Defendants.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 12**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). Defendant objects to Plaintiff's Requests to the extent they seek information that is equally accessible to, or readily available to, Plaintiff, including but not limited to documents available from publicly-accessible websites or documents already in the possession, custody, or control of Plaintiff.

Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to this Request, that are within Defendant's possession, custody, and control and that are identified after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 13**

All documents concerning your policies, procedures, and compliance with Amazon's seller rules.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 13**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to the term "Amazon's seller rules" in this Request on the grounds that it is vague and ambiguous and fails to describe with reasonable particularity the documents or things sought by Plaintiff. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D.

Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").

Subject to and without waiving the foregoing objections, Defendant responds that no documents responsive to this Request exist.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 14**

Documents sufficient to identify any attorney you hired to pursue U.S. trademark protection for your ink or toner brands or to register or attempt to register your businesses with any U.S. state.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 14**

Defendant incorporates its General Objections above as if set forth in full herein.  Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). Defendant further objects to this Request to the extent it seeks documents and things protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Defendant objects to Plaintiff's Requests to the extent they seek information that is equally accessible to, or readily available to, Plaintiff, including but not limited to documents available from publicly-accessible websites or documents already in the possession, custody, or control of Plaintiff.   Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages.

Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to this Request, that are within Defendant's possession, custody, and control and that are identified after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 15**

Documents sufficient to identify who is paying for your representation in this litigation.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 15**

Defendant incorporates its General Objections above as if set forth in full herein.  Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). Defendant further objects to this Request to the extent it seeks documents and things protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 16**

Documents sufficient to identify each brand of ink or toner you have sold or advertised for sale on Amazon.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 16**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). Defendant objects to the term "each brand of ink or toner" in this Request on the grounds that they are vague and ambiguous and fails to describe with reasonable particularity the documents or things sought by Plaintiff.  Defendant objects to this Request on the grounds that it seeks documents or information not within its possession, custody, or control.  Defendant further objects to this request to the extent that it seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner. Defendant objects to this request to the extent that it seeks discovery of Defendant's relationship with any entities other than the Amazon sellers identified or identifiable in the Complaint.

Subject to and without waiving the foregoing objections, Defendant responds that no documents responsive to this Request exist.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 17**

Documents sufficient to identify each Amazon seller account owned or controlled by you.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 17**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to the term "own or control" in this Request on the grounds that it is vague and ambiguous and fails to describe with reasonable particularity the documents or things sought by Plaintiff.  Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1).

Subject to and without waiving the foregoing objections, Defendant responds that no documents responsive to this Request exist.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 18**

Documents sufficient to identify each seller account that has sold or offered to sell each brand of your ink or toner on Amazon.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 18**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). Defendant objects to the term "each brand of your ink or toner" in this Request on the grounds that it is vague and ambiguous and fails to describe with reasonable particularity the documents or things sought by Plaintiff.  Defendant objects to this Request on the grounds that it seeks documents or information not within its possession, custody, or control.  Defendant further objects to this request to the extent that it seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts

and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner.  Defendant objects to this request to the extent that it seeks discovery of Defendant's relationship with any entities other than the Amazon sellers identified or identifiable in the Complaint.

Subject to and without waiving the foregoing objections, Defendant responds that no documents responsive to this Request exist.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 19**

For each Amazon seller account owned or controlled by you, all communications with Amazon concerning such account, including, but not limited to, all account opening documents, payment processing documents, fulfillment by Amazon or order fulfillment documents, shipping plans, and Amazon Seller Central documents.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 19**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation. Defendant objects to the term "own or control" in this Request on the grounds that it is vague and ambiguous and fails to describe with reasonable particularity the documents or things sought by Plaintiff. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as

required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all communications." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").  Defendant objects to this Request on the grounds that it seeks documents or information not within its possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendant responds that no documents responsive to this Request exist.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 20**

Documents sufficient to show any U.S. patents you owned for your ink or toner since 2010.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 20**

Defendant incorporates its General Objections above as if set forth in full herein.  Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant objects to Plaintiff's Requests to the extent they seek information that is equally accessible to, or readily available to, Plaintiff, including but not limited to documents available from publicly-accessible websites or documents already in the possession, custody, or control of Plaintiff.

