# EXHIBIT 2



June 3, 2024

Connor P. Lemire
cpl@mccunewright.com
(618) 307-6115

*Via Electronic Mail*

Hua Chen
SciencBiziP, P.C.
550 S Hope Street,
Suite 2825
Los Angeles, CA 90071
HuaChen@ScienBiziPPC.com

      **Re:**     ***ML Products Inc. v. Aster Graphic, Inc., et al.,***
                Case No.: 5:23-CV-02094-MEMF-DTB (C.D. Cal.)

Dear Hua:

     I write to memorialize the parties' discussion during the April 19, 2024 meet-and-confer and to follow up on the areas of agreement and remaining disagreement concerning Aster Graphics, Inc.'s ("Aster") responses and objections to Plaintiffs' First Set of Requests for Production (hereafter, the "Requests"). Defendant's Response indicates Defendant does not have responsive documents to 28 out of Plaintiff's 54 Requests. To the extent Aster does agree to produce documents in response to other Requests, it inappropriately limits those responses. We address general and specific issues below.

**I.**     <u>**Overarching Issues**</u>

     <u>*A. Defendants' Confidential and Proprietary Objections*</u>

     Defendant asserts general confidential and proprietary objections to a number of Requests. During the meet-and-confer you stated that once there was a protective order in place, Defendants would not withhold any documents based on these objections.

     <u>*B. Defendants' Possession and Publicly Accessible Objections*</u>

     Defendant asserts general objections to Request Nos. 6, 12, 14, 20-22, 38 "to the extent they seek information that is equally accessible to, or readily available to, Plaintiff, including but

not limited to documents available from publicly-accessible websites or documents already in the possession, custody, or control of Plaintiff". During the meet-and-confer you stated that you would not withhold any documents based on these objections.

### C. Defendants' Duplicative Objections

Defendant asserts general objections to Request Nos. 8, 26, 33, 49, 54 "to the extent [they] seek[] duplicative information responsive to other Requests". During the meet-and-confer you stated that you would not withhold any documents based on these objections and the parties' agreed Defendant would not make duplicative productions.

### D. Temporal Scope of Search and Production

Plaintiff's Requests have a temporal scope (except where otherwise specified) of January 1, 2017 to the present (Instruction No. 10). Defendant objected to this date range generally in Requests Nos. 6, 10, 14, 21-37, 56, asserting that the Requests were "seeking information outside the time period Plaintiff is entitled to claim damages". The complaint was filed on November 12, 2021, and at least some of the claims presented are governed by a 4-year statute of limitations. *See* Cal. Bus. & Prof. Code § 17208 (UCL four-year statute of limitations); Dkt. 147 (in *ML Products v. Ninestar Technology, et al.*, No. 5:21-cv-1930-MEMF) at p. 23 ("ML Products Adequately States a Claim under UCL's Unfair Prong"). Discovery of information for a period before the statute of limitations period is regularly permitted to provide context. *E.g.*, *Hall v. Marriott Int'l, Inc.*, 2021 WL 1906464, *8-9 (S.D. Cal. May 12, 2021) (collecting cases, permitting discovery for 9-month period leading up to statute of limitations). Plaintiff's January 1, 2017 start date proposal reflects a modest period of time leading up to the beginning of the statute of limitations period, just as in *Hall*. Please confirm that Defendants will search for and produce responsive documents to each request from January 1, 2017 through the present. This overarching issue applies to every Request except for Nos. 19-21.[1]

### E. Defendants' Privilege Objections

In response to Request Nos. 1, 9, 27-33, 35-46, 48, Defendant stated that Defendant was "unaware of nonprivileged documents within its possession, custody, or control responsive to this Request after a reasonable search". During the parties' meet-and-confer you stated that you would provide a privilege log in response to these Requests if any documents were withheld based on privilege.

