# EXHIBIT 3

# ScienBiziP

**ScienBiziP, P.C.**

550 S. Hope Street, Ste. 2825
Los Angeles, CA 90071

Main : 1.213.426.1771
Fax   : 1.213.426.1788

VIA EMAIL

February 5, 2025

Connor P. Lemire
McCune Law Group
231 North Main Street, Suite 20
Edwardsville, IL 62025
Email: cpl@mccunewright.com

      Re: *ML Products Inc. v. Aster Graphics, Inc.*, et al.
      Case No.: 5:23-CV-02094-MEMF-DTB (C.D. Cal.)

Dear Mr. Lemire:

  This letter follows up on our meet and confer discussion on April 19, 2024, and addresses the concerns raised in your June 3, 2024 letter regarding Aster Graphics, Inc.'s ("Aster") responses and objections to Plaintiff's First Set of Requests for Production ("RFPs").

  Aster continues its commitment to comply with its discovery obligations, while reiterating its objections to discovery requests that are broad, unduly burdensome, and procedurally improper. Aster maintains that its responses and objections comply with the Federal Rules of Civil Procedure and that any additional supplementation will be proportionate, relevant, and compliant with discovery obligations.

I.  OVERARCHING ISSUES

    A. Confidential and Proprietary Information

  Aster will not withhold documents solely on confidentiality and proprietary grounds, given especially that the Court has entered a protective order. Aster reserves the rights seem amendment to the protective order, however, as appropriate.

    B. Possession and Publicly Accessible Information

  Aster will not withhold documents based solely on its objection that the documents requested are "documents available from publicly-accessible websites."

    C. Duplicative Requests

  Aster will not produce duplicative documents.

    D. Temporal Scope of Discovery

  Plaintiff's requested date range (January 1, 2017 – present) is overbroad and is disproportional to the needs of the case. For example, the misconduct that Plaintiff alleges in the Complaint dates no earlier than February 2019. The fact that Plaintiff may assert against misconduct perpetrated in 2017 because statute of limitations has not run does not entitle

Plaintiff to a fish expedition where Plaintiff has not presented any alleged facts to suggest that such misconduct may have occurred in 2017. Aster maintains its objections.

### E. Privilege and Privilege Log

Aster will produce a privilege log if documents are withheld on that basis. The parties has agreed, during the April 19, 2024 conference, that privileged communication and attorney work products that postdate November 12, 2021 (the date the first complaint was filed against Aster), do not need to be logged. Please confirm this understanding.

### F. Non-Existence of Responsive Documents

Aster confirms that when it represents that no responsive documents exist, it means Aster was not able to find responsive documents within its possession, custody, or control after a reasonable and diligent search, notwithstanding the general or specific objections stated in Aster's March 1, 2024 Response.

### G. Document Productions

Aster maintains its position that to the extent that Aster agrees to produce any documents, Plaintiff is not entitled to every single document that is responsive to its Request where sample documents are sufficient to provide the requested information.

### H. Limitation of Responses to "Aster Graphics, Inc. Documents"

Aster agrees with Plaintiff that Aster should produce responsive documents within its "possession, custody, or control," assuming a document request is not otherwise objectionable. Aster has, however, consistently stated it does not have "control" over documents belonging to the alleged alter ego entities.

While Aster acknowledges that the Court has ruled that ML Products has overcome Aster's Rule 12(b)(6) motion to dismiss its alter ego theory, the Court has not made any alter ego evidentiary findings because the ruling assumed all the factual allegations in the complaint as true. Your June 3, 2024 letter has not cited any authority supporting ML Product's position that Aster must produce documents belonging to its affiliated companies based on *alleged* alter ego facts. Instead, the authorities you cite hold that the party seeking production must establish through admissible evidence the purposed "control." In *QC Labs*, the court ordered defendant Green Leaf Lab, LLC to produce "documents nominally held by" a related entity Green Leaf CA only after the Court conducted a hearing and "considered the evidence offered by Plaintiff, in the form of public records and the testimony of Defendant's representative, including evidence of the common use of a brand name, website, social media accounts, a common business operation, pleading admissions in another action, purported control exercised by Defendant, and purported control over at least some of Green Leaf CA's financial records." *QC Labs v. Green Leaf Lab, LLC*, 2019 U.S. Dist. LEXIS 217419, at *21-22 (C.D. Cal. July 19, 2019). As a contrast, in *Quinn-White*, the court denied plaintiff's request to compel production by defendant Novartis Pharms. Corp. of documents belonging to its parent holding company Novartis AG in part because Plaintiff has not presented sufficient evidence of control. *Quinn-White v. Novartis Pharms. Corp.*, 2018 U.S. Dist. LEXIS 227081, at *6-8 (C.D. Cal. Sep. 4, 2018). Specifically, the *Quinn-White* court found evidence of subsidiary ownership and limited overlap of management personnel is insufficient to establish control.

As we have explained during the meet and confer, Aster does not manage the operations of the Amazon sellers identified in the Complaint. Aster has produced documents reflecting its business transactions with the Amazon sellers identified in the Complaint. Aster has produced additional documents within its possession, custody, or control such as its employee identity data. These documents are consistent with Aster's position that it does not have control over the documents belonging to the alleged alter ego entities. Aster maintains its position.

II.     SPECIFIC REQUESTS AND RESPONSES

In the context of the overall responses and objections that Aster raises above, we respond as follows to each specific request that you identify in your June 3, 3024 letter.

**Request No. 3:**

Aster maintains its prior objection. Aster is agreeable to produce information to identify employees who receive either wage or salary from Aster. Aster is not agreeable to produce information regarding employees of any "related entit[ies]" if the employees do not otherwise receive wage or salary from Aster. Aster has produced reports from its ADP payroll system.

