# EXHIBIT 7

**McCUNE LAW GROUP**

3281 E. GUASTI ROAD, SUITE 100
ONTARIO, CALIFORNIA 91761
PHONE: 909-557-1250
FAX: 909-557-1275

June 20, 2025

_Delivery Type: Electronic Mail_

Hua Chen
**SCIENBIZIP, P.C.**
550 S. Hope St., Suite 2825
Los Angeles, CA 90071
huachen@scienbizippc.com

Geoffrey T. Stover
**AXS LAW GROUP LA LLP**
6080 Center Dr., Suite 210
Los Angeles, CA 90045
geoff@axslawgroup.com

     Re:     **ML Products Inc. v. Aster Graphics, Inc., et al. - Case No.: 5:23-CV-02094-MEMF-DTB (C.D. Cal.)**

Counsel:

     Pursuant to L.R. 37-1, please see the attached meet and confer letter laying out each discovery request at issue, and Plaintiff's position on each issue as well as any relevant legal authority.

     Plaintiff seeks to telephonically meet and confer on this letter on Monday, June 23. Please provide your availability as soon as possible.

     We hope to resolve these issues without motion practice. However, if these issues are unable to be resolved, Plaintiff will be seeking the Court's assistance in compelling the remaining requests at issue, as well as an order seeking sanctions as the Court deems fit under the local rules and all other applicable law.

     Discovery is permissible for any matters that may reasonably bear on the issues raised in the case. _Oppenheimer Fund, Inc. v. Sanders_, 437 U.S. 340, 351 (1978); _In re Toyota Secs. Litig_., 2012 WL 3791716, at *4 (C.D.Cal. Mar. 12, 2012). And Plaintiff's discovery requests all have a direct bearing on one or more of the issues raised in the Complaint, which in turn are intended to yield relevant evidence for trial.

Nor does any objection to the scope of discovery have any merit. Defendant's business operations and the alleged alter ego entities are surely relevant. *See L.H. v. Schwarzenegger,* No. CIV S06-2042 LKK GGH, 2007 WL 2781132, at *2 (E.D.Cal. Sept. 21, 2007) (discovery should "always be viewed from the context of Fed.R.Civ.P. 26(b)," and finding that "a party must make reasonable efforts to respond").

## I.  ISSUES IN DISPUTE

A.      **Plaintiff's Requests for Production**

1.      **Requests Related to the Alleged Alter Ego Entities and Defendants' Relationship with Each Other and Those Entities**

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify any employees shared, jointly employed, or co-employed by Aster Graphics, Inc., or any other entities related to you.

**DEFENDANT'S RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 3:**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to the undefined terms "employees shared" "jointly employed", and "co-employed" on the grounds that they are vague and ambiguous and fail to describe with reasonable particularity the documents or things sought by Plaintiff. Defendant further objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner. Defendant objects to this request to the extent that it seeks discovery of Defendant's relationship with any entities other than the Amazon sellers identified or identifiable in the Complaint.

Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer to discuss reasonable proposals to clarify the scope of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**PLAINTIFF'S POSITION RE: REQUEST FOR PRODUCTION NO. 3:**

Defendant's response is evasive, legally unsupported, and fails to comply with its discovery obligations under the Federal Rules of Civil Procedure. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclosure, answer, or respond." Fed. R. Civ. P. 37(a)(4). Here, Defendant provides no documents, no confirmation that any search was conducted, and offers only boilerplate objections with no factual or legal support.

Objections that terms are "vague", "ambiguous", or "not proportional" must be accompanied by specific explanation; otherwise, such objections are legally deficient. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014). Defendant's vague references to proportionality and relevance are not supported by any showing of burden, nor does Defendant explain how the discovery sought exceeds the permissible scope of Rule 26(b)(1). Defendant also fails to define what efforts, if any, it undertook to identify responsive documents or whether any such documents exist. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than merely assert that the search was conducted with due diligence" and "must briefly describe the search to allow the Court to determine whether it was reasonable").

The request seeks documents sufficient to identify employees who may be shared, jointly employed, or otherwise affiliated across Defendant and any affiliated or alter ego entities. This discovery is directly relevant to Plaintiff's alter ego and agency allegations, and courts have routinely held that "[c]ontrol may extend to documents that are nominally held in another corporation's care," and that shared employees, shared offices, and jointly-managed operations are strong indicators of such control. *QC Labs v. Green Leaf Lab, LLC*, No. 818CV01451JVSJDEX, 2019 WL 6797250, at *5 (C.D. Cal. July 19, 2019) (citation, internal quotations omitted); *Q Indus., Inc. v. O'Reilly Auto., Inc.*, No. CV223791HDVPVCX, 2023 WL 5505889, at *9 (C.D. Cal. July 28, 2023) (citation, internal quotations omitted).

Defendant's attempt to unilaterally limit the scope of discovery to "Amazon sellers identified ...  in the Complaint" is improper. The Federal Rules do not allow a responding party to narrow requests *sua sponte*. The relevance of shared employees or co-employment relationships is not limited to only those entities named in the pleadings – especially where Plaintiff alleges Defendant's utilization of a network of shell companies or affiliated actors.

McCUNE
LAW
GROUP

While the Court has not made factual findings regarding Plaintiff's alter ego allegations, they are open for discovery, and that discovery starts with documents Defendant may have in its possession about the identified brands or entities. There does not need to be a factual finding of alter ego relationships to require that Defendant to produce documents pertaining to any jointly shared employees between Defendant and any of the alleged individual and corporate alter egos described in the Complaint. Plaintiff has served document requests that are likely to yield admissible evidence about these brands and/or entities.

Defendant's response that it is "willing to meet and confer," does not excuse its non-response. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer does not comply with the FRCP and fails to satisfy Defendant's obligations. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted).

Plaintiff requests that Defendant promptly supplement its response to by (i) producing all responsive documents, including any records reflecting shared or jointly employed personnel, or (ii) confirming, after a diligent search and reasonable inquiry, that no such documents exist. *See* Adv. Comm. Notes to 2015 Amendments to Fed. R. Civ. P. 34.

## PLAINTIFF'S REQUEST FOR PRODUCTION NO. 8:

All documents relating to Defendant's denial that it functions as the North American sales headquarters for Planet Image International Ltd., including, but not limited to:

(a) Organizational charts for the affiliated companies located in North America.

(b) Documents referring to the location of Defendant's global or North American sales staff, operations, or product management.

(c) All documents Defendant intends to rely upon to support its denial of North American headquarters status in this litigation.

## DEFENDANT'S RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 8:

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent that it seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner. Defendant objects to this request to the

extent that it seeks discovery of Defendant's relationship with any entities other than the
Amazon sellers identified or identifiable in the Complaint. Defendant objects to this
Request on the grounds that it seeks documents or information not within its possession,
custody, or control. Defendant further objects to this request as overly broad and unduly
burdensome. Defendant objects to this Request to the extent it seeks duplicative
information responsive to other Requests contained herein, including, but not limited to,
Request Nos. 1, 3, and 4.

Subject to and without waiving the foregoing objections, Defendant will
not produce documents responsive to this Request as written, but is willing to meet and
confer to discuss reasonable proposals to clarify or narrow the scope of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery
proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this
Court.

## PLAINTIFF'S POSITION RE: REQUEST FOR PRODUCTION NO. 8:

Defendant's response is evasive, legally unsupported, and fails to comply with its
discovery obligations under the Federal Rules of Civil Procedure. An "evasive or
incomplete disclosure, answer, or response must be treated as a failure to disclosure,
answer, or respond." Fed. R. Civ. P. 37(a)(4). Here, Defendant provides no documents,
no confirmation that any search was conducted, and offers only boilerplate objections
with no factual or legal support.

Objections that terms are "vague", "ambiguous", or "not proportional" must be
accompanied by specific explanation; otherwise, such objections are legally deficient. As
courts have repeatedly held, "[w]here the responding party provides a boilerplate or
generalized objection, the "objections are inadequate and tantamount to not making any
objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D.
Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2
(S.D. Cal. Jul. 9, 2014). Defendant's vague references to proportionality and relevance
are not supported by any showing of burden, nor does Defendant explain how the
discovery sought exceeds the permissible scope of Rule 26(b)(1). Defendant also fails to
define what efforts, if any, it undertook to identify responsive documents or whether any
such documents exist. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19
(N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry … and if
no responsive documents or tangible things exist … so state with sufficient specificity to
allow the Court to determine whether … a reasonable inquiry and … due diligence" were
exercised); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a
party "must do more than merely assert that the search was conducted with due
diligence" and "must briefly describe the search to allow the Court to determine whether
it was reasonable").

The request seeks documents directly relevant to Defendant's own denials in this
litigation – specifically documents that bear on whether Defendant operates as the North

American headquarters for Planet Image International Ltd. These documents go directly to the heart of Plaintiff's alter ego and agency allegations, and are necessary to test Defendant's denials under Rule 11. The requested materials – organizational charts, location of key personnel, and documents Defendant intends to rely upon in denying its headquarters role – are narrowly tailored, concrete in scope, and plainly relevant. *See* Fed.R.Civ. P.26(a)(1)(requiring a party to produce "a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses...").

Defendant's attempt to unilaterally limit the scope of discovery to "Amazon sellers identified ... in the Complaint" is improper. The Federal Rules do not permit a party to selectively ignore requests merely because they do not like their scope or subject matter. Moreover, these documents relate to Defendant's own assertions in the case and are therefore independently relevant.

While the Court has not made factual findings regarding Plaintiff's alter ego allegations, they are open for discovery. There does not need to be a factual finding of alter ego relationships to require that Defendant to produce documents pertaining to Defendant's parent company and affiliated entities, as this is directly relevant to brand ownership and shared employees as described in the Complaint. Plaintiff has served document requests that are likely to yield admissible evidence about these brands and/or entities.

Defendant's response that it is "willing to meet and confer," does not excuse a non-response. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer does not comply with the FRCP and fails to satisfy Defendant's obligations. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted).

Plaintiff requests that Defendant promptly supplement its response to by (i) producing all responsive documents, including any records that support its denial of its North American headquarter status for Planet Image or (ii) confirming, after a diligent search and reasonable inquiry, that no such documents exist. *See* Adv. Comm. Notes to 2015 Amendments to Fed. R. Civ. P. 34.

## **PLAINTIFF'S REQUEST FOR PRODUCTION NO. 9:**

All documents concerning any involvement you have had in acquisitions of ink or toner brands or an entity controlling ink or toner brands.

Case 5:23-cv-02094-MEMF-DTB    Document 62-9    Filed 07/10/25    Page 8 of 56    Page
ID #:830

June 20, 2025
Page 7 of 55

McCUNE
LAW
GROUP

**DEFENDANT'S RESPONSE TO REQUEST FOR DOCUMENTS AND
THINGS NO. 9:**

Defendant incorporates its General Objections above as if set forth in full herein.
Defendant objects to this Request for lack of foundation. Defendant objects to the
undefined terms "acquisitions of an entity controlling ink or toner brands or an entity
controlling ink or toner brands" in this Request on the grounds that they are vague and
ambiguous and fail to describe with reasonable particularity the documents or things
sought by Plaintiff. Defendant objects to this Request to the extent it seeks information
that is not proportional to the needs of the case as required by Federal Rules of Civil
Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v.
Home Depot U.S.A., Inc.,* 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos
Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-
encompassing demands' that do not allow a reasonable person to ascertain which
documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").
Defendant objects to this request to the extent that it seeks discovery that is not relevant
to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts
and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon
ratings and compete unfairly on Amazon. The alleged tactics are directed at certain
Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech,
Cool Toner, Aztec, Toner Bank, and Victoner. Defendant objects to this request to the
extent that it seeks discovery of Defendant's relationship with any entities other than the
Amazon sellers identified or identifiable in the Complaint.

Subject to and without waiving the foregoing objections, and to the extent that Defendant
understands this Request, Defendant is unaware of any documents showing Aster
Graphics, Inc. is involved in acquisitions of the following entities (if these entities have
indeed been acquired) - Access Supplies Limited, Amstech Limited., Aztech Enterprise
Limited., Eco Imaging Inc., Intercon International Corp., Iprint Enterprise Limited, and
Revol Trading Inc.

Defendant reserves the right to supplement and/or amend this response as discovery
proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this
Court.

**PLAINTIFF'S POSITION RE: REQUEST FOR PRODUCTION NO. 9:**

Defendant's response is evasive, legally unsupported, and fails to comply with its
discovery obligations under the Federal Rules of Civil Procedure. An "evasive or
incomplete disclosure, answer, or response must be treated as a failure to disclosure,
answer, or respond." Fed. R. Civ. P. 37(a)(4). Here, Defendant provides no documents,
no confirmation that any search was conducted, and offers only boilerplate objections
with no factual or legal support.