Subject to and without waiving the foregoing objections, Defendant will not produce documents responsive to this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 21**

Documents sufficient to show any U.S. trademarks related to your ink or toner since 2010.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 21**

Defendant incorporates its General Objections above as if set forth in full herein.  Defendant objects to the term "trademark related to your ink or toner since 2010" in this Request on the grounds that it is vague and ambiguous and fails to describe with reasonable particularity the documents or things sought by Plaintiff. Defendant objects to Plaintiff's Requests to the extent they seek information that is equally accessible to, or readily available to, Plaintiff, including but not limited to documents available from publicly-accessible websites or documents already in the possession, custody, or control of Plaintiff.   Defendant further objects to this request to the extent that it seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner.  Defendant objects to this request to the extent that it seeks discovery of Defendant's relationship with any entities other than the Amazon sellers identified or identifiable in the Complaint.  Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages.

Subject to and without waiving the foregoing objections, Defendant will not produce documents responsive to this Request as written, but is willing to meet and confer to discuss reasonable proposals to clarify or narrow the scope of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 22**

Documents sufficient to show any business registration of any entity you registered or attempted to register with a U.S. state since 2010.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 22**

Defendant incorporates its General Objections above as if set forth in full herein.  Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). Defendant objects to the term "any entity you registered or attempted to register" in this Request on the grounds that they are vague and ambiguous.  Defendant further objects to this request to the extent that it seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner.  Defendant objects to this request to the extent that it seeks discovery of Defendant's relationship with any entities other than the Amazon sellers identified or identifiable in the Complaint.  This Request amounts to a fishing expedition rather than a legitimate pursuit of relevant evidence to the parties' claims or defenses.  Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period

Plaintiff is entitled to claim damages.  Defendant objects to Plaintiff's Requests to the extent they seek information that is equally accessible to, or readily available to, Plaintiff, including but not limited to documents available from publicly-accessible websites or documents already in the possession, custody, or control of Plaintiff.

Subject to and without waiving the foregoing objections, Defendant will not produce documents responsive to this Request as written, but is willing to meet and confer to discuss reasonable proposals to clarify or narrow the scope of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 23**

All documents concerning U.S. customs or other import records relating to your ink or toner.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 23**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").  Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages Defendant further objects to this Request as overly broad and unduly burdensome, because Plaintiff has not established a

reasonable basis that U.S. customs or other import records are relevant to any parties' claims or defenses.

Subject to and without waiving the foregoing objections, Defendants will not produce document responsive to this Request as written, but is willing to meet and confer to discuss the relevance of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 24**

All documents concerning any invoice for ink or toner brought through U.S. customs.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 24**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").  Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages Defendant further objects to this Request as overly broad and unduly burdensome, because Plaintiff has not established a reasonable basis that any invoices for ink or toner brought though U.S. customs are relevant to any parties' claims or defenses.

Subject to and without waiving the foregoing objections, Defendants will not produce document responsive to this Request as written, but is willing to meet and confer to discuss the relevance of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 25**

All documents concerning any shipments of ink or toner to or from an Amazon FBA warehouse.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 25**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)"). Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages. Defendant further objects to this Request as overly broad and unduly burdensome, because Plaintiff has not established a reasonable basis that shipment documents to or from an Amazon FBA warehouse are relevant to any parties' claims or defenses or are proportional to the needs of this case.

Subject to and without waiving the foregoing objections, Defendants will not produce documents responsive to this Request as written, but is willing to meet and confer to discuss the relevance of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 26**

All documents concerning ink or toner purchased from you for resale by any Amazon seller.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 26**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation (No. VI)*, 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").  Defendant further objects to this request to the extent that it seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner.  Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages. Defendant objects to this request to the

- 31 -

extent that it seeks discovery of the sales of ink or toner from Defendant to any entities other than the Amazon sellers identified or identifiable in the Complaint. This Request amounts to a fishing expedition rather than a legitimate pursuit of relevant evidence to the parties' claims or defenses. Defendant objects to this Request to the extent it calls for confidential information, including trade secrets and other confidential commercial information, that would cause commercial harm to Defendant if disclosed to Plaintiff or third parties, and the Court has not yet entered a protective order in this case ensuring protection of such information. Defendant objects to this Request to the extent it seeks duplicative information responsive to other Requests contained herein including but not limited to Request No. 4.