### F. Defendant's Response "No Responsive Documents Exist"

---

[1] Defendant objects to numerous individual Requests on the basis that they "seeking information outside the time period Plaintiff is entitled to claim damages …." We believe those individual objections are subsumed within this overarching discussion. Further, As noted on the call, to the extent Plaintiff discovers information suggesting a need for earlier specific documentation or information, Plaintiff reserves the right to request same.

In response to Request Nos. 1, 6, 9, 13, 16-19, 27-48 Defendant listed several objections and stated, "no documents responsive to this Request exist" or that Defendant was "unaware of nonprivileged documents". In total Defendant stated they do not have responsive documents for 28 Requests. During the parties' meet-and-confer we explained that Plaintiff was entitled to know whether documents were being withheld based on the various objections in these Requests. In response you stated that you believed that no documents were being withheld based on the objections and that the documents did not exist, but you would confirm in writing. Please confirm that no documents are being withheld because of the objections or in the alternative please explain why the documents are being withheld.

### G. Document Productions

During the parties' meet-and-confer you stated that in response to Requests asking for "all documents" you may only be providing a sample of documents rather than all documents. You agreed that for any response where you were not producing all documents you would make it clear to Plaintiff that the production was a "sample". To be clear, Plaintiff believes it is entitled to all responsive documents rather than to "sample" documents, and Plaintiff reserves all rights to demand same.

### H. Limitation of Responses to "Aster Graphics, Inc."

In the relatively few Requests where Defendant was aware of responsive documents and agreed to produce them, it nonetheless specified that it would only produce responsive documents in Aster Graphic, Inc.'s possession. During the meet-and-confer you communicated an intention to search for and produce only those responsive documents specifically in the possession of Aster Graphics, Inc., *i.e.*, to the exclusion of documents within the possession, custody, or control of Planet Image International Limited ("Planet Image"), or any other "direct or indirect parent, subsidiary, or affiliate entity" as called for by the definitions of "Defendant" and "you" in the Requests (Definition No. 4). While you agreed that Aster would produce responsive documents within its own possession about any of these other entities, we believe this is insufficient.

As you are aware, the complaint alleges that Defendant carries out its false advertising scheme to manipulate the Amazon algorithm and achieve inflated sales through a number of alter ego entities, including Aster, Planet Image, and their various affiliated seller accounts and entities. *E.g.*, Dkt. 1 at ¶¶ 32-39. Aster challenged this assertion in its motion to dismiss and the Court rejected that challenge, finding that ""ML Products sufficiently pleads both elements of alter ego liability for …Aster." Dkt. 147 at p. 12. There is no ruling that could have been more favorable to Plaintiff's alter-ego allegations at the Rule 12 stage, and Plaintiff is now entitled to seek discovery to prove those allegations.

Under Rule 34, Plaintiff may request any documents within the scope of Rule 26(b) that are within Aster's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "A party need not have actual possession of the requested document to be obligated to produce it." *QC Labs v. Green Leaf Lab, LLC*, No. 818CV01451JVSJDEX, 2019 WL 6797250, at *5 (C.D. Cal. July 19, 2019) (citation, internal quotations omitted). Instead, "control is sufficient … and [c]ontrol may extend to documents that are nominally held in another corporation's care, including, for example, when