**Request No. 4**

Aster maintains its prior objection including its objection to this Request "to the extent that it seeks discovery of Defendant's relationship with any entity other than the Amazon seller identified or identifiable in the Complaint." Aster is agreeable to produce documents within its possession, custody, or control that are sufficient to show the business relationships between Aster and the Amazon sellers identified or identifiable in the Complaint. Aster has produced documents between Aster, on the one hand, and the Amazon sellers identified in the Complaint, on the other hand, that reflect the business transactions between them.

**Request No. 5**

Aster is agreeable to produce documents within its possession, custody, or control that is sufficient to show the job titles and responsibilities of individuals who receive either wage or salary from Aster. Aster conducted a reasonable search and did not locate responsive documents. Discovery is ongoing.

**Request No. 6**

Aster understands Plaintiff has clarified its request and states that the request seeks "any documents identifying any of the names Defendant [Aster] has used to conduct business." With that understanding, Aster conducted a reasonable search and produced responsive documents such as paperwork filed with the California Secretary of State. To clarify Aster's prior response, Aster has not used an alias therefore does not have any responsive documents if the request seeks documents showing that Aster has used an alias for conducting business.

**Request No. 7**

Aster maintains its objections to this Request. Aster is agreeable to produce documents within its possession, custody, or control that reflect who owns Aster and whether Aster has ownership interest in the Amazon seller identified or identifiable in the Complaint. Aster has produced responsive documents in that regard.

**Request No. 8**

The term "North American sales headquarters" is not a defined term. It is Aster's position that it does not function as the North American sales headquarter for Planet Image International Ltd. in part because it does not manage the operations of the Amazon sellers identified in the Complaint. Aster has further contended in this litigation that it is not the alter ego of these Amazon sellers. Aster has produced documents reflecting its business transactions with the Amazon sellers identified in the Complaint. The parties can dispute whether these documents prove or disprove whether Aster functions as the North American sales headquarter for Planet Image International Ltd. Plaintiff's Request is otherwise unreasonable because it is asking Aster to provide document to prove a negative.

**Request No. 9**

Aster maintains its objections to this Request. Aster has complied with its discovery obligation by explaining to Plaintiff that Aster "is unaware of any documents showing Aster Graphics, Inc. is involved in acquisitions of the following entities (if these entities have indeed been acquired) - Access Supplies Limited, Amstech Limited., Aztech Enterprise Limited., Eco Imaging Inc., Intercon International Corp., Iprint Enterprise Limited, and Revol Trading Inc."

**Request No. 10**

Aster maintains its objections to this Request including its objection that the Request is vague and ambiguous and "fails to describe with reasonable particularity the documents or things sought by Plaintiff." Aster is agreeable to produce certain documents such as company balance sheet and profit/loss statements and has indicated during the parties' meet and confer. Aster has produced these documents.

**Request No. 11**

Aster maintains its objections to this Request. Aster is agreeable to produce non-privileged, responsive documents within Defendant's possession, custody, and control that are sufficient to show the email domains used by Aster Graphics Inc. employees.

**Requests Nos. 13, 16-19**

Aster maintains its objections to these Requests.

**Request No. 20**

Aster maintains its objections to this Request on relevancy grounds. While the parties did discuss the relevancy of trademarks that Aster may have owned or controlled (as Plaintiff seeks through Request No. 21), Plaintiff has not articulated during the parties meet and confer why information relating to patents is relevant.

**Request Nos. 21-22**

Aster maintains its objections to this Request. Plaintiff has not provided any proposal to narrow or clarify the scope of this Request during the meet and confer, nor in the June 3 letter.

Nevertheless, and as a compromise, Aster is agreeable to produce U.S trademarks Aster has applied and obtained registration for the ink and toner product category.

### Request Nos. 23-26

Aster maintains its objections to these Requests and its positions with respect to each request as stated in its March 1, 2024 Response. Plaintiff has not provided any proposal to narrow or clarify the scope of these Requests. Plaintiff has not articulated during the parties meet and confer, nor in the June 3 letter, why information sought is relevant to the alter ego allegations in connection with the alleged misconduct. For example, the importation and customs records do not relate to the alleged misconduct of manipulating product reviews on Amazon. The sale of ink or Aster cartridge products to Amazon sellers not identified in the Complaint has no bearing on the alleged misconduct Plaintiff identified in the Complaint.

### Request Nos. 27-48

Aster maintains its objections to these Requests. Aster does not manage the operations of Amazon sellers identified in the Complaint. Aster does not have possession, custody, or control of the requested documents.

### Request Nos. 51-53

Aster maintains its objection. In addition, Aster objects to these Requests as irrelevant in view of the Court's decision to sever the 21cv1930 case and its finding that the Ninestar Technology Co. Ltd., Ninestar Corp.. BillionTree Technology USA, Inc., and Mountain Peak, Inc. are unrelated parties.

### Request No. 54

Aster maintains its objection. Aster is agreeable to produce documents sufficient to show the business relationship between Aster and ML Products Inc. or Mr. Mark Schwanauer. Aster has produced responsive documents.

Defendants reserve all rights.

Sincerely,

*Chen, Hua*

Hua Chen

CC:
    Richard D. McCune (rdm@mccunewright.com)
    Christopher M Sloot (cms@mccunewright.com)
    Dana R. Vogel (drv@mccunewright.com)
    Valerie L. Savran (vls@mccunewright.com)
    Geoffrey Stover (Geoff@axslawgroup.com)