Case 5:23-cv-02094-MEMF-DTB    Document 62-9    Filed 07/10/25    Page 9 of 56    Page
ID #:831

June 20, 2025
Page 8 of 55

McCUNE
LAW
GROUP

Objections to scope or proportionality must be stated with specificity, including an explanation of the alleged burden and an articulation of how the request exceeds the scope of Rule 26(b)(1). Defendant has made no such showing. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014). Objections based on "all documents" language are not a valid basis for refusal to answer where the subject matter is narrowly framed and plainly relevant to the claims. Moreover, Defendant's citation to *Mailhoit v. Home Depot* is misplaced; that case concerned facially overbroad and vague requests, whereas this request is targeted and seeks documents concerning Defendant's acquisitions activity in a defined market segment directly implicated in the litigation.

The information sought – Defendant's role in acquiring ink or toner brands or entities controlling such brands – is relevant to Plaintiff's alter ego and unfair competition allegations. This includes allegations that Defendant acts through a web of affiliated entities, exerts control over multiple nominally separate sellers, and consolidates market power. Corporate acquisitions in this industry are a relevant indicator of control, coordination, and consolidation among entities that may otherwise appear independent. Courts have routinely held that such evidence is relevant. *See* Fed.R.Civ. P.26(a)(1)(requiring a party to produce "a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses..."); *QC Labs v. Green Leaf Lab, LLC*, No. 818CV01451JVSJDEX, 2019 WL 6797250, at *5 (C.D. Cal. July 19, 2019) (citation, internal quotations omitted) (shared control of documents held in another corporation's care are key factors in evaluating alter ego and agency relationships); *Q Indus., Inc. v. O'Reilly Auto., Inc.*, No. CV223791HDVPVCX, 2023 WL 5505889, at *9 (C.D. Cal. July 28, 2023) (citation, internal quotations omitted).

While Defendant asserts that it is "unaware of any documents" concerning acquisitions of certain entities, it fails to (1) clarify whether a reasonable and diligent search was performed; (2) address whether responsive documents exist for other acquisitions beyond listed sellers; or (3) produce or identify any responsive documents whatsoever. A party must do more than express generalized unawareness; it must affirm that it conducted a reasonable inquiry and specify the efforts undertaken. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than merely assert that the search was conducted with due diligence" and "must briefly describe the search to allow the Court to determine whether it was reasonable").



While the Court has not made factual findings regarding Plaintiff's alter ego allegations, they are open for discovery, and that discovery starts with documents Defendant may have in its possession about the identified brands or entities. There does not need to be a factual finding of alter ego relationships to require that Defendant produce documents pertaining to the relationship between Defendant and any of the alleged individual and corporate alter egos described in the Complaint. Plaintiff and Defendant have also negotiated search terms, and Defendant has not represented that a search based upon all of the agreed upon search terms yielded no responsive documents.

On May 29, 2025, Plaintiff's counsel also took the deposition of Claire Huang, who is employed as an accountant and executive assistant to the CEO of Aster Graphics Inc. (Huang Dep. Tr., 11: 14-23). Defendant produced several documents to Plaintiff showing companies that sell ink and toner that were registered by Ms. Huang, including Revol Trading Inc., Intercon International Corp., and Eco Imaging Inc., which Ms. Huang also testified about during her deposition. *Id.,* 43:23-44:1; 45:8-20; 51:4-14; 68:4-8; 73:13-23. Ms. Huang also testified that she receives regular updates about these companies and brands to her Aster email address. *Id.,* 55:7-9; 58:16-20; 61:10-15; 66:1-14. It is clear that Defendant has a relationship with multiple companies and brands that sell ink and toner, and all documents pertaining to Aster's involvement with these entities need to be produced. Defendant's denial of such a relationship and refusal to produce relevant documents blatantly disregards its discovery obligations.

Plaintiff requests that Defendant promptly supplement its response to by (i) producing all responsive documents concerning any involvement in acquisitions of ink or toner brands or related entities, or (ii) confirming, after a diligent search and reasonable inquiry, that no such documents exist. *See* Adv. Comm. Notes to 2015 Amendments to Fed. R. Civ. P. 34.

## PLAINTIFF'S REQUEST FOR PRODUCTION NO. 12:

Documents sufficient to identify all addresses, physical office locations, office telephone numbers, and website addresses associated with Defendants.

## DEFENDANT'S RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 12:

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). Defendant objects to Plaintiff's Requests to the extent they seek information that is equally accessible to, or readily available to, Plaintiff, including but not limited to documents available from publicly-accessible websites or documents already in the possession, custody, or control of Plaintiff.



Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to this Request, that are within Defendant's possession, custody, and control and that are identified after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

### PLAINTIFF'S POSITION RE: REQUEST FOR PRODUCTION NO. 12:

Defendant's response is inadequate. Although Defendant states it "will produce responsive, non-privileged documents," it fails to specify what categories of documents, if any, will be produced, or when. The response also fails to confirm whether a search has been conducted or to explain the scope or method of any such search. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclosure, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Boilerplate objections regarding proportionality, relevance, and public accessibility are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Furthermore, the Federal Rules do not permit a responding party to withhold relevant discovery merely because the information may also be obtainable through public channels. Courts have repeatedly rejected the notion that public availability excuses a party from its obligation to produce materials within its possession, custody, or control. *See Thomas v. Hickman*, No. 106-CV-00215-AWI-SMS, 2007 WL 4302974, at *19 (E.D. Cal. Dec. 6, 2007) (rejecting the argument that production may be refused where documents are publicly available or accessible to the requesting party); *Bretana v. Int'l Collection Corp.*, No. C07-05934 JF (HRL), 2008 WL 4334710, at *5-6 (N.D. Cal. Sept. 22, 2008) (holding that a party cannot validly object to producing discovery merely because the information exists in public records); *see also U.S. S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 577 (M.D.N.C. 2002) (Rule 33(d) does not apply where the information is not readily ascertainable from business records or where a narrative response is necessary).

The request seeks information plainly relevant to the claims in this case – namely, the corporate structure and operational locations of Defendant and its affiliated entities, including any shared addresses, phone numbers, or website addresses. To date, Defendant has not produced responsive documents as to all aspects of the request. The information is directly relevant to Plaintiff's allegations of alter ego, agency, and coordinated commercial conduct across multiple entities – issues that courts have routinely found to



justify such discovery. *See Landa v. Simmons,* No. D083814, 2025 WL 1122234, at \*5 (Cal. Ct. App. Apr. 16, 2025) (in assessing alter ego, courts consider numerous factors, including "use of the same offices and employees" and "use of one as a mere shell or conduit for the affairs of the other"); Fed.R.Civ. P.26(a)(1)(requiring a party to produce "a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses..."); *QC Labs v. Green Leaf Lab, LLC,* No. 818CV01451JVSJDEX, 2019 WL 6797250, at \*5 (C.D. Cal. July 19, 2019) (citation, internal quotations omitted) (shared control of documents held in another corporation's care are key factors in evaluating alter ego and agency relationships); *Q Indus., Inc. v. O'Reilly Auto., Inc.,* No. CV223791HDVPVCX, 2023 WL 5505889, at \*9 (C.D. Cal. July 28, 2023) (citation, internal quotations omitted).

Plaintiff requests that Defendant promptly supplement its response by (i) producing all responsive documents in full, or (ii) confirming, after a diligent search and reasonable inquiry, that no such documents exist. *See* Adv. Comm. Notes to 2015 Amendments to Fed. R. Civ. P. 34; *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than merely assert that the search was conducted with due diligence" and "must briefly describe the search to allow the Court to determine whether it was reasonable").

## **PLAINTIFF'S REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to show any U.S. patents you owned for your ink or toner since 2010.

## **DEFENDANT'S RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 20:**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant objects to Plaintiff's Requests to the extent they seek information that is equally accessible to, or readily available to, Plaintiff, including but not limited to documents available from publicly-accessible websites or documents already in the possession, custody, or control of Plaintiff.

Subject to and without waiving the foregoing objections, Defendant will not produce documents responsive to this Request.



Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

## **PLAINTIFF'S POSITION RE: REQUEST FOR PRODUCTION NO. 20:**

Defendant's refusal to produce any documents responsive to this narrowly tailored request is improper and unsupported. The request seeks "documents sufficient to show any U.S. patents [Defendant] owned for [its] ink or toner since 2010." This is a clear and objectively defined category of documents, directly relevant to Plaintiff's allegations.

Boilerplate objections regarding relevance and public accessibility are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Furthermore, the Federal Rules do not permit a responding party to withhold relevant discovery merely because the information may also be obtainable through public channels. Courts have repeatedly rejected the notion that public availability excuses a party from its obligation to produce materials within its possession, custody, or control. *See Thomas v. Hickman*, No. 106-CV-00215-AWI-SMS, 2007 WL 4302974, at *19 (E.D. Cal. Dec. 6, 2007) (rejecting the argument that production may be refused where documents are publicly available or accessible to the requesting party); *Bretana v. Int'l Collection Corp.*, No. C07-05934 JF (HRL), 2008 WL 4334710, at *5-6 (N.D. Cal. Sept. 22, 2008) (holding that a party cannot validly object to producing discovery merely because the information exists in public records); *see also U.S. S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 577 (M.D.N.C. 2002) (Rule 33(d) does not apply where the information is not readily ascertainable from business records or where a narrative response is necessary).

Additionally, Defendant offers no legal or factual basis for its objection based on relevance. Patent ownership is directly relevant to Plaintiff's alter ego claim and Defendant's defenses.

Moreover, Plaintiff and Defendant have already negotiated search terms pertaining to the alleged alter ego brands and entities. Defendant has not represented that it has conducted a search based on those search terms, and that no responsive documents exist. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised); *Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted);



*Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than merely assert that the search was conducted with due diligence" and "must briefly describe the search to allow the Court to determine whether it was reasonable").

Plaintiff requests that Defendant promptly supplement its response by (i) producing all responsive documents sufficient to identify any U.S. patents owned or associated with its ink or toner products since 2010, or (ii) confirming that after a diligent search, no such documents exist.

## PLAINTIFF'S REQUEST FOR PRODUCTION NO. 21:

Documents sufficient to show any U.S. trademarks related to your ink or toner since 2010.

## DEFENDANT'S RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 21:

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to the term "trademark related to your ink or toner since 2010" in this Request on the grounds that it is vague and ambiguous and fails to describe with reasonable particularity the documents or things sought by Plaintiff. Defendant objects to Plaintiff's Requests to the extent they seek information that is equally accessible to, or readily available to, Plaintiff, including but not limited to documents available from publicly-accessible websites or documents already in the possession, custody, or control of Plaintiff. Defendant further objects to this request to the extent that it seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner. Defendant objects to this request to the extent that it seeks discovery of Defendant's relationship with any entities other than the Amazon sellers identified or identifiable in the Complaint. Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages.

Subject to and without waiving the foregoing objections, Defendant will not produce documents responsive to this Request as written but is willing to meet and confer to discuss reasonable proposals to clarify or narrow the scope of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**PLAINTIFF'S POSITION RE: REQUEST FOR PRODUCTION NO. 21:**

Defendant's response that it is "willing to meet and confer," does not excuse its refusal
to produce any documents responsive to this narrowly tailored request. This request seeks
"documents sufficient to show any U.S. trademark related to [Defendant's] ink or toner
since 2010," which is a clear and specific inquiry directly relevant to the issues in this
case. Defendant failed to produce any documents or even confirm the existence or
nonexistence of any such records. This blanket refusal to answer does not comply with
the FRCP and fails to satisfy Defendant's obligations. A responding party must respond
to the fullest extent possible, and any objections must be stated with specificity. Fed. R.
Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal.
Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from
sources within his control") (citation omitted).

Boilerplate objections regarding relevance and public accessibility are legally insufficient
unless supported by specific facts showing burden, duplication, or undue expense.
Defendant provides no such explanation. Furthermore, objections claiming that terms
such as "trademark related to ink or toner since 2010" are "vague and ambiguous" are
plainly meritless. As courts have repeatedly held, "[w]here the responding party provides
a boilerplate or generalized objection, the "objections are inadequate and tantamount to
not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D.
584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL
3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Furthermore, the Federal Rules do not permit a responding party to withhold relevant
discovery merely because the information may also be obtainable through public
channels. Courts have repeatedly rejected the notion that public availability excuses a
party from its obligation to produce materials within its possession, custody, or control.
*See Thomas v. Hickman*, No. 106-CV-00215-AWI-SMS, 2007 WL 4302974, at *19 (E.D.
Cal. Dec. 6, 2007) (rejecting the argument that production may be refused where
documents are publicly available or accessible to the requesting party); *Bretana v. Int'l
Collection Corp.*, No. C07-05934 JF (HRL), 2008 WL 4334710, at *5-6 (N.D. Cal. Sept.
22, 2008) (holding that a party cannot validly object to producing discovery merely
because the information exists in public records); *see also U.S. S.E.C. v. Elfindepan, S.A.*,
206 F.R.D. 574, 577 (M.D.N.C. 2002) (Rule 33(d) does not apply where the information
is not readily ascertainable from business records or where a narrative response is
necessary).