Subject to and without waiving the foregoing objections, Defendant will not produce documents responsive to this Request as written, but is willing to meet and confer to discuss reasonable proposals to clarify or narrow the scope of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 27**

Documents sufficient to identify each ink and toner product sold or offered for sale on Amazon under each of your brands including: the ASIN identifier, product name, product description, date or dates available, and the identity of your supplier(s) for that product.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 27**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation. Defendant objects to the term "your brands" in this Request on the grounds that they are undefined, vague, and ambiguous. Defendant further objects to this request to the extent that it seeks discovery that is not relevant to any party's claim or defense. Specifically,

Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner. Defendant objects to this request to the extent that it seeks discovery of the sales of ink or toner from Defendant to any entities other than the Amazon sellers identified or identifiable in the Complaint. This Request amounts to a fishing expedition rather than a legitimate pursuit of relevant evidence to the parties' claims or defenses. Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages.

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 28**

Documents sufficient to identify each ink and toner product sold or offered for sale on Amazon by each seller account you own or control including: the ASIN identifier, product name, product description, date or dates available, and the identity of your supplier(s) for that product.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 28**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation. Defendant objects to the term "own or control" in this Request on the grounds that it is undefined, vague, and ambiguous. Defendant further objects to this request to the extent that it

seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner.  Defendant objects to this request to the extent that it seeks discovery of the sales of ink or toner from Defendant to any entities other than the Amazon sellers identified or identifiable in the Complaint.  This Request amounts to a fishing expedition rather than a legitimate pursuit of relevant evidence to the parties' claims or defenses. Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages.

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 29**

All documents concerning any contemplated, proposed, or actual strategy you have used for selling ink and toner on Amazon, including marketing, advertising, and packaging.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 29**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation.  Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by

Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").  Defendant further objects to this request to the extent that it seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner.  Information relating to the "marketing, advertising, and packaging" is not relevant to Plaintiff's claims.  Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages.

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 30**

All documents concerning any proposed or actual budget you have used for selling ink and toner on Amazon.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 30**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation. Defendant objects

to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").  Defendant further objects to this request to the extent that it seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner.  Information relating to the "budget … for selling ink and toner on Amazon" is not relevant to Plaintiff's claims. Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages.

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 31**

All documents concerning any proposed or actual revenue projections relating to your ink and toner sales Amazon.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 31**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation.  Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").  Defendant further objects to this request to the extent that it seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner.  Information relating to the Amazon "revenue projections" is not relevant to Plaintiff's claims. Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages.

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

## REQUEST FOR DOCUMENTS AND THINGS NO. 32

All documents concerning any proposed or actual expenditures you have made in connection with selling ink and toner on Amazon.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 32**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)"). Defendant further objects to this request to the extent that it seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner.  Information relating to the "expenditures in connection with selling ink and toner on Amazon" is not relevant to Plaintiff's claims.  Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages.

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control that are responsive to this Request after a reasonable search.

- 38 -

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 33**

All documents concerning any proposed or actual tax filings or forms, or accounting statements, that include revenues relating to ink and toner sales on Amazon.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 33**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").  Defendant further objects to this request to the extent that it seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner. Defendant objects to this request to the extent that it seeks discovery of the sales of ink or toner from Defendant to any entities other than the Amazon sellers identified or identifiable in the Complaint. Defendant further objects to the time frame of this Request to the extent that it is

seeking information outside the time period Plaintiff is entitled to claim damages. Defendant objects to this Request to the extent it seeks duplicative information responsive to other Requests contained herein including but not limited to Request No. 10.