stored with a sister corporation or other unrelated entity[.]" *Id.* (citations omitted). "[C]ourts have [] found that one corporation controls another in the situation where one is the alter ego of the other corporation." *Q Indus., Inc. v. O'Reilly Auto., Inc.*, No. CV223791HDVPVCX, 2023 WL 5505889, at *9 (C.D. Cal. July 28, 2023) (citation, internal quotations omitted). When assessing whether one company has control over another's documents, courts consider factors such as (a) commonality of ownership; (b) exchange/commingling of directors, officers, and employees; (c) exchange of documents between entities in ordinary course of business; (d) any benefit/involvement by the other entity in underlying transaction; and (e) involvement of the other entity in the litigation. *Quinn-White v. Novartis Pharmaceutical Corp.*, 2018 WL 6074547, *2-*3 (C.D. Cal. Sept. 4, 2018); *see also Q Indus.*, 2023 WL 5505889, at *9 (similar). Each of these factors supports a finding that Aster has sufficient control over the alter egos' documents to search and produce them in this litigation. Particularly where Planet Image listed Aster in its SEC filings and Plaintiff alleges that Planet Image has benefited from and is intimately involved in the underlying conduct, as well as that Aster and its alter ego entities have abused the corporate form to carry out their scheme, courts must "closely examine the actual relationship between two corporations" when one is a party and the other has control of responsive documents, in order to "guard against not just fraud and deceit, but also sharp practices, inequitable conduct, or other false and misleading actions whereby corporations try to hide documents or make discovery of them difficult." *QC Labs v. Green Leaf Lab, LLC*, No. 818CV01451JVSJDEX, 2019 WL 6797250, at *5 (C.D. Cal. July 19, 2019). We thus believe Aster must search for and produce documents within the possession of its alter ego entities, including Planet Image. Indeed, a number of Plaintiff's allegations are *about* Defendant's alter ego relationships. The Court specifically noted that Plaintiff's "allegations plausibly allege that the entities are so intertwined that their separate personalities no longer exist[.]" Dkt. 147 at 10. Plaintiff is entitled to explore these allegations in discovery and we do not believe it appropriate for Aster unilaterally to assert a lack of control over the very documents which would demonstrate the alter ego relationship. Those documents must also be produced, even if they are within the possession of Aster's alter ego entities.

The unilaterally-imposed limitation to construe "Defendant(s)", "you", and "your" as referring only to "Aster Graphics, Inc." is improper. As noted above, Aster has an obligation to search and produce documents of which it has possession, custody, or control. There is no basis (asserted or otherwise) to believe that Aster would not have control over the documents of any Aster subsidiary.

In response to Request Nos. 3-4, 7-9, 16, 18, 21-22, 26-34, 48, Defendants stated "The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner". During the parties' meet-and-confer Plaintiff explained that this was not the entire list of entities nor was it an accurate representation of the entities Plaintiff had attributed to Defendants. Your list ignores the entities Planet Image International Limited, Jiangxi Yibo E-tech Co., Ltd., Jiangxi Yibo, Amstech Limited, Aztech Enterprise Limited, Eco Imaging Inc., Revol Trading Inc. and Intercon International Corp. all of which were alleged as alter-ego entities in the operative complaint and allegations which the Court deemed sufficient. Dkt. 1 ¶¶32-39; Dkt. 147 at 12.

Aster has an obligation to search for and produce responsive documents over which it has possession, custody, or control—including documents in the possession of its alter ego entities. To

the extent that any of Aster's Responses indicating that "no documents responsive to this Request exist" or that Defendant was "unaware of nonprivileged documents" (or similar language) are based on the limitation of discovery to Aster (and excluding the alter ego entities), this is insufficient and these responses must be supplemented. Please confirm that Aster will do so, consistent with the definitions and instructions included in the Requests. This overarching issue applies to all Requests.

## II.     Specific Requests and Responses

**Request No. 3:** This Request seeks "Documents sufficient to identify any employees shared, jointly employed, or co-employed by Aster Graphics, Inc., or any other entities related to you." In response Defendant stated it was "willing to meet and confer to discuss reasonable proposals to clarify the scope of this Request". During the parties' meet-and-confer we explained that this Request is directly relevant to Plaintiff's alter-ego claims as crossover of employees is a factor courts use to assess alter-ego allegations. You stated that the definition of employee was too broad. We disagree with that contention, nonetheless in the spirit of compromise, Plaintiff would define employee as any person employed for wages or salary by Defendant or any related entity. Please confirm that Defendant will produce responsive documents to this Request.