Additionally, Defendant offers no legal or factual basis for its objection based on
relevance. Defendant's position that the request is "not relevant" ignores the clear
relationship between Defendant's claimed trademark rights and Plaintiff's allegations
regarding brand manipulation, deceptive practices, and alter ego entities. Trademark
ownership is directly relevant to whether Defendant exercises control over the Amazon
sellers at issue, and whether Defendant has sought to conceal or misrepresent its
involvement in the ink and toner market. *See QC Labs v. Green Leaf Lab, LLC*, No.
818CV01451JVSJDEX, 2019 WL 6797250, at *5 (C.D. Cal. July 19, 2019) (shared



control of documents held in another corporation's care are key factors in evaluating alter
ego and agency relationships).

Moreover, Plaintiff and Defendant have already negotiated search terms pertaining to the
alleged alter ego brands and entities. Defendant has not represented that it has conducted
a search based on those search terms, and that no responsive documents exist. *See
VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring
that a responding party make "reasonable inquiry … and if no responsive documents or
tangible things exist … so state with sufficient specificity to allow the Court to determine
whether … a reasonable inquiry and … due diligence" were exercised); *Hash v. Cate*,
2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead
ignorance to information that is from sources within his control") (citation omitted);
*Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do
more than merely assert that the search was conducted with due diligence" and "must
briefly describe the search to allow the Court to determine whether it was reasonable").

On May 29, 2025, Plaintiff's counsel also took the deposition of Claire Huang, who is
employed as an accountant and executive assistant to the CEO of Aster Graphics Inc.
(Huang Dep. Tr., 11: 14-23). Defendant produced several documents to Plaintiff showing
companies that sell ink and toner that were registered by Ms. Huang, which Ms. Huang
also testified about during her deposition. *Id.,* 43:23-44:1; 45:8-20; 51:4-14; 68:4-8;
73:13-23. Ms. Huang also testified that she receives regular updates about these
companies and brands to her Aster email address. *Id.,* 55:7-9; 58:16-20; 61:10-15; 66:1-
14. These entities that were registered by Aster, and specifically Ms. Huang, operate or
otherwise control myriad different ink and toner trademarks, such as True Image, Arcon,
and Cool Toner, to name a few. *Id.,* 39:19-40:40:1; 53:18-24; 62:15-63:17. Defendant's
blanket refusal to produce relevant documents pertaining to these entities that sell ink and
toner, including the trademarks operated by them, is wholly unfounded, as such entities
and their trademarks directly relate to the allegations in the Complaint that Defendant is
engaging in the alleged conduct through various alter ego companies and brands.

Plaintiff requests that Defendant promptly supplement its response by (i) producing all
responsive documents sufficient to identify any U.S. trademarks associated with its ink or
toner products since 2010, or (ii) confirming that after a diligent search, no such
documents exist.

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to show any business registration of any entity you registered or
attempted to register with a U.S. state since 2010.

**DEFENDANT'S RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 22:**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). Defendant objects to the term "any entity you registered or attempted to register" in this Request on the grounds that they are vague and ambiguous. Defendant further objects to this request to the extent that it seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner. Defendant objects to this request to the extent that it seeks discovery of Defendant's relationship with any entities other than the Amazon sellers identified or identifiable in the Complaint. This Request amounts to a fishing expedition rather than a legitimate pursuit of relevant evidence to the parties' claims or defenses. Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages. Defendant objects to Plaintiff's Requests to the extent they seek information that is equally accessible to, or readily available to, Plaintiff, including but not limited to documents available from publicly-accessible websites or documents already in the possession, custody, or control of Plaintiff.

Subject to and without waiving the foregoing objections, Defendant will not produce documents responsive to this Request as written, but is willing to meet and confer to discuss reasonable proposals to clarify or narrow the scope of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**PLAINTIFF'S POSITION RE: REQUEST FOR PRODUCTION NO. 22:**

Defendant's response that it is "willing to meet and confer," does not excuse its refusal to produce any documents responsive to this narrowly tailored request. This request seeks "documents sufficient to show any business registration of any entity [Defendant's] registered or attempted to register with a U.S. state since 2010," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer does not comply with the FRCP and fails to satisfy Defendant's obligations. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted).



Boilerplate objections regarding relevance and public accessibility are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. Furthermore, objections claiming that terms such as "any entity you registered or attempted to register" are "vague and ambiguous" are plainly meritless. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Furthermore, the Federal Rules do not permit a responding party to withhold relevant discovery merely because the information may also be obtainable through public channels. Courts have repeatedly rejected the notion that public availability excuses a party from its obligation to produce materials within its possession, custody, or control. *See Thomas v. Hickman*, No. 106-CV-00215-AWI-SMS, 2007 WL 4302974, at *19 (E.D. Cal. Dec. 6, 2007) (rejecting the argument that production may be refused where documents are publicly available or accessible to the requesting party); *Bretana v. Int'l Collection Corp.*, No. C07-05934 JF (HRL), 2008 WL 4334710, at *5-6 (N.D. Cal. Sept. 22, 2008) (holding that a party cannot validly object to producing discovery merely because the information exists in public records); *see also U.S. S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 577 (M.D.N.C. 2002) (Rule 33(d) does not apply where the information is not readily ascertainable from business records or where a narrative response is necessary).

Additionally, Defendant offers no legal or factual basis for its objection based on relevance. Defendant's position that the request is "not relevant" ignores the clear relationship between Defendant's business registrations and Plaintiff's allegations regarding alter ego entities. Business registrations are directly relevant to whether Defendant has created, controlled, or attempted to obscure its involvement in affiliated entities operating in the U.S. market. Such records are probative of ownership, control, and interrelated corporate structures – factors that bear directly on Plaintiff's alter ego claims. *See QC Labs v. Green Leaf Lab, LLC*, No. 818CV01451JVSJDEX, 2019 WL 6797250, at *5 (C.D. Cal. July 19, 2019) (shared control of documents held in another corporation's care are key factors in evaluating alter ego and agency relationships).

Moreover, Plaintiff and Defendant have already negotiated search terms pertaining to the alleged alter ego brands and entities. Defendant has not represented that it has conducted a search based on those search terms, and that no responsive documents exist. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised); *Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do



more than merely assert that the search was conducted with due diligence" and "must
briefly describe the search to allow the Court to determine whether it was reasonable").

On May 29, 2025, Plaintiff's counsel also took the deposition of Claire Huang, who is
employed as an accountant and executive assistant to the CEO of Aster Graphics, Inc.
(Huang Dep. Tr., 11:14-23). Defendant produced several documents to Plaintiff showing
companies that were registered by Ms. Huang, which Ms. Huang also testified about
during her deposition. *Id.,* 43:23-44:1; 45:8-20; 51:4-14; 68:4-8; 73:13-23. Therefore, it is
reasonable that there may be other entities registered by Aster Graphics, Inc., and this
information goes directly to Plaintiff's alter ego claim that Defendant was registering and
operating numerous entities selling ink and toner.

Plaintiff requests that Defendant promptly supplement its response by (i) producing all
responsive documents sufficient to identify any business registration of any entity it
registered or attempted to register with a U.S. state since 2018, or (ii) confirming that
after a diligent search, no such documents exist.

## PLAINTIFF'S REQUEST FOR PRODUCTION NO. 23:

All documents concerning U.S. customs or other import records relating to your ink or
toner.

## DEFENDANT'S RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 23:

Defendant incorporates its General Objections above as if set forth in full herein.
Defendant objects to this Request to the extent it seeks information that is neither relevant
to any party's claims or defenses nor proportional to the needs of the case as required by
Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all
documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal.
2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151,
157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person
to ascertain which documents are required do not meet the particularity standard of Rule
34(b)(1)(A)"). Defendant further objects to the time frames of this Request to the extent
that it is seeking information outside the time period Plaintiff is entitled to claim damages
Defendant further objects to this Request as overly broad and unduly burdensome,
because Plaintiff has not established a reasonable basis that U.S. customs or other import
records are relevant to any parties' claims or defenses.

Subject to and without waiving the foregoing objections, Defendants will not produce
document responsive to this Request as written, but is willing to meet and confer to
discuss the relevance of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery
proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this
Court.

**PLAINTIFF'S POSITION RE: REQUEST FOR PRODUCTION NO. 23:**

Defendant' s response that it is "willing to meet and confer," does not excuse its refusal
to produce any documents responsive to this narrowly tailored request. This request seeks
"documents concerning U.S. customs or other import records relating to [Defendant's]
ink or toner," which is a clear and specific inquiry directly relevant to the issues in this
case. Defendant failed to produce any documents or even confirm the existence or
nonexistence of any such records. This blanket refusal to answer does not comply with
the FRCP and fails to satisfy Defendant's obligations. A responding party must respond
to the fullest extent possible, and any objections must be stated with specificity. Fed. R.
Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal.
Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from
sources within his control") (citation omitted); *Dulansky v. Iowa-Illinois Gas & Elec.
Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and
truthfulness in a response and any responses which seeks to evade or avoid … will not be
countenance.")

Boilerplate objections regarding relevance and proportionality are legally insufficient
unless supported by specific facts showing burden, duplication, or undue expense.
Defendant provides no such explanation. As courts have repeatedly held, "[w]here the
responding party provides a boilerplate or generalized objection, the "objections are
inadequate and tantamount to not making any objection at all." *Walker v. Lakewood
Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v.
JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Additionally, objections based on "all documents" language are not a valid basis for
refusal to answer where the subject matter is narrowly framed and plainly relevant to the
claims. Defendant's citation to *Mailhoit v. Home Depot* is misplaced; that case concerned
facially overbroad and vague requests, whereas this request is narrowly tailored to
documents concerning Defendant's importation activity of ink and toner products during
a specific period – a central issue in this litigation. These import records are discrete,
identifiable, and within Defendant's possession or obtainable through reasonable inquiry.

Additionally, Defendant offers no legal or factual basis for its objection based on
relevance. Defendant's position that the request is "not relevant" ignores the clear and
direct connection between U.S. import records and Plaintiff's allegations of deceptive
marketplace conduct and the operation of alter ego entities. Customs and import records
are likely to reveal the true source, ownership, and routing of goods entering the U.S.
market, and are highly probative of Defendant's role in the supply chain, including
whether it operates through concealed or affiliated entities. *See QC Labs v. Green Leaf
Lab, LLC*, No. 818CV01451JVSJDEX, 2019 WL 6797250, at *5 (C.D. Cal. July 19,

2019) (shared control of documents held in another corporation's care are key factors in
evaluating alter ego and agency relationships).

Moreover, Plaintiff and Defendant have already negotiated search terms pertaining to the
alleged alter ego brands and entities. Defendant has not represented that it has conducted
a search based on those search terms, and that no responsive documents exist. *See
VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring
that a responding party make "reasonable inquiry … and if no responsive documents or
tangible things exist … so state with sufficient specificity to allow the Court to determine
whether … a reasonable inquiry and … due diligence" were exercised); *Hash v. Cate*,
2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead
ignorance to information that is from sources within his control") (citation omitted);
*Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do
more than merely assert that the search was conducted with due diligence" and "must
briefly describe the search to allow the Court to determine whether it was reasonable").

Plaintiff has also produced hundreds of pages of documents to Defendant related to their
importation of ink and toner. ASTER-IMPORT-000001 - ASTER-IMPORT-000422.
Such documents clearly show that Defendant engages in this alleged conduct.
Defendant's denial that it engages in this conduct, and refusal to produce relevant
documents, wholly disregards its discovery obligations.

Plaintiff requests that Defendant promptly supplement its response by (i) producing all
responsive documents concerning U.S. customs or other import records relating to its ink or
toner, or (ii) confirming that after a diligent search, no such documents exist.


## PLAINTIFF'S REQUEST FOR PRODUCTION NO. 24:

All documents concerning any invoice for ink or toner brought through U.S. customs.