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged, and responsive documents that include revenues relating to ink and toner sales on Amazon, after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 34**

Documents sufficient to identify any financial accounts linked to your Amazon seller accounts.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 34**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation. Defendant further objects to this request to the extent that it seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner. Information relating to the Amazon "financial accounts linked to Amazon seller accounts" is not relevant to Plaintiff's claims. Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages.

Subject to and without waiving the foregoing objections, Defendant responds that Aster Graphics Inc. does not have financial accounts linked to any Amazon seller accounts.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 35**

All documents concerning Amazon's product ranking system or keyword searching system.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 35**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation.  Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses.  Defendant objects to this Request to the extent it seeks information disproportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)"). Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages.

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 36**

All documents concerning any offer of compensation, free or discounted merchandise, gift cards, or any other consideration offered or provided in exchange for product reviews, or to change or delete product reviews, on Amazon.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 36**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation.  Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant objects to this Request to the extent it seeks information disproportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)"). Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages.

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 37**

All documents concerning customer reviews, product ratings, Best Seller ratings, or sales estimates or figures for any ink or toner product you sell or offer for sale on Amazon.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 37**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation.  Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant objects to this Request to the extent it seeks information disproportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)"). Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages.

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 38**

All documents concerning customer reviews, product ratings, Best Seller ratings, or sales estimates or figures for any ink or toner product sold or offered for sale on Amazon by any seller other than you.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 38**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant objects to this Request to the extent it seeks information disproportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").  Defendant objects to Plaintiff's Requests to the extent they seek information that is equally accessible to, or readily available to, Plaintiff, including but not limited to documents available from publicly-accessible websites or documents already in the possession, custody, or control of Plaintiff.

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 39**

All documents concerning customer complaints for any ink or toner product you sell or offer for sale on Amazon.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 39**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation.  Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant objects to this Request to the extent it seeks information disproportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 40**

All documents concerning any attempted or actual communication between you and any customer concerning Amazon reviews or ratings.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 40**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant objects to this Request to the extent it seeks information disproportional to the needs of the case as required by Federal Rules of

Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 41**

All documents concerning "up" or "down" helpful votes for reviews of any product you sell or offer for sale on Amazon.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 41**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation.  Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses.  Defendant objects to this Request to the extent it seeks information disproportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

## REQUEST FOR DOCUMENTS AND THINGS NO. 42

All documents concerning your sale or offer for sale of any product under an ASIN previously used by any other product.

## RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 42

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation.  Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses.  Defendant objects to this Request to the extent it seeks information disproportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

## REQUEST FOR DOCUMENTS AND THINGS NO. 43

All documents concerning your sale or offer for sale of any product listed as a variation of any other product.

## RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 43

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to the undefined phrase "product listed as a variation of any other product," which is vague and ambiguous and fails to describe with reasonable particularity the documents or things sought by Plaintiff.  Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant objects to this Request to the extent it seeks information disproportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

## REQUEST FOR DOCUMENTS AND THINGS NO. 44

All documents concerning communications with third parties concerning Amazon product reviews or ratings, including but not limited to communications with Rebates and any person or group on Facebook or other social media platform.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 44**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation. Defendant objects to the undefined term "Rebates," which is vague and ambiguous and fails to describe with reasonable particularity the documents or things sought by Plaintiff. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant objects to this Request to the extent it seeks information disproportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 45**

All documents concerning any policy violation warning you have received from Amazon.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 45**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation. Defendant objects to this Request to the extent it seeks information that is neither relevant to any

party's claims or defenses. Defendant objects to this Request to the extent it seeks information disproportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 46**

All documents concerning any Amazon customer accounts you have owned or controlled.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 46**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation.  Defendant objects to the term "own or control" in this Request on the grounds that they are vague and ambiguous and fails to describe with reasonable particularity the documents or things sought by Plaintiff.  Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant objects to this Request to the extent it seeks information disproportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents concerning." *See Mailhoit v. Home Depot*

*U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 47**

Documents sufficient to show any litigation you are involved in concerning your ink and toner listings on Amazon.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 47**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation.  Defendant objects to this Request because it seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, Defendant responds that no documents responsive to this Request exist.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 48**