**Request No. 4:** This Request seeks "Documents sufficient to show the business relationship(s) between and among Aster Graphics Inc. and the following entities, including all "transactional documents" between same as referenced in your Rule 26(a)(1) initial disclosures: (a) Planet Image International Limited; (b) Jiangxi Yibo E-Tech Co., Ltd.; (c) Jiangxi Leibotai E-Tech Co., Ltd.; (d) Yantuo (Guangdong) Technology Co., Ltd.; (e) Your Office Supplies Company Limited; (f) Iprint Enterprise Limited; (g) Amstech Limited; (h) Aztech Enterprise Limited; (i) Supplies4u Limited; (j) Access Supplies Limited; (k) Dellon Technology Company Limited; (l) Eco Imaging Inc.; (m) Revol Trading Inc.; (n) Intercon International Corp.; (o) Aster Technology Holland B.V.; (p) Proimage B.V.; (q) Aster Technology Italia S.R.L.; (r) Aster Supplies GmbH.; (s) Aster Technology France.; (t) Aster Technology UK Ltd.; (u) Arcon; (v) True Image; (w) Toner Bank; (x) Cool Toner; and (y) Victoner." Defendant objected to this Request "to the extent that it seeks discovery of Defendant's relationship with any entities other than the Amazon sellers identified or identifiable in the Complaint." Please confirm whether any documents are being withheld because of this objection.

Defendant also described Plaintiff's Request for all "transactional documents" between Defendant and all the entities listed in this Request as a "fishing expedition". While this is not phrased as an objection, your response omits an agreement to produce transactional documents. Plaintiff disagrees with your contention as this Request specifically refers to the transactional documents "referenced in your Rule 26(a)(1) initial disclosures". Given that Defendant referenced the transactional documents in its disclosures and the relevance to Plaintiff's alter-ego claims, Plaintiff is entitled to discover these documents. Please confirm that Defendant will produce the responsive transactional documents to this Request.

Also, in response to this Request, Defendant agreed to produce documents "sufficient to show the business relationship between Aster Graphics Inc., on the one hand, and the following entities on the other hand - Access Supplies Limited, Amstech Limited., Aztech Enterprise

231 North Main Street, Suite 20
Edwardsville, IL 62025
Phone: (618) 307-6116                                                                              McCuneLawGroup.com
Fax: (618) 307-6161

Limited., Eco Imaging Inc., Intercon International Corp., Iprint Enterprise Limited, and Revol Trading Inc." During the parties' meet-and-confer you stated that the entities Defendant did not list from Request No. 4 were "not within the scope of the complaint". Plaintiff disagrees, as mentioned herein the Court found that ML Products sufficiently plead both elements of alter-ego liability for Aster and denied Aster's Motion on that basis. As such the documents responsive to this Request should include all the entities listed. Please confirm that Defendant will produce responsive documents to this Request related to each listed entity.

**Request No. 5:** This Request seeks "Documents sufficient to show the following individuals' job titles and responsibilities with any Defendant entity: (a) Ye (Leon) Yin; (b) Claire Huang; (c) Dan Huang; (d) Zixuan Zhou; (e) Thomas Z. Zhou; and (f) Huai Fu." In response, Defendant said Defendant would meet and confer to clarify the scope of this Request. During the parties' meet-and-confer you represented that Zixuan Zhou and Thomas Z. Zhou were the same person and he was outside counsel. You also stated you would "double check" on the remaining individuals and agreed to produce documents sufficient to show the individual's job titles and responsibilities with any Defendant entity.

**Request No. 6:** These Requests seeks "Documents sufficient to identify all names, and versions thereof, under which you have conducted business." In response, Defendant stated, "that no documents responsive to this Request exist". This Request is unambiguous however Plaintiff offers to further clarify that any document identifying any of the names Defendant has used to conduct business would be responsive. It is highly unlikely that Defendant is not in possession of any documents showing any name they have used to conduct business. In other words, Defendant would have to have never put any of the names they have used on any document ever. The operative complaint cites several documents displaying the name of various Defendant entities. Please confirm that Defendant will produce responsive documents to this Request.