## DEFENDANT'S RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 24:

Defendant incorporates its General Objections above as if set forth in full herein.
Defendant objects to this Request to the extent it seeks information that is neither relevant
to any party's claims or defenses nor proportional to the needs of the case as required by
Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all
documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal.
2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151,
157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person
to ascertain which documents are required do not meet the particularity standard of Rule
34(b)(1)(A)"). Defendant further objects to the time frames of this Request to the extent
that it is seeking information outside the time period Plaintiff is entitled to claim damages
Defendant further objects to this Request as overly broad and unduly burdensome,



because Plaintiff has not established a reasonable basis that any invoices for ink or toner
brought though U.S. customs are relevant to any parties' claims or defenses.

Subject to and without waiving the foregoing objections, Defendants will not produce
document responsive to this Request as written, but is willing to meet and confer to
discuss the relevance of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery
proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this
Court.

## PLAINTIFF'S POSITION RE: REQUEST FOR PRODUCTION NO. 24:

Defendant' s response that it is "willing to meet and confer," does not excuse its refusal
to produce any documents responsive to this narrowly tailored request. This request seeks
"documents concerning any invoice for ink or toner brought through U.S. customs,"
which is a clear and specific inquiry directly relevant to the issues in this case. Defendant
failed to produce any documents or even confirm the existence or nonexistence of any
such records. This blanket refusal to answer does not comply with the FRCP and fails to
satisfy Defendant's obligations. A responding party must respond to the fullest extent
possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4);
34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a
responding party may not "plead ignorance to information that is from sources within his
control") (citation omitted); *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118,
124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and truthfulness in a
response and any responses which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding relevance and proportionality are legally insufficient
unless supported by specific facts showing burden, duplication, or undue expense.
Defendant provides no such explanation. As courts have repeatedly held, "[w]here the
responding party provides a boilerplate or generalized objection, the "objections are
inadequate and tantamount to not making any objection at all." *Walker v. Lakewood
Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v.
JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Additionally, objections based on "all documents" language are not a valid basis for
refusal to answer where the subject matter is narrowly framed and plainly relevant to the
claims. Defendant's citation to *Mailhoit v. Home Depot* is misplaced; that case concerned
facially overbroad and vague requests, whereas this request is narrowly tailored to
documents concerning invoices for imported ink and toner products – records that are
discrete, identifiable, and within Defendant's possession or obtainable through reasonable
inquiry.

Further, Defendant offers no legal or factual basis for its objection based on relevance.
Defendant's position that the request is "not relevant" ignores the clear and direct
connection between invoices for imported ink and toner and Plaintiff's allegations of



deceptive marketplace conduct and the operation of alter ego entities. Invoices are likely
to identify the true source, destination, and declared value of imported goods – facts that
are highly probative of Defendant's role in the supply chain and any efforts to obscure
control or relationships. *See QC Labs v. Green Leaf Lab, LLC*, No.
818CV01451JVSJDEX, 2019 WL 6797250, at *5 (C.D. Cal. July 19, 2019) (shared
control of documents held in another corporation's care are key factors in evaluating alter
ego and agency relationships).

Plaintiff and Defendant have already negotiated search terms pertaining to the alleged
alter ego brands and entities. Defendant has not represented that it has conducted a search
based on those search terms, and that no responsive documents exist. *See VeroBlue
Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021 (requiring that a
responding party make "reasonable inquiry … and if no responsive documents or tangible
things exist … so state with sufficient specificity to allow the Court to determine whether
… a reasonable inquiry and … due diligence" were exercised); *Hash v. Cate*, 2012 WL
6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to
information that is from sources within his control") (citation omitted); *Rogers v.
Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than
merely assert that the search was conducted with due diligence" and "must briefly
describe the search to allow the Court to determine whether it was reasonable").

Plaintiff has also produced hundreds of pages of documents to Defendant related to their
importation of ink and toner. ASTER-IMPORT-000001 - ASTER-IMPORT-000422.
Such documents clearly show that Defendant engages in this alleged conduct.

Plaintiff requests that Defendant promptly supplement its response by (i) producing all
responsive documents concerning any invoice for ink or toner brought through U.S.
customs, or (ii) confirming that after a diligent search, no such documents exist.


**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 25:**

All documents concerning any shipments of ink or toner to or from an Amazon FBA
warehouse.

**DEFENDANT'S RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO.
25:**

Defendant incorporates its General Objections above as if set forth in full herein.
Defendant objects to this Request to the extent it seeks information that is neither relevant
to any party's claims or defenses nor proportional to the needs of the case as required by
Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all
documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal.
2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151,
157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person
to ascertain which documents are required do not meet the particularity standard of Rule



34(b)(1)(A)"). Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages. Defendant further objects to this Request as overly broad and unduly burdensome, because Plaintiff has not established a reasonable basis that shipment documents to or from an Amazon FBA warehouse are relevant to any parties' claims or defenses or are proportional to the needs of this case.

Subject to and without waiving the foregoing objections, Defendants will not produce documents responsive to this Request as written, but is willing to meet and confer to discuss the relevance of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

## PLAINTIFF'S POSITION RE: REQUEST FOR PRODUCTION NO. 25:

Defendant's response that it is "willing to meet and confer," does not excuse its refusal to produce any documents responsive to this narrowly tailored request. This request seeks "documents concerning any shipments of ink or toner to or from an Amazon FBA warehouse," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer does not comply with the FRCP and fails to satisfy Defendant's obligations. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and truthfulness in a response and any responses which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding relevance and proportionality are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Additionally, objections based on "all documents" language are not a valid basis for refusal to answer where the subject matter is narrowly framed and plainly relevant to the claims. Defendant's citation to *Mailhoit v. Home Depot* is misplaced; that case concerned facially overbroad and vague requests, whereas this request is narrowly tailored to documents concerning shipments of ink or toner to or from Amazon FBA warehouses –

records that are discrete, identifiable, and within Defendant's possession or obtainable through reasonable inquiry.

Further, Defendant offers no legal or factual basis for its objection based on relevance. Defendant's position that the request is "not relevant" ignores the clear and direct connection between shipments to or from Amazon FBA warehouses and Plaintiff's allegations of deceptive marketplace conduct and the operation of alter ego entities. Shipment records are likely to identify the timing, volume, and routing of products distributed through Amazon – facts that are highly probative of Defendant's role in the logistics and fulfillment chain and any efforts to obscure control, coordination, or the true identity of marketplace sellers. *See QC Labs v. Green Leaf Lab, LLC*, No. 818CV01451JVSJDEX, 2019 WL 6797250, at *5 (C.D. Cal. July 19, 2019) (shared control of documents held in another corporation's care are key factors in evaluating alter ego and agency relationships).

Plaintiff and Defendant have already negotiated search terms pertaining to the alleged alter ego brands and entities. Defendant has not represented that it has conducted a search based on those search terms, and that no responsive documents exist. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021 (requiring that a responding party make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised); *Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than merely assert that the search was conducted with due diligence" and "must briefly describe the search to allow the Court to determine whether it was reasonable").

Plaintiff requests that Defendant promptly supplement its response by (i) producing all responsive documents concerning any shipments of ink or toner to or from an Amazon FBA warehouse, or (ii) confirming that after a diligent search, no such documents exist.

## PLAINTIFF'S REQUEST FOR PRODUCTION NO. 26:

All documents concerning ink or toner purchased from you for resale by any Amazon seller.

## DEFENDANT'S RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 26:

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal.



2012) (citing to *In re Asbestos Products Liability Litigation (No. VI)*, 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)"). Defendant further objects to this request to the extent that it seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner. Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages. Defendant objects to this request to the extent it seeks discovery of the sales of ink or toner from Defendant to any entities other than the Amazon sellers identified or identifiable in the Complaint. This Request amounts to a fishing expedition rather than a legitimate pursuit of relevant evidence to the parties' claims or defenses. Defendant objects to this Request to the extent it calls for confidential information, including trade secrets and other confidential commercial information, that would cause commercial harm to Defendant if disclosed to Plaintiff or third parties, and the Court has not yet entered a protective order in this case ensuring protection of such information. Defendant objects to this Request to the extent it seeks duplicative information responsive to other Requests contained herein including but not limited to Request No. 4.

Subject to and without waiving the foregoing objections, Defendant will not produce documents responsive to this Request as written, but is willing to meet and confer to discuss reasonable proposals to clarify or narrow the scope of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

## PLAINTIFF'S POSITION RE: REQUEST FOR PRODUCTION NO. 26:

Defendant's response that it is "willing to meet and confer," does not excuse its refusal to produce any documents responsive to this narrowly tailored request. This request is limited in scope to resales by Amazon sellers – the precise marketplace where the alleged conduct occurred – and seeks "documents concerning ink or toner purchased from [Defendant] for resale by any Amazon seller," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer does not comply with the FRCP and fails to satisfy Defendant's obligations. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950)



(FRCP 36 "requires absolute good faith and truthfulness in a response and any responses
which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding relevance, confidentiality, or commercial harm do not
excuse non-compliance. The proper mechanism for protecting sensitive business
information is through a stipulated protective order, not blanket refusal. As courts have
repeatedly held, "[w]here the responding party provides a boilerplate or generalized
objection, the "objections are inadequate and tantamount to not making any objection at
all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999);
*Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal.
Jul. 9, 2014). Furthermore, duplicative objections to Requests for Production are no basis
to withhold otherwise discoverable materials – particularly where no production has
occurred.

Additionally, objections based on "all documents" language are not a valid basis for
refusal to answer where the subject matter is narrowly framed and plainly relevant to the
claims. Defendant's citation to *Mailhoit v. Home Depot* is misplaced; that case concerned
facially overbroad and vague requests. In contrast, this request specifically targets
purchase or resale documentation for ink or toner products on Amazon related to
Defendant – records that are discrete, identifiable, and within Defendant's possession or
obtainable through reasonable inquiry.

Further, Defendant offers no legal or factual basis for its objection based on relevance.
Defendant's position that the request is "not relevant" ignores the clear and direct
connection between sales of ink or toner to Amazon sellers and Plaintiff's allegations of
deceptive marketplace conduct and the operation of alter ego entities selling on Amazon.
*See QC Labs v. Green Leaf Lab, LLC*, No. 818CV01451JVSJDEX, 2019 WL 6797250,
at *5 (C.D. Cal. July 19, 2019) (shared control of documents held in another
corporation's care are key factors in evaluating alter ego and agency relationships).

Additionally, Plaintiff has produced documents to Defendant showing that Plaintiff ML
Products, a seller on Amazon, directly purchased ink and toner from Defendant.
PLT014538-PLT014542. Defendant also maintains an affiliate program with Amazon
sellers, offering them supplies of ink and toner cartridges. PLT014554-PLT014558. As a
result, Defendant has no legal or factual basis to deny that it is involved in selling ink and
toner for resale on Amazon, but the extent of this conduct is presently unknown.
However, this information regarding Defendant's seller activity is directly relevant to
Plaintiff's claim that Defendant was engaged in selling ink and toner on Amazon via
various alleged alter ego entities and seller accounts controlled by them. Defendant
should be obligated to produce all documents related to this alleged conduct in its
possession, custody, or control.

Plaintiff and Defendant have already negotiated search terms pertaining to the alleged
alter ego brands and entities. Defendant has not represented that it has conducted a search
based on those search terms, and that no responsive documents exist. *See VeroBlue
Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021 (requiring that a



responding party make "reasonable inquiry … and if no responsive documents or tangible
things exist … so state with sufficient specificity to allow the Court to determine whether
… a reasonable inquiry and … due diligence" were exercised); *Hash v. Cate*, 2012 WL
6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to
information that is from sources within his control") (citation omitted); *Rogers v.
Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than
merely assert that the search was conducted with due diligence" and "must briefly
describe the search to allow the Court to determine whether it was reasonable").

Plaintiff requests that Defendant promptly supplement its response by (i) producing all
responsive documents concerning ink or toner purchased from Defendant for resale by
any Amazon seller, or (ii) confirming that after a diligent search, no such documents
exist.

## 2.   Requests Related To Defendants' Financial Records

### PLAINTIFF'S REQUEST FOR PRODUCTION NO. 10:

All your audited and unaudited financial statements, including documents sufficient to
identify your assets, including financial accounts and payroll accounts.

### DEFENDANT'S RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 10:

Defendant incorporates its General Objections above as if set forth in full herein.
Defendant objects to this Request on the grounds that it fails to describe with reasonable
particularity the documents or things sought by Plaintiff. *See Mailhoit v. Home Depot
U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products
Liability Litigation (No. VI)*, 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompa1ssing
demands' that do not allow a reasonable person to ascertain which documents are
required do not meet the particularity standard of Rule 34(b)(1)(A)"). Defendant further
objects to this request as overly broad and unduly burdensome to the extent it seeks
highly confidential information about Defendant's business. Defendant objects to the
undefined term "financial statements" in this Request on the grounds that it is vague and
ambiguous and fails to describe with reasonable particularity the documents or things
sought by Plaintiff. Defendant objects to this Request to the extent that it seeks
information outside the time period Plaintiff is entitled to claim damages. Defendant
objects to this Request on the grounds that it calls for confidential and sensitive
information, including trade secrets and other confidential research, development, and
commercial information, that would cause commercial harm to Defendant if disclosed to
Plaintiff or third parties, and the Court has not yet entered a protective order in this case
ensuring the protection of such information.