All documents concerning your sales data relating to ink or toner you have sold or offered to sell on Amazon.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 48**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation.  Defendant objects to the phrase "have sold or offered to sell on Amazon" in this Request on the grounds that it is vague and ambiguous and fails to describe with reasonable particularity the documents or things sought by Plaintiff.  Defendant further objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)"). Defendant further objects to this request to the extent that it seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner.  Information relating to the Amazon "sales data relating to ink or toner sold or offered to sell on Amazon" is not relevant to Plaintiff's claims.

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 49**

All documents referred to in your Rule 26(a)(1) Initial Disclosures.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 49**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks "documents and things" protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Defendant objects to this Request on the grounds that it seeks duplicative information responsive to other Requests contained herein.

Subject to and without waiving the foregoing objections, Defendant will produce non-privileged, responsive documents to this Request, that are within Defendant's possession, custody, and control and that are identified after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 50**

All documents you intend to rely upon or otherwise use in support of your claims, contentions, defenses, dispositive motions, or at trial in this action.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 50**

Defendant incorporates its general Objections above as if set forth in full herein. Defendant objects to this Request on the grounds that it is vague and ambiguous and fails to describe with reasonable particularity the documents or things sought by Plaintiff.  Defendant further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks information that is not proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). Defendant objects to this Request to the extent it seeks "documents and things" protected by the attorney-client privilege, work product doctrine, or any other

applicable privilege or immunity. Defendant further objects to this Request as premature under Rule 34(a)(2) of the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to this Request, that are within Defendant's possession, custody, and control and that are identified after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 51**

Documents sufficient to show your business relationship, if any, with V4Ink, Inc. (or Relly Trading Inc. or Garmy Trading Inc.) or any ink or toner entity or brand controlled by V4Ink, Inc. (or Relly Trading Inc. or Garmy Trading Inc.).

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 51**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). Defendant further objects to this request as overly broad and unduly burdensome because Plaintiff has failed to establish a reasonable basis that Defendant's business relationship with V4Ink, if any, is relevant to this case.

Subject to and without waiving the foregoing objections, Defendant will not produce documents responsive to this Request as written, but is willing to meet and confer to discuss the relevance of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 52**

Documents sufficient to show your business relationship, if any, with Ninestar Technology Co. Ltd. and Ninestar Corp., or any ink or toner entity or brand controlled by Ninestar Technology Co. Ltd. or Ninestar Corp.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 52**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). Defendant further objects to this request as overly broad and unduly burdensome, because Plaintiff has failed to establish a reasonable basis that Defendant's business relationship with Ninestar Technology Co. Ltd and Ninestar Corp., if any, is relevant to this case.

Subject to and without waiving the foregoing objections, Defendant will not produce documents responsive to this Request as written, but is willing to meet and confer to discuss the relevance of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 53**

Documents sufficient to show your business relationship, if any, with BillionTree Technology USA, Inc. or Mountain Peak, Inc. or any ink or toner entity or brand controlled by BillionTree Technology USA, Inc. or Mountain Peak, Inc.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 53**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). Defendant further

objects to this request as overly broad and unduly burdensome, because Plaintiff has failed to establish a reasonable basis that Defendant's business relationship with BillionTree Technology USA, Inc. or Mountain Peak, Inc., if any, is relevant to this case.

Subject to and without waiving the foregoing objections, Defendant will not produce documents responsive to this Request as written, but is willing to meet and confer to discuss the relevance of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 54**

All documents concerning ML Products Inc. or Mark Schwanauer, including "transactional documents" with ML Products Inc. as referenced in your Rule 26(a)(1) initial disclosures.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 54**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").  Defendant objects to this Request to the extent it seeks duplicative information responsive to other Requests contained herein, including, but not limited to, Request No. 49.