**Request No 7:** This Request seeks "Documents sufficient to identify the ownership interest of all your parent, subsidiary, affiliate entities, and ink and toner brands." In response, Defendant stated that they would produce documents "sufficient to identify the owners of Aster Graphics, Inc., and non-privileged documents (if they exist) reflecting Aster Graphics, Inc.'s ownership interest or lack thereof of the following entities - Access Supplies Limited, Amstech Limited., Aztech Enterprise Limited., Eco Imaging Inc., Intercon International Corp., Iprint Enterprise Limited, and Revol Trading Inc." During the parties meet-and-confer we explained that this is insufficient as Defendant's response improperly limits the list of entities requested and makes no mention of any ink or toner brands. The response is also insufficient because it limits the ownership interest to "Aster Graphics, Inc.'s ownership," while the Request applies to Defendant and all the alter ego entities. Please confirm that Defendant will produce responsive documents to this Request related to all Defendant entities.

**Request No. 8:** This Request seeks "All documents relating to Defendant's denial that it functions as the North American sales headquarters for Planet Image International Ltd., including, but not limited to: (a) Organizational charts for the affiliated companies located in North America. (b) Documents referring to the location of Defendant's global or North American sales staff, operations, or product management. (c) All documents Defendant intends to rely upon to support

its denial of North American headquarters status in this litigation." In the complaint, Plaintiff cited to Planet Image International's SEC Statement confirming that Aster Graphics Inc. serves as "the sales headquarters" of the business for the North American market and is an indirectly wholly-owned subsidiary of Planet Image International Limited. Dkt. 1 ¶36. In its answer to the complaint Aster Graphics *denied* this fact. Dkt. 27 ¶36. During the parties' meet-and-confer you stated in direct conflict with Defendant's SEC Statement that "just because Defendant's public filings say it does not mean that it is accurate". In response, we explained that Plaintiff is entitled to know on what basis Defendant is denying the allegation that they are not the North American headquarters, and that Defendant should produce the documents supporting its denial. If it is Aster Graphics' position that the Planet Image International SEC filing states false information, please say so. Otherwise, please confirm that Defendant will produce responsive documents to this Request.

**Request No. 9:** This Request seeks "All documents concerning any involvement you have had in acquisitions of ink or toner brands or an entity controlling ink or toner brands." In response, Defendant stated that it was "unaware of any documents showing Aster Graphics, Inc. is involved in acquisitions of the following entities (if these entities have indeed been acquired) - Access Supplies Limited, Amstech Limited., Aztech Enterprise Limited., Eco Imaging Inc., Intercon International Corp., Iprint Enterprise Limited, and Revol Trading Inc." During the parties meet-and-confer we explained that this is insufficient as Defendant's response improperly limits the list of entities requested and makes no mention of any ink or toner brands. The response is also insufficient because it limits the involvement in acquisitions to "showing Aster Graphics, Inc's" involvement, while the Request applies to Defendant and all the alter-ego entities. Please confirm that Defendant will produce responsive documents to this Request related to all Defendant entities.

**Request No. 10:** This Request seeks "All your audited and unaudited financial statements, including documents sufficient to identify your assets, including financial accounts and payroll accounts." In response, Defendants stated that they were willing to meet-and-confer regarding this Request. During the parties' meet-and-confer we explained that this Request is relevant to Plaintiff's alter-ego claims and provided a non-exhaustive list of examples (comingling of assets, one entity paying other entities' employees, undercapitalization) that could be relevant. In response you offered to reconsider our Request. Please confirm that Defendant will produce responsive documents to this Request.

**Request No. 11:** This Request seeks "Documents sufficient to identify all email domains used by employees of Defendants." In response, Defendants agreed to produce "responsive documents (if they exist) within Defendant's possession, custody, and control that are sufficient to show the email domains used by Aster Graphics Inc. employees." This is again insufficient as it improperly limits the Request to emails domains used by "Aster Graphics Inc. employees", while the Request applies to Defendant and all the alter ego entities. Please confirm that Defendant will produce responsive documents to this Request related to all Defendant entities.