Subject to and without waiving the foregoing objections, Defendant will not produce
documents responsive to this Request as written, but is willing to meet and confer to
discuss reasonable proposals to clarify or narrow the scope of this Request.



Defendant reserves the right to supplement and/or amend this response as discovery
proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this
Court.

## PLAINTIFF'S POSITION RE: REQUEST FOR PRODUCTION NO. 10:

Defendant's response that it is "willing to meet and confer," does not excuse its refusal
to produce any documents responsive to this narrowly tailored request. This request seeks
"[Defendant's] audited and unaudited financial statements, including documents
sufficient to identify [Defendant's] assets, including financial accounts and payroll
accounts," which is a clear and specific inquiry directly relevant to the issues in this case.
Defendant failed to produce any documents or even confirm the existence or
nonexistence of any such records. This blanket refusal to answer does not comply with
the FRCP and fails to satisfy Defendant's obligations. A responding party must respond
to the fullest extent possible, and any objections must be stated with specificity. Fed. R.
Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal.
Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from
sources within his control") (citation omitted); *Dulansky v. Iowa-Illinois Gas & Elec.
Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and
truthfulness in a response and any responses which seeks to evade or avoid … will not be
countenance.")

Boilerplate objections regarding relevance, confidentiality, or commercial harm do not
excuse non-compliance. The proper mechanism for protecting sensitive business
information is through a stipulated protective order, not blanket refusal. Furthermore,
objections claiming that terms such as "financial statements" are "vague and ambiguous"
are plainly meritless. As courts have repeatedly held, "[w]here the responding party
provides a boilerplate or generalized objection, the "objections are inadequate and
tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners
Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision
Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Additionally, objections based on "all documents" language are not a valid basis for
refusal to answer where the subject matter is narrowly framed and plainly relevant to the
claims. The request specifically identifies the categories of information sought – financial
statements and documents sufficient to identify assets – which are common categories of
discovery. Defendant's citation to *Mailhoit v. Home Depot* is misplaced; that case
concerned facially overbroad and vague requests. In contrast, this request specifically
targets financial statements and asset documentation, which are directly relevant to
Plaintiff's alter ego theory and to assessing the nature and control of the entities at issue.

Defendant also fails to offer any factual basis for its burden objection, nor has it
explained why a request limited to its financial statements and asset-identifying
documents would be unduly burdensome. Further, Defendant offers no legal or factual
basis for its objection based on relevance. These documents are centrally relevant to



evaluating Defendant's financial integration, capitalization, and potential misuse of the
corporate form – each of which are factors in the alter ego analysis. *See QC Labs v.
Green Leaf Lab, LLC*, No. 818CV01451JVSJDEX, 2019 WL 6797250, at *5 (C.D. Cal.
July 19, 2019) (shared control of documents held in another corporation's care are key
factors in evaluating alter ego and agency relationships).

Additionally, these documents are directly linked to Plaintiff's claim that Defendant has
sold ink and toner on Amazon under various alter ego brand names – and to Defendant's
denial that it engages in such sales. Defendant's financial records are likely to yield
admissible evidence regarding revenue generation and business activity during the
relevant time period at issue. These records are also relevant to assessing Plaintiff's
damages under the Lanham Act. *See Sansi N. Am., LLC v. LG Elecs. USA, Inc*., No. CV
18-3541 PSG (SKX), 2019 WL 8168069, at *10 (C.D.Cal. Nov. 14, 2019) (finding
damages under the Lanham Act must be supported by "admissible evidence" such as
"instances of lost sales").

All businesses must file tax returns, which in turn require basic financial records. The
IRS mandates the retention of records concerning income, expenses, assets, and
liabilities. Businesses need bank accounts, which generate statements and related records.
Financial institutions typically require documentation of business finances. Even the
smallest business needs financial tracking to pay employees or contractors, manage
accounts receivable and payable, oversee inventory, and make operational decisions.

Moreover, Defendant has failed to (1) clarify whether a reasonable and diligent search
was performed; (2) address whether responsive documents exist; or (3) produce or
identify any responsive documents whatsoever. A party must do more than express
generalized unawareness; it must affirm that it conducted a reasonable inquiry and
specify the efforts undertaken. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406,
418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry …
and if no responsive documents or tangible things exist … so state with sufficient
specificity to allow the Court to determine whether … a reasonable inquiry and … due
diligence" were exercised); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012)
(holding that a party "must do more than merely assert that the search was conducted
with due diligence" and "must briefly describe the search to allow the Court to determine
whether it was reasonable").

Plaintiff requests that Defendant promptly supplement its response by (i) producing all
responsive audited and unaudited financial statements and documents sufficient to
identify its assets, including financial and payroll accounts during the relevant time, or
(ii) confirming that after a diligent search, no such documents exist.

Case 5:23-cv-02094-MEMF-DTB    Document 62-9    Filed 07/10/25    Page 31 of 56    Page
ID #:853

June 20, 2025
Page 30 of 55

McCUNE
LAW
GROUP

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 33:**

All documents concerning any proposed or actual tax filings or forms, or accounting statements, that include revenues relating to ink and toner sales on Amazon.

**DEFENDANT'S RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 33:**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)"). Defendant further objects to this request to the extent that it seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner. Defendant objects to this request to the extent that it seeks discovery of the sales of ink or toner from Defendant to any entities other than the Amazon sellers identified or identifiable in the Complaint. Defendant further objects to the time frame of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages. Defendant objects to this Request to the extent it seeks duplicative information responsive to other Requests contained herein including but not limited to Request No. 10.

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged, and responsive documents that include revenues relating to ink and toner sales on Amazon, after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**PLAINTIFF'S POSITION RE: REQUEST FOR PRODUCTION NO. 33:**

Defendant' s response that it is "willing to meet and confer," does not excuse its refusal to produce any documents responsive to this narrowly tailored request. This request seeks "[Defendant's] proposed or actual tax filings or forms, or accounting statements, that include revenues relating to ink and toner sales on Amazon," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This



blanket refusal to answer does not comply with the FRCP and fails to satisfy Defendant's obligations. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and truthfulness in a response and any responses which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding relevance and proportionality are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Additionally, objections based on "all documents" language are not a valid basis for refusal to answer where the subject matter is narrowly framed and plainly relevant to the claims. The request specifically identifies the categories of information sought – financial statements, tax filings, and interrelated corporate structures – which are common categories of discovery. Defendant's citation to *Mailhoit v. Home Depot* is misplaced; that case concerned facially overbroad and vague requests. In contrast, this request specifically targets financial statements and tax filings, which are directly relevant to Plaintiff's alter ego theory and Defendant's denial that it is not selling ink and toner on Amazon.

Additionally, these documents are directly linked to Plaintiff's claim that Defendant has sold ink and toner on Amazon under various alter ego brand names – and to Defendant's denial that it engages in such sales. Defendant's financial records are likely to yield admissible evidence regarding revenue generation and business activity during the relevant time period at issue. These records are also relevant to assessing Plaintiff's damages under the Lanham Act. *See Sansi N. Am., LLC v. LG Elecs. USA, Inc.*, No. CV 18-3541 PSG (SKX), 2019 WL 8168069, at *10 (C.D.Cal. Nov. 14, 2019) (finding damages under the Lanham Act must be supported by "admissible evidence" such as "instances of lost sales").

Plaintiff requests that Defendant promptly supplement its response by (i) producing all responsive documents concerning proposed or actual tax filings or forms, or accounting statements, that include revenues relating to ink and toner sales on Amazon, or (ii) confirming that after a diligent search, no such documents exist.

McCUNE
LAW
GROUP

### 3.    Requests Related To John Zhang & Other Employees

**<u>PLAINTIFF'S REQUEST FOR PRODUCTION NO. 5:</u>**

Documents sufficient to show the following individuals' job titles and responsibilities
with any Defendant entity:

(a) Ye (Leon) Yin
(b) Claire Huang;
(c) Dan Huang;
(d) Zixuan Zhou;
(e) Thomas Z. Zhou; and
(f) Huai Fu.

**<u>DEFENDANT'S RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO.
5:</u>**

Defendant incorporates its General Objections above as if set forth in full herein.
Defendant objects to this Request to the extent it seeks information that is neither relevant
to any party's claims or defenses nor proportional to the needs of the case as required by
Federal Rules of Civil Procedure 26(b)(1). Defendant objects to the request because the
phrase "any Defendant entity" as undefined. Defendant objects to this request to the
extent that it seeks information about individuals who are not a director, officer, or
employee of Aster Graphics Inc. Defendant objects to the request because the phrase
"sufficient to show ... job titles and responsibilities" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendant is willing to meet
and confer to discuss reasonable proposals to clarify the scope of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery
proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this
Court.

**<u>PLAINTIFF'S POSITION RE: REQUEST FOR PRODUCTION NO. 5:</u>**

Defendant' s response that it is "willing to meet and confer," does not excuse its refusal
to produce any documents responsive to this narrowly tailored request. This request seeks
"[d]ocuments sufficient to show the ... job titles and responsibilities [for several named
employees] with any Defendant entity," which is a clear and specific inquiry directly
relevant to the issues in this case. Defendant failed to produce any documents or even
confirm the existence or nonexistence of any such records. This blanket refusal to answer
does not comply with the FRCP and fails to satisfy Defendant's obligations. A
responding party must respond to the fullest extent possible, and any objections must be
stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012
WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead
ignorance to information that is from sources within his control") (citation omitted);

*Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950)
(FRCP 36 "requires absolute good faith and truthfulness in a response and any responses
which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding relevance and proportionality are legally insufficient
unless supported by specific facts showing burden, duplication, or undue expense.
Defendant provides no such explanation. Furthermore, objections claiming that terms
such as "any Defendant entity" or "sufficient to show ... job titles and responsibilities"
are "vague and ambiguous" are plainly meritless. As courts have repeatedly held,
"[w]here the responding party provides a boilerplate or generalized objection, the
"objections are inadequate and tantamount to not making any objection at all." *Walker v.
Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-
Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9,
2014).

Defendant offers no legal or factual basis for its objection based on relevance. These
documents are centrally relevant to evaluating Defendant's business operations, which
includes the responsibilities and titles of certain key employees – each of which are
factors in the alter ego analysis. This discovery is directly relevant to Plaintiff's alter ego
and agency allegations, and courts have routinely held that "[c]ontrol may extend to
documents that are nominally held in another corporation's care," and that shared
employees, shared offices, and jointly-managed operations are strong indicators of such
control. *QC Labs v. Green Leaf Lab, LLC*, No. 818CV01451JVSJDEX, 2019 WL
6797250, at *5 (C.D. Cal. July 19, 2019) (citation, internal quotations omitted); *Q Indus.,
Inc. v. O'Reilly Auto., Inc.*, No. CV223791HDVPVCX, 2023 WL 5505889, at *9 (C.D.
Cal. July 28, 2023) (citation, internal quotations omitted).

Moreover, Defendant has failed to (1) clarify whether a reasonable and diligent search
was performed; (2) address whether responsive documents exist; or (3) produce or
identify any responsive documents whatsoever. A party must do more than express
generalized unawareness; it must affirm that it conducted a reasonable inquiry and
specify the efforts undertaken. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406,
418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry …
and if no responsive documents or tangible things exist … so state with sufficient
specificity to allow the Court to determine whether … a reasonable inquiry and … due
diligence" were exercised); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012)
(holding that a party "must do more than merely assert that the search was conducted
with due diligence" and "must briefly describe the search to allow the Court to determine
whether it was reasonable").

Plaintiff requests that Defendant promptly supplement its response by (i) producing all
responsive documents sufficient to show the job titles and responsibilities for the named
employees with any Defendant entity, or (ii) confirming that after a diligent search, no
such documents exist.

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to identify all email domains used by employees of Defendants.