Subject to and without waiving the foregoing objections, Defendant will not produce documents responsive to this Request as written, but is willing to meet and confer to discuss the relevance of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 55**

All documents and communications referring or relating to any allegations that ML Products Inc. engaged in any illegal, unethical, anti-competitive, fraudulent, or deceitful conduct including, but not limited to:

(a) All documents referring or relating to any criminal or regulatory investigations involving Plaintiff.

(b) All documents referring or relating to any civil lawsuits filed against Plaintiff alleging fraud, deception, or anticompetitive conduct.

(c) All documents referring or relating to any complaints filed with any regulatory agency alleging improper conduct by Plaintiff

(d) All documents referring or relating to any allegations that Plaintiff misrepresented or concealed material facts from consumers, customers, or regulatory agencies.

(e) All documents referring or relating to any allegations that Plaintiff violated any applicable advertising laws or regulations.

(f) All internal communications, reports or investigations related to any alleged unethical, illegal, or anticompetitive business practices by Plaintiff

(g) All documents Defendants intend to rely upon to support its unclean hands defense in this case.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 55**

Defendant incorporates its general Objections above as if set forth in full herein. Defendant objects to this Request on the grounds that it is vague and ambiguous and fails to describe with reasonable particularity the documents or things sought by Plaintiff.  Defendant further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks information that is not proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). Defendant objects to this Request to the extent it seeks "documents and things" protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Defendant further objects to this Request as premature under Rule 34(a)(2) of the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to this Request, that are within Defendant's possession, custody, and control and that are identified after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

## REQUEST FOR DOCUMENTS AND THINGS NO. 56

All documents referring or relating to Defendant's statute of limitations and laches defenses, including, but not limited to:

(a) All documents referring or relating to the date on which Plaintiff's claims accrued against Defendant.

(b) All documents referring or relating to when Plaintiff discovered or should have discovered its claims against Defendant.

(c) All documents referring or relating to any delay by Plaintiff in asserting its claims against Defendant.

(d)All documents referring or relating to any time limitations, or statute of limitations applicable to Plaintiff claims.

(e) All documents referring or relating to the timeliness of Plaintiff's claims under the doctrine of laches.

(f) All documents Defendant intends to rely upon to support its statute of limitations and laches defenses.

**RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 56**

Defendant incorporates its general Objections above as if set forth in full herein. Defendant objects to this Request on the grounds that it is vague and ambiguous and fails to describe with reasonable particularity the documents or things sought by Plaintiff.  Defendant further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks information that is not proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). Defendant objects to this Request to the extent it seeks "documents and things" protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Defendant further objects to this Request as premature under Rule 34(a)(2) of the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to this Request, that are within Defendant's possession, custody, and control and that are identified after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST FOR DOCUMENTS AND THINGS NO. 57**

All documents referring or relating to Defendant's contention that this Court lacks subject matter jurisdiction over Plaintiff's claims.

## RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 57

Defendant incorporates its general Objections above as if set forth in full herein. Defendant objects to this Request on the grounds that it is vague and ambiguous and fails to describe with reasonable particularity the documents or things sought by Plaintiff.  Defendant further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks information that is not proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). Defendant objects to this Request to the extent it seeks "documents and things" protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Defendant further objects to this Request as premature under Rule 34(a)(2) of the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to this Request, that are within Defendant's possession, custody, and control and that are identified after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

Dated: March 1, 2024

Respectfully submitted,

/s/   Hua Chen
Geoffrey T. Stover (SBN 211715)
*gstover@steinbrecherspan.com*
STEINBRECHER & SPAN LLP
445 S. Figueroa St, Suite 2350
Los Angeles, CA 90071
Tel: (213) 891-1400
Fax: (213) 891-1470

Hua Chen (SBN 241831)
*huachen@scienbizippc.com*
ScienBiziP, P.C.
550 S. Hope Street, Suite 2825
Los Angeles, California 90071
Telephone:   (213) 426-1771
Facsimile:    (213) 426-1788

*Attorneys for Defendant*
*Aster Graphics, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of Defendant's Response to Plaintiff's First Set of Requests for Production was served on March 1, 2024, by delivering a copy via email to counsel of record for Plaintiff:


_____/s/  Hua Chen_____