**Request Nos. 13, 16-19:** These Requests seek documents related to selling on Amazon. In response to each Request Defendant responded that "no documents responsive to this Request exist." During the parties' meet-and-confer you stated that Defendant does not have responsive documents because "Aster does not sell on Amazon". We explained that these Requests apply to

all Defendant entities and that Defendant should produce responsive documents even if they are about other entities. In response, you said you need to evaluate these Requests again. Please confirm that Defendant will produce responsive documents to these Requests related to all Defendant entities.

**Request No. 20:** This Request seeks "Documents sufficient to show any U.S. patents you owned for your ink or toner since 2010." In response, Defendant stated that it "will not produce responsive documents". During the parties meet-and-confer you represented that Defendant does not own any patents.

**Request Nos. 21-22:** These Requests seek documents showing Defendant's ink or toner U.S trademarks and business registrations. In response, Defendant stated that Defendant would meet-and-confer regarding these Requests. During the parties' meet-and-confer we explained that these were relevant to entity crossover and the alter-ego allegations. In response you said you understood and "could see why these Requests would be relevant". Please confirm Defendants will produce responsive documents to these Requests.

**Request Nos. 23-26:** These Requests seek documents concerning U.S. customs, import records, and shipments. In response, Defendant stated that it would meet-and-confer regarding these Requests. During our meet-end-confer we explained these requests were related to Plaintiff's alter-ego allegations and relevant to proving which entities participated in the alleged conduct. Please confirm that Defendant will produce responsive documents to these Requests.

**Request Nos. 27-48:** These Requests seek documents relevant to Plaintiff's claims and alter-ego allegations. In response to these Requests, Defendants stated that they were "unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search." During the parties' meet-and-confer we explained that these Requests apply to all Defendant entities and that Defendant should produce responsive documents even if they are about other entities. It is surprising that Defendant does not have any responsive documents to these Requests as many of them appear fundamental to the operation of Defendant's business, nonetheless, please confirm that Defendant will produce responsive documents to these Requests related to all Defendant entities or in the alternative confirm that none of the Defendant entities have documents responsive to these Requests.

**Request Nos. 51-53:** These Requests seek documents sufficient to show Defendant's business relationship(s), if any, with the defendants in the related cases V4Ink, Inc., Ninestar Technology Co. Ltd., Ninestar Corp., BillionTree Technology USA, Inc. or Mountain Peak, Inc. and any of their related entities ("Related Case Defendants"). In response, Defendant offered to meet-and-confer regarding these Requests. During the meet-and-confer we clarified that Plaintiff was not seeking any documents related to defense information. Plaintiff was primarily seeking documents related to any business relationships; Plaintiff has alleged that Defendants and Related Case Defendants all engage in the same or similar conduct and have used or established business addresses for numerous entities in the same geographic vicinity. Plaintiff has also alleged Defendants and the Related Case Defendants take significant steps to conceal or hide ownership of their various entities. The breadth of this remains unknown, leaving open the possibility of

crossover between Defendants, their entities, and the Related Case Defendants and their entities. Given these factors Plaintiff reaffirms these Requests. We thus believe these Requests are justified. You explained some apparent concern about attempts to discover communications between counsel for Defendants and the Related Case Defendants. To be clear, if there is a joint defense agreement of any sort we believe that is discoverable and Plaintiff is entitled to discover its existence and scope. Please confirm that Defendant will produce responsive documents to these Requests.

**Request No. 54:** This Request seeks "All documents concerning ML Products Inc. or Mark Schwanauer, including "transactional documents" with ML Products Inc. as referenced in your Rule 26(a)(1) initial disclosures." In response, Defendant stated that it was not producing but willing to meet-and-confer. During the parties meet-and-confer you stated that you felt "all" was broad related to this Request. We explained that any document concerning ML Products Inc. or Mark Schwanauer was relevant to this litigation. Plaintiff is also entitled to the documents you referenced in your Rule 26(a)(1) disclosures. Please confirm that Defendant will produce all documents responsive to this Request.

We look forward to your responses.

Sincerely yours,

MCCUNE LAW GROUP

Connor P. Lemire