**DEFENDANT'S RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 11:**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant further objects to this Request as overly broad and unduly burdensome, because Plaintiff has not established a reasonable basis that Defendant's employees' email domains are relevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, Defendant will produce non-privileged, responsive documents (if they exist) within Defendant's possession, custody, and control that are sufficient to show the email domains used by Aster Graphics Inc. employees.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**PLAINTIFF'S POSITION RE: REQUEST FOR PRODUCTION NO. 11:**

Defendant's response is inadequate. Although Defendant states it "will produce responsive, non-privileged documents," it fails to specify what categories of documents, if any, will be produced. This request seeks "[d]ocuments sufficient to identify all email domains used by employees of Defendants," which is a clear and specific inquiry directly relevant to the issues in this case. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and truthfulness in a response and any responses which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding relevance and undue burden are legally insufficient unless supported by specific facts showing the burden, duplication, or undue expense. Defendant provides no such explanation. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Defendant also fails to offer any factual basis for its burden objection, nor has it explained why a request limited to its email domains used by its employees would be unduly burdensome. Further, Defendant offers no legal or factual basis for its objection based on relevance. The request seeks information plainly relevant to the claims in this case – namely, Defendant's business operations and communications, which includes the email domains that were used to conduct business related to Defendant and the alleged alter ego entities. *See Landa v. Simmons,* No. D083814, 2025 WL 1122234, at *5 (Cal. Ct. App. Apr. 16, 2025) (in assessing alter ego, courts consider numerous factors, including "use of the same offices and employees" and "use of one as a mere shell or conduit for the affairs of the other"); Fed.R.Civ. P.26(a)(1)(requiring a party to produce "a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses..."); *QC Labs v. Green Leaf Lab, LLC*, No. 818CV01451JVSJDEX, 2019 WL 6797250, at *5 (C.D. Cal. July 19, 2019) (citation, internal quotations omitted) (shared control of documents held in another corporation's care are key factors in evaluating alter ego and agency relationships); *Q Indus., Inc. v. O'Reilly Auto., Inc.*, No. CV223791HDVPVCX, 2023 WL 5505889, at *9 (C.D. Cal. July 28, 2023) (citation, internal quotations omitted).

Plaintiff and Defendant have already negotiated search terms pertaining to the alleged alter ego brands and entities. Defendant has failed to (1) clarify whether a reasonable and diligent search was performed based on those search terms; (2) address whether responsive documents exist; or (3) produce or identify any responsive documents whatsoever. A party must do more than express generalized unawareness; it must affirm that it conducted a reasonable inquiry and specify the efforts undertaken. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than merely assert that the search was conducted with due diligence" and "must briefly describe the search to allow the Court to determine whether it was reasonable").

Additionally, Plaintiff produced numerous documents to Defendant showing email domains for various Aster employees, including, but not limited to, PLT_014566; PLT_014726; PLT_014920. There are additional documents that also reflect Aster employee email addresses that were produced. As a result, it is clear that there are numerous employee email domains that have not been produced, and Plaintiff would not have known of them if Plaintiff had not been doing business with Aster. These emails are directly relevant to Plaintiff's claims, as they relate to Defendant's business operations, as well as any shared employees between Defendant and the alleged alter ego entities.

Plaintiff requests that Defendant promptly supplement its response by (i) producing all responsive documents sufficient to identify all email domains used by employees of Defendants, or (ii) confirming that after a diligent search, no such documents exist.

### 4.   Requests Related To Defendants' Communications Records

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 36:**

All documents concerning any offer of compensation, free or discounted merchandise, gift cards, or any other consideration offered or provided in exchange for product reviews, or to change or delete product reviews, on Amazon.

**DEFENDANT'S RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 36:**

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant objects to this Request to the extent it seeks information disproportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)"). Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages.

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**PLAINTIFF'S POSITION RE: REQUEST FOR PRODUCTION NO. 36:**

Defendant' s refusal to produce any documents responsive to this narrowly tailored request is evasive, legally unsupported, and fails to comply with its discovery obligations under the Federal Rules of Civil Procedure. This request seeks "[d]ocuments concerning any offer of compensation, free or discounted merchandise, gift cards, or any other consideration offered or provided in exchange for product reviews, or to change or delete product reviews, on Amazon," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer fails to satisfy Defendant's obligations. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his

control") (citation omitted); *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and truthfulness in a response and any responses which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding relevance and proportionality are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Defendant offers no legal or factual basis for its objection based on relevance. The request seeks information plainly relevant to the claims in this case – namely, Plaintiff's allegations of deceptive marketplace conduct, the operation of alter ego entities, and incentivized or manipulated product reviews. To date, Defendant has not produced responsive documents as to all aspects of the request. *See Landa v. Simmons,* No. D083814, 2025 WL 1122234, at *5 (Cal. Ct. App. Apr. 16, 2025) (in assessing alter ego, courts consider numerous factors, including "use of the same offices and employees" and "use of one as a mere shell or conduit for the affairs of the other"); Fed.R.Civ. P.26(a)(1)(requiring a party to produce "a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses..."); *QC Labs v. Green Leaf Lab, LLC*, No. 818CV01451JVSJDEX, 2019 WL 6797250, at *5 (C.D. Cal. July 19, 2019) (citation, internal quotations omitted) (shared control of documents held in another corporation's care are key factors in evaluating alter ego and agency relationships); *Q Indus., Inc. v. O'Reilly Auto., Inc.*, No. CV223791HDVPVCX, 2023 WL 5505889, at *9 (C.D. Cal. July 28, 2023) (citation, internal quotations omitted).

Additionally, objections based on "all documents" language are not a valid basis for refusal to answer where the subject matter is narrowly framed and plainly relevant to the claims. The request specifically identifies the categories of information sought – compensation, free or discounted merchandise, gift cards, or other considerations offered in exchange for Amazon product reviews. Defendant's citation to *Mailhoit v. Home Depot* is misplaced; that case concerned facially overbroad and vague requests. In contrast, this request specifically targets documents evidencing review manipulation tactics on Amazon, a core issue relevant to Plaintiff's claims.

Defendant has failed to (1) clarify whether a reasonable and diligent search was performed; (2) address whether responsive documents exist; or (3) produce or identify any responsive documents whatsoever. A party must do more than express generalized unawareness; it must affirm that it conducted a reasonable inquiry and specify the efforts undertaken. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity to



allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than merely assert that the search was conducted with due diligence" and "must briefly describe the search to allow the Court to determine whether it was reasonable").

In addition, Plaintiff produced to Defendant spreadsheets where it is clear that employees of Aster Graphics, Inc. were tracking reviews. Specifically, in PLT000005, Becky Anderson and John Zhang, Aster Graphics, Inc. employees, sent spreadsheets, including translated version PLT000003, where they are tracking reviews and offering compensation to consumers on Amazon for their reviews. There may be other relevant documents that Defendant has not produced.

Plaintiff requests that Defendant promptly supplement its response by (i) producing all responsive documents concerning any offer of compensation, free or discounted merchandise, gift cards, or any other consideration offered or provided in exchange for product reviews, or to change or delete product reviews, on Amazon, or (ii) confirming that after a diligent search, no such documents exist.

## PLAINTIFF'S REQUEST FOR PRODUCTION NO. 37:

All documents concerning customer reviews, product ratings, Best Seller ratings, or sales estimates or figures for any ink or toner product you sell or offer for sale on Amazon.

## DEFENDANT'S RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 37:

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant objects to this Request to the extent it seeks information disproportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)"). Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages.

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**PLAINTIFF'S POSITION RE: REQUEST FOR PRODUCTION NO. 37:**

Defendant' s refusal to produce any documents responsive to this narrowly tailored request is evasive, legally unsupported, and fails to comply with its discovery obligations under the Federal Rules of Civil Procedure. This request seeks "documents concerning customer reviews, product ratings, Best Seller ratings, or sales estimates or figures for any ink or toner product [Defendant] sell[s] or offer[s] for sale on Amazon," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer fails to satisfy Defendant's obligations. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and truthfulness in a response and any responses which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding relevance and proportionality are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Defendant offers no legal or factual basis for its objection based on relevance. The request seeks information plainly relevant to the claims in this case – namely, Plaintiff's allegations of deceptive marketplace conduct, the operation of alter ego entities, and incentivized or manipulated product reviews. To date, Defendant has not produced responsive documents as to all aspects of the request. *See Landa v. Simmons,* No. D083814, 2025 WL 1122234, at *5 (Cal. Ct. App. Apr. 16, 2025) (in assessing alter ego, courts consider numerous factors, including "use of the same offices and employees" and "use of one as a mere shell or conduit for the affairs of the other"); Fed.R.Civ. P.26(a)(1)(requiring a party to produce "a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses..."); *QC Labs v. Green Leaf Lab, LLC*, No. 818CV01451JVSJDEX, 2019 WL 6797250, at *5 (C.D. Cal. July 19, 2019) (citation, internal quotations omitted) (shared control of documents held in another corporation's care are key factors in evaluating alter ego and agency relationships); *Q Indus., Inc. v.*

*O'Reilly Auto., Inc.*, No. CV223791HDVPVCX, 2023 WL 5505889, at *9 (C.D. Cal. July 28, 2023) (citation, internal quotations omitted).

Additionally, objections based on "all documents" language are not a valid basis for refusal to answer where the subject matter is narrowly framed and plainly relevant to the claims. The request specifically identifies the categories of information sought – compensation, free or discounted merchandise, gift cards, or other considerations offered in exchange for Amazon product reviews – which are common categories of discovery. Defendant's citation to *Mailhoit v. Home Depot* is misplaced; that case concerned facially overbroad and vague requests. In contrast, this request specifically targets documents evidencing review manipulation tactics on Amazon, a core issue related to Plaintiff's claims.

Defendant has failed to (1) clarify whether a reasonable and diligent search was performed; (2) address whether responsive documents exist; or (3) produce or identify any responsive documents whatsoever. A party must do more than express generalized unawareness; it must affirm that it conducted a reasonable inquiry and specify the efforts undertaken. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than merely assert that the search was conducted with due diligence" and "must briefly describe the search to allow the Court to determine whether it was reasonable").

In addition, Plaintiff produced to Defendant spreadsheets where it is clear that employees of Aster Graphics, Inc. were tracking reviews. Specifically, in PLT000005, Becky Anderson and John Zhang, Aster Graphics, Inc. employees, sent spreadsheets, including translated version PLT000003, where they are tracking reviews and offering compensation to consumers on Amazon for their reviews. There may be other relevant documents that Defendant has not produced.

Plaintiff requests that Defendant promptly supplement its response by (i) producing all responsive documents concerning customer reviews, product ratings, Best Seller ratings, or sales estimates or figures for any ink or toner product Defendant sells or offers for sale on Amazon, or (ii) confirming that after a diligent search, no such documents exist.

## PLAINTIFF'S REQUEST FOR PRODUCTION NO. 38:

All documents concerning customer reviews, product ratings, Best Seller ratings, or sales estimates or figures for any ink or toner product sold or offered for sale on Amazon by any seller other than you.

Case 5:23-cv-02094-MEMF-DTB    Document 62-9    Filed 07/10/25    Page 42 of 56    Page
ID #:864

June 20, 2025
Page 41 of 55

McCUNE
LAW
GROUP

## DEFENDANT'S RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 38:

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant objects to this Request to the extent it seeks information disproportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)"). Defendant objects to Plaintiff's Requests to the extent they seek information that is equally accessible to, or readily available to, Plaintiff, including but not limited to documents available from publicly-accessible websites or documents already in the possession, custody, or control of Plaintiff.

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

## PLAINTIFF'S POSITION RE: REQUEST FOR PRODUCTION NO. 38:

Defendant' s refusal to produce any documents responsive to this narrowly tailored request is evasive, legally unsupported, and fails to comply with its discovery obligations under the Federal Rules of Civil Procedure. This request seeks "documents concerning customer reviews, product ratings, Best Seller ratings, or sales estimates or figures for any ink or toner product sold or offered for sale on Amazon by any seller other than [Defendant]," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer fails to satisfy Defendant's obligations. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and truthfulness in a response and any responses which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding proportionality, relevance, and public accessibility are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. As courts have repeatedly held,



"[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Furthermore, the Federal Rules do not permit a responding party to withhold relevant discovery merely because the information may also be obtainable through public channels. Courts have repeatedly rejected the notion that public availability excuses a party from its obligation to produce materials within its possession, custody, or control. *See Thomas v. Hickman*, No. 106-CV-00215-AWI-SMS, 2007 WL 4302974, at *19 (E.D. Cal. Dec. 6, 2007) (rejecting the argument that production may be refused where documents are publicly available or accessible to the requesting party); *Bretana v. Int'l Collection Corp.*, No. C07-05934 JF (HRL), 2008 WL 4334710, at *5-6 (N.D. Cal. Sept. 22, 2008) (holding that a party cannot validly object to producing discovery merely because the information exists in public records); *see also U.S. S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 577 (M.D.N.C. 2002) (Rule 33(d) does not apply where the information is not readily ascertainable from business records or where a narrative response is necessary).

Defendant offers no legal or factual basis for its objection based on relevance. The request seeks information plainly relevant to the claims in this case – namely, Plaintiff's allegations of deceptive marketplace conduct, the operation of alter ego entities, and incentivized or manipulated product reviews. To date, Defendant has not produced responsive documents as to all aspects of the request. *See* Fed.R.Civ. P.26(a)(1)(requiring a party to produce "a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses..."); *QC Labs v. Green Leaf Lab, LLC*, No. 818CV01451JVSJDEX, 2019 WL 6797250, at *5 (C.D. Cal. July 19, 2019) (citation, internal quotations omitted) (shared control of documents held in another corporation's care are key factors in evaluating alter ego and agency relationships); *Q Indus., Inc. v. O'Reilly Auto., Inc.*, No. CV223791HDVPVCX, 2023 WL 5505889, at *9 (C.D. Cal. July 28, 2023) (citation, internal quotations omitted).

Additionally, objections based on "all documents" language are not a valid basis for refusal to answer where the subject matter is narrowly framed and plainly relevant. Defendant's citation to *Mailhoit v. Home Depot* is misplaced; that case concerned facially overbroad and vague requests. In contrast, this request specifically targets documents evidencing review manipulation tactics on Amazon, a core issue related to Plaintiff's claims.

Defendant has failed to (1) clarify whether a reasonable and diligent search was performed; (2) address whether responsive documents exist; or (3) produce or identify any responsive documents whatsoever. A party must do more than express generalized unawareness; it must affirm that it conducted a reasonable inquiry and specify the efforts



undertaken. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than merely assert that the search was conducted with due diligence" and "must briefly describe the search to allow the Court to determine whether it was reasonable").

In addition, Plaintiff produced to Defendant spreadsheets where it is clear that employees of Aster Graphics, Inc. were tracking reviews. Specifically, in PLT000005, Becky Anderson and John Zhang, Aster Graphics, Inc. employees, sent spreadsheets, including translated version PLT000003, where they are tracking reviews and offering compensation to consumers on Amazon for their reviews. There may be other relevant documents that Defendant has not produced.

Plaintiff requests that Defendant promptly supplement its response by (i) producing all responsive documents concerning customer reviews, product ratings, Best Seller ratings, or sales estimates or figures for any ink or toner product sold or offered for sale on Amazon by any seller other than Defendant, or (ii) confirming that after a diligent search, no such documents exist.

## PLAINTIFF'S REQUEST FOR PRODUCTION NO. 39:

All documents concerning customer complaints for any ink or toner product you sell or offer for sale on Amazon.

## DEFENDANT'S RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 39:

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant objects to this Request to the extent it seeks information disproportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery
proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this
Court.

**<u>PLAINTIFF'S POSITION RE: REQUEST FOR PRODUCTION NO. 39:</u>**

Defendant' s refusal to produce any documents responsive to this narrowly tailored
request is evasive, legally unsupported, and fails to comply with its discovery obligations
under the Federal Rules of Civil Procedure. This request seeks "documents concerning
customer complaints for any ink or toner product [Defendant] sell[s] or offer[s] for sale
on Amazon," which is a clear and specific inquiry directly relevant to the issues in this
case. Defendant failed to produce any documents or even confirm the existence or
nonexistence of any such records. This blanket refusal to answer fails to satisfy
Defendant's obligations. A responding party must respond to the fullest extent possible,
and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4);
34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a
responding party may not "plead ignorance to information that is from sources within his
control") (citation omitted); *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118,
124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and truthfulness in a
response and any responses which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding relevance and proportionality are legally insufficient
unless supported by specific facts showing burden, duplication, or undue expense.
Defendant provides no such explanation. As courts have repeatedly held, "[w]here the
responding party provides a boilerplate or generalized objection, the "objections are
inadequate and tantamount to not making any objection at all." *Walker v. Lakewood
Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v.
JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Defendant offers no legal or factual basis for its objection based on relevance. The
request seeks information plainly relevant to the claims in this case – namely, Plaintiff's
allegations of deceptive marketplace conduct, the operation of alter ego entities, and
incentivized or manipulated product reviews. To date, Defendant has not produced
responsive documents as to all aspects of the request. Fed.R.Civ. P.26(a)(1)(requiring a
party to produce "a copy of, or a description by category and location of, all documents,
electronically stored information, and tangible things that are in the possession, custody,
or control of the party and that the disclosing party may use to support its claims or
defenses..."); *QC Labs v. Green Leaf Lab, LLC*, No. 818CV01451JVSJDEX, 2019 WL
6797250, at *5 (C.D. Cal. July 19, 2019) (citation, internal quotations omitted) (shared
control of documents held in another corporation's care are key factors in evaluating alter
ego and agency relationships); *Q Indus., Inc. v. O'Reilly Auto., Inc.*, No.
CV223791HDVPVCX, 2023 WL 5505889, at *9 (C.D. Cal. July 28, 2023) (citation,
internal quotations omitted).

Additionally, objections based on "all documents" language are not a valid basis for
refusal to answer where the subject matter is narrowly framed and plainly relevant to the



claims. The request specifically identifies the categories of information sought –
documents related to customer complaints. Defendant's citation to *Mailhoit v. Home
Depot* is misplaced; that case concerned facially overbroad and vague requests. In
contrast, this request specifically targets documents evidencing review manipulation
tactics on Amazon, a core issue related to Plaintiff's claims.

Defendant has failed to (1) clarify whether a reasonable and diligent search was
performed; (2) address whether responsive documents exist; or (3) produce or identify
any responsive documents whatsoever. A party must do more than express generalized
unawareness; it must affirm that it conducted a reasonable inquiry and specify the efforts
undertaken. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex.
2021) (requiring that a responding party make "reasonable inquiry … and if no
responsive documents or tangible things exist … so state with sufficient specificity to
allow the Court to determine whether … a reasonable inquiry and … due diligence" were
exercised); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a
party "must do more than merely assert that the search was conducted with due
diligence" and "must briefly describe the search to allow the Court to determine whether
it was reasonable").

In addition, Plaintiff produced to Defendant spreadsheets where it is clear that employees
of Aster Graphics, Inc. were tracking reviews. Specifically, in PLT000005, Becky
Anderson and John Zhang, Aster Graphics, Inc. employees, sent spreadsheets, including
translated version PLT000003, where they are tracking reviews and offering
compensation to consumers on Amazon for their reviews. There may be other relevant
documents that Defendant has not produced.

Plaintiff requests that Defendant promptly supplement its response by (i) producing all
responsive documents concerning customer complaints for any ink or toner product
Defendant sells or offers for sale on Amazon, or (ii) confirming that after a diligent
search, no such documents exist.

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 40:**

All documents concerning any attempted or actual communication between you and any
customer concerning Amazon reviews or ratings.

**DEFENDANT'S RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO.
40:**

Defendant incorporates its General Objections above as if set forth in full herein.
Defendant objects to this Request for lack of foundation. Defendant objects to this
Request to the extent it seeks information that is neither relevant to any party's claims or
defenses. Defendant objects to this Request to the extent it seeks information
disproportional to the needs of the case as required by Federal Rules of Civil Procedure
26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot*



*U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**PLAINTIFF'S POSITION RE: REQUEST FOR PRODUCTION NO. 40:**

Defendant' s refusal to produce any documents responsive to this narrowly tailored request is evasive, legally unsupported, and fails to comply with its discovery obligations under the Federal Rules of Civil Procedure. This request seeks "documents concerning any attempted or actual communication between [Defendant] and any customer concerning Amazon reviews or ratings," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer fails to satisfy Defendant's obligations. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and truthfulness in a response and any responses which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding relevance and proportionality are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Defendant offers no legal or factual basis for its objection based on relevance. The request seeks information plainly relevant to the claims in this case – namely, Plaintiff's allegations of deceptive marketplace conduct, the operation of alter ego entities, and incentivized or manipulated product reviews. To date, Defendant has not produced responsive documents as to all aspects of the request. Fed.R.Civ. P.26(a)(1)(requiring a party to produce "a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody,



or control of the party and that the disclosing party may use to support its claims or
defenses..."); *QC Labs v. Green Leaf Lab, LLC*, No. 818CV01451JVSJDEX, 2019 WL
6797250, at *5 (C.D. Cal. July 19, 2019) (citation, internal quotations omitted) (shared
control of documents held in another corporation's care are key factors in evaluating alter
ego and agency relationships); *Q Indus., Inc. v. O'Reilly Auto., Inc.*, No.
CV223791HDVPVCX, 2023 WL 5505889, at *9 (C.D. Cal. July 28, 2023) (citation,
internal quotations omitted).

Additionally, objections based on "all documents" language are not a valid basis for
refusal to answer where the subject matter is narrowly framed and plainly relevant to the
claims. The request specifically identifies the categories of information sought –
communications related to Amazon ratings or reviews. Defendant's citation to *Mailhoit v.
Home Depot* is misplaced; that case concerned facially overbroad and vague requests. In
contrast, this request specifically targets documents evidencing review manipulation
tactics on Amazon, a core issue related to Plaintiff's claims.

Defendant has failed to (1) clarify whether a reasonable and diligent search was
performed; (2) address whether responsive documents exist; or (3) produce or identify
any responsive documents whatsoever. A party must do more than express generalized
unawareness; it must affirm that it conducted a reasonable inquiry and specify the efforts
undertaken. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex.
2021) (requiring that a responding party make "reasonable inquiry … and if no
responsive documents or tangible things exist … so state with sufficient specificity to
allow the Court to determine whether … a reasonable inquiry and … due diligence" were
exercised); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a
party "must do more than merely assert that the search was conducted with due
diligence" and "must briefly describe the search to allow the Court to determine whether
it was reasonable").

In addition, Plaintiff produced to Defendant spreadsheets where it is clear that employees
of Aster Graphics, Inc. were tracking reviews. Specifically, in PLT000005, Becky
Anderson and John Zhang, Aster Graphics, Inc. employees, sent spreadsheets, including
translated version PLT000003, where they are tracking reviews and offering
compensation to consumers on Amazon for their reviews. There may be other relevant
documents that Defendant has not produced.

Plaintiff requests that Defendant promptly supplement its response by (i) producing all
responsive documents concerning any attempted or actual communication between
Defendant and any customer concerning Amazon reviews or ratings, or (ii) confirming
that after a diligent search, no such documents exist.

## PLAINTIFF'S REQUEST FOR PRODUCTION NO. 41:

All documents concerning "up" or "down" helpful votes for reviews of any product you
sell or offer for sale on Amazon.

Case 5:23-cv-02094-MEMF-DTB    Document 62-9    Filed 07/10/25    Page 49 of 56    Page
ID #:871

June 20, 2025
Page 48 of 55

McCUNE
LAW
GROUP

## DEFENDANT'S RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 41:

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant objects to this Request to the extent it seeks information disproportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

## PLAINTIFF'S POSITION RE: REQUEST FOR PRODUCTION NO. 41:

Defendant' s refusal to produce any documents responsive to this narrowly tailored request is evasive, legally unsupported, and fails to comply with its discovery obligations under the Federal Rules of Civil Procedure. This request seeks "documents concerning "up" or "down" helpful votes for reviews of any product [Defendant] sell[s] or offer[s] for sale on Amazon," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer fails to satisfy Defendant's obligations. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and truthfulness in a response and any responses which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding relevance and proportionality are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood*

*Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Defendant offers no legal or factual basis for its objection based on relevance. The request seeks information plainly relevant to the claims in this case – namely, Plaintiff's allegations of deceptive marketplace conduct, the operation of alter ego entities, and incentivized or manipulated product reviews. To date, Defendant has not produced responsive documents as to all aspects of the request. Fed.R.Civ. P.26(a)(1)(requiring a party to produce "a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses..."); *QC Labs v. Green Leaf Lab, LLC*, No. 818CV01451JVSJDEX, 2019 WL 6797250, at *5 (C.D. Cal. July 19, 2019) (citation, internal quotations omitted) (shared control of documents held in another corporation's care are key factors in evaluating alter ego and agency relationships); *Q Indus., Inc. v. O'Reilly Auto., Inc.*, No. CV223791HDVPVCX, 2023 WL 5505889, at *9 (C.D. Cal. July 28, 2023) (citation, internal quotations omitted).

Additionally, objections based on "all documents" language are not a valid basis for refusal to answer where the subject matter is narrowly framed and plainly relevant to the claims. The request specifically identifies the categories of information sought – documents related to "up" or "down" helpful votes. Defendant's citation to *Mailhoit v. Home Depot* is misplaced; that case concerned facially overbroad and vague requests. In contrast, this request specifically targets documents evidencing review manipulation tactics on Amazon, a core issue related to Plaintiff's claims.

Defendant has failed to (1) clarify whether a reasonable and diligent search was performed; (2) address whether responsive documents exist; or (3) produce or identify any responsive documents whatsoever. A party must do more than express generalized unawareness; it must affirm that it conducted a reasonable inquiry and specify the efforts undertaken. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than merely assert that the search was conducted with due diligence" and "must briefly describe the search to allow the Court to determine whether it was reasonable").

In addition, Plaintiff produced to Defendant spreadsheets where it is clear that employees of Aster Graphics, Inc. were tracking reviews. Specifically, in PLT000005, Becky Anderson and John Zhang, Aster Graphics, Inc. employees, sent spreadsheets, including translated version PLT000003, where they are tracking reviews and offering compensation to consumers on Amazon for their reviews. There may be other relevant documents that Defendant has not produced.

Plaintiff requests that Defendant promptly supplement its response by (i) producing all responsive documents concerning "up" or "down" helpful votes for reviews of any product you sell or offer for sale on Amazon, or (ii) confirming that after a diligent search, no such documents exist.

## PLAINTIFF'S REQUEST FOR PRODUCTION NO. 44:

All documents concerning communications with third parties concerning Amazon product reviews or ratings, including but not limited to communications with Rebates and any person or group on Facebook or other social media platform.

## DEFENDANT'S RESPONSE TO REQUEST FOR DOCUMENTS AND THINGS NO. 44:

Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation. Defendant objects to the undefined term "Rebates," which is vague and ambiguous and fails to describe with reasonable particularity the documents or things sought by Plaintiff. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant objects to this Request to the extent it seeks information disproportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

## PLAINTIFF'S POSITION RE: REQUEST FOR PRODUCTION NO. 44:

Defendant' s refusal to produce any documents responsive to this narrowly tailored request is evasive, legally unsupported, and fails to comply with its discovery obligations under the Federal Rules of Civil Procedure. This request seeks "documents concerning communications with third parties concerning Amazon product reviews or ratings, including but not limited to communications with Rebates and any person or group on Facebook or other social media platform," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer



fails to satisfy Defendant's obligations. A responding party must respond to the fullest
extent possible, and any objections must be stated with specificity. Fed. R. Civ. P.
33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5,
2012) (a responding party may not "plead ignorance to information that is from sources
within his control") (citation omitted); *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F.
Supp. 118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and
truthfulness in a response and any responses which seeks to evade or avoid … will not be
countenance.")

Boilerplate objections regarding relevance and proportionality are legally insufficient
unless supported by specific facts showing burden, duplication, or undue expense. Defendant
provides no such explanation. Furthermore, objections claiming that terms
such as "Rebates" are "vague and ambiguous" are plainly meritless. As courts have
repeatedly held, "[w]here the responding party provides a boilerplate or generalized
objection, the "objections are inadequate and tantamount to not making any objection at
all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999);
*Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal.
Jul. 9, 2014).

Defendant offers no legal or factual basis for its objection based on relevance. The
request seeks information plainly relevant to the claims in this case – namely, Plaintiff's
allegations of deceptive marketplace conduct, the operation of alter ego entities, and
incentivized or manipulated product reviews . To date, Defendant has not produced
responsive documents as to all aspects of the request. Fed.R.Civ. P.26(a)(1)(requiring a
party to produce "a copy of, or a description by category and location of, all documents,
electronically stored information, and tangible things that are in the possession, custody,
or control of the party and that the disclosing party may use to support its claims or
defenses..."); *QC Labs v. Green Leaf Lab, LLC*, No. 818CV01451JVSJDEX, 2019 WL
6797250, at *5 (C.D. Cal. July 19, 2019) (citation, internal quotations omitted) (shared
control of documents held in another corporation's care are key factors in evaluating alter
ego and agency relationships); *Q Indus., Inc. v. O'Reilly Auto., Inc.*, No.
CV223791HDVPVCX, 2023 WL 5505889, at *9 (C.D. Cal. July 28, 2023) (citation,
internal quotations omitted).

Additionally, objections based on "all documents" language are not a valid basis for
refusal to answer where the subject matter is narrowly framed and plainly relevant to the
claims. The request specifically identifies the categories of information sought –
documents related to communications with third-parties regarding ratings and reviews.
Defendant's citation to *Mailhoit v. Home Depot* is misplaced; that case concerned facially
overbroad and vague requests. In contrast, this request specifically targets documents
evidencing review manipulation tactics on Amazon, a core issue related to Plaintiff's
claims.

Defendant has failed to (1) clarify whether a reasonable and diligent search was
performed; (2) address whether responsive documents exist; or (3) produce or identify
any responsive documents whatsoever. A party must do more than express generalized



unawareness; it must affirm that it conducted a reasonable inquiry and specify the efforts undertaken. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than merely assert that the search was conducted with due diligence" and "must briefly describe the search to allow the Court to determine whether it was reasonable").

In addition, Plaintiff produced to Defendant spreadsheets where it is clear that employees of Aster Graphics, Inc. were tracking reviews. Specifically, in PLT000005, Becky Anderson and John Zhang, Aster Graphics, Inc. employees, sent spreadsheets, including translated version PLT000003, where they are tracking reviews and offering compensation to consumers on Amazon for their reviews. There may be other relevant documents that Defendant has not produced.

Plaintiff requests that Defendant promptly supplement its response by (i) producing all responsive documents concerning communications with third parties concerning Amazon product reviews or ratings, including but not limited to communications with Rebates and any person or group on Facebook or other social media platform, or (ii) confirming that after a diligent search, no such documents exist.

## **SANCTIONS:**

If parties are unable to resolve the above disputes, Plaintiff intends to ask the Court for relief including sanctions.

### A.    Sanctions Under FRCP 37

Courts in this circuit routinely hold a party's bad faith refusal to participate in discovery sanctionable. For instance, in *Rago v. Select Comfort Retail Corp.*, No. 519CV02291FMOSPX, 2021 WL 3621890, at *7–10 (C.D.Cal. June 11, 2021), the court imposed evidentiary and monetary sanctions due to the plaintiff's "repeated failures to comply with her discovery obligations to produce responsive documents." In that case, the plaintiff represented in written discovery that there were no additional responsive documents, and then belatedly produced additional responsive documents. *Id.* at *7. The court found it was the plaintiff's burden "to show [the] delay in producing the responsive documents was substantially justified or harmless." *Id.* at *8. In the absence of a reasonable showing, the court issued evidentiary and monetary sanctions, finding that the "defendant has experienced prejudice due to plaintiff's failure to timely produce these documents, since it has been denied the ability to timely investigate and question plaintiff about the late produced

documents, use the documents in defendant's MSJ, fully prepare for [] trial, prepare its experts and prepare for plaintiff's experts, and trust that plaintiff's disclosures are authentic and complete." *Id.* It added that "the documents should have been produced before the September and November 2020 fact and expert discovery cutoffs, and plaintiff should not be able to rely on documents defendant did not receive in time to fully investigate and use." *Id*. at *9 (citing Fed. R. Civ. P. 37(c)(1)). In addition, the court held that "given that plaintiff has repeatedly failed to timely disclose responsive documents relied upon by her experts and supplement her discovery responses, monetary sanctions are well warranted." *Id.* at *10.

Here, Defendant has not produced all relevant, responsive documents pertaining to its finances, communications, employees, and the alleged alter ego entities in a timely fashion. Plaintiff has also wasted significant time and resources in meet and confer and discovery compliance efforts with the Court. *See Maxlite, Inc. v. ATG Elecs.*, *Inc., No. 82001056MCSADSX, 2022 WL 2176511, at *2–3 (C.D.Cal. Mar. 21, 2022) (imposing monetary sanctions pursuant to Rule 37 where there was "unnecessary briefing and use of judicial resources" to resolve the discovery issues).

Plaintiff is also in possession of responsive documents that Defendant has not produced, such as documents related to and reviews and ratings, employee emails and communications, involvement with alleged alter ego brands and entities, as well as importation records, as mentioned *supra*. Plaintiff has significant concerns with Defendant's lack of good-faith in the discovery process, because if Plaintiff had not been in possession of these documents and produced them to Defendant, Plaintiff would have never known that they existed. Defendant's egregious conduct and "hide-the-ball" discovery tactics, especially related to documents that are directly relevant to the unlawful conduct alleged in the Complaint, warrant the imposition of sanctions.

Because Plaintiff has been prejudiced, the court should impose monetary sanctions, as well as appropriate evidentiary sanctions under Rule 37. *See Daniels v. Securitas Sec. Servs. USA, Inc.,* No. 8:18-CV-265-CJC (SK), 2021 WL 6499981, at *1 (C.D.Cal. Nov. 4, 2021) (finding that "any responsive documents produced late without good reason for why it was not searched for and produced sooner may subject the responding parties to sanctions under Rule 37"); *AECOM Energy & Constr., Inc. v. Topolewski,* No. 217CV05398RSWLAGRX, 2022 WL 595937, at *5 (C.D.Cal. Feb. 25, 2022)

Case 5:23-cv-02094-MEMF-DTB   Document 62-9   Filed 07/10/25   Page 55 of 56   Page ID #:877

June 20, 2025
Page 54 of 55

McCUNE
LAW
GROUP

(imposing evidentiary sanctions because defendants "continuously refused to comply with Plaintiff's discovery requests").

**B.      The Court May Impose Sanctions Pursuant to its Inherent Authority**

In addition to Rule 37, courts may impose sanctions pursuant to their own authority. Courts have "inherent authority to issue sanctions in response to abusive litigation practices." *Garrison*, 2020 WL 6537389 at *4 (citing *Leon*, 464 F.3d at 958). This includes the "inherent power to sanction parties and their attorneys, a power born of the practical necessity that courts be able 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Van Osten v. Home Depot, U.S.A., Inc.*, 2021 WL 3471581, at *14 (S.D.Cal. May 4, 2021) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).

Here, Defendant has refused to confirm that it has produced all non-privileged, relevant documents in direct contravention of their discovery obligations. Additionally, Plaintiff is aware of relevant documents, such as documents related to reviews and ratings, employee emails and communications, the alleged alter ego entities and importation records, that Defendant has not produced. Plaintiff thus has reason to believe there may be other relevant documents that Defendant is withholding. This conduct warrants sanctions pursuant to this Court's own inherent authority. *See Carson Cheng v. AIM Sports, Inc.*, No. CV103814PSGPLAX, 2011 WL 13175663, at *11 (C.D.Cal. Aug. 23, 2011) (issuing monetary and evidentiary sanctions pursuant to the court's inherent authority due to defendants' "discovery abuse" related to failure to produce responsive documents, thereby "delay[ing] the resolution of [the] litigation").

While it is ultimately within the court's discretion to decide what sanctions are appropriate to remedy Defendants' litigation abuses, Plaintiff asks this Court to issue evidentiary sanctions, including sanctions that Defendants may not rely on documents not produced at trial. *See Vizio, Inc. v. Desay A&V Sci. & Tech. Co.*, No. SACV1400874JVSDFMX, 2016 WL 11760672, at *3 (C.D.Cal. Apr. 18, 2016) (ordering evidentiary sanctions for party's discovery abuses, including precluding party from introducing withheld documents at trial). In addition, Plaintiff should be awarded monetary sanctions in the form of attorney's fees and costs. *Id.* at *4.

**C.      Monetary and Evidentiary Sanctions Should Be Awarded For Defendants' Bad Faith Violations Of Their Discovery Duties**

Monetary sanctions are appropriate for Defendants' failure to satisfy their discovery obligations. *See Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) (stating that

"Federal Rule of Civil Procedure 37 authorizes the district court, in its direction, to impose a wide range of sanctions where a party fails to comply with the rules of discovery…") (collecting cases); *see also Premiere Innovations, Inc. v. IWAS Indus., LLC,* No. 07CV1083-BTM (BLM), 2009 WL 10725749, at \*2 (S.D. Cal. May 8, 2009) (under Rule 37, federal courts have "considerable discretion to fashion appropriate remedies, including monetary and evidentiary sanctions, for discovery violations"). Plaintiff requests that the Court order a briefing schedule to address its request for monetary sanctions.

If we are not able to reach an agreement on any or all of the above, Plaintiff will seek assistance from the Court ordering that (1) Defendant is to respond to the outstanding discovery at issue, including supplementing documents related to Defendant's finances, employee information, communications, and the alleged alter ego entities as set forth herein and (2) Defendant is required to pay monetary sanctions as well imposing evidentiary sanctions that the Court deems appropriate based on Defendant's ongoing discovery violations, including the refusal to timely produce relevant documents.

Best Regards,

*Valerie Savran*

Valerie L. Savran Esq.
**McCune Law Group**