UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

ML PRODUCTS, INC.,

    Plaintiff,

    v.

ASTER GRAPHICS, INC., et al,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 5:23-cv-02094-MEMF (DTB)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**

On May 22, 2025, the Court held a remote informal discovery conference with counsel.  On July 10, 2025, Plaintiff ML Products ("Plaintiff") filed a Motion to Compel Discovery Responses and Motion for Monetary and Evidentiary Sanctions ("Motion"), accompanied by the supporting Declaration of Dana R. Vogel ("Vogel Decl.") and several exhibits.  (Docket No. 62).  The Motion seeks an order compelling Defendant Aster Graphics, Inc. ("Defendant") to amend its responses to various document requests.  Plaintiff seeks both monetary and nonmonetary sanctions.

On August 7, 2025, Plaintiff filed a Supplemental Memoranda ("Supp. Mem."), accompanied by the supporting Declaration of Dana R. Vogel ("Supp.

Vogel. Decl.") and one exhibit. (Docket No. 64). On August 18, 2025, Defendant filed an Opposition to Plaintiff's Supplemental Memoranda ("Opp."), accompanied by the supporting Declaration of Shruti Aggarwal ("Aggarwal Decl.") and one exhibit. (Docket No. 67).

This matter is now ready for decision. For the reasons set forth herein, the Court GRANTS the Motion in part and DENIES the Motion in part.

## I.

## BACKGROUND

On October 12, 2023, Plaintiff filed a Complaint against Defendant alleging claims under the Lanham Act (15 U.S.C. § 1051, et seq.) and California law (Cal. Bus. & Prof. Code §§ 17200 and 17500, et seq.) for unfair competition. Plaintiff is engaged in the online sale of third-party printer and toner cartridges on the Amazon.com platform, and Plaintiff alleges Defendant also sells third-party ink and toner cartridges on Amazon.com and engaged in deceptive practices designed to artificially elevate their standing on the Amazon.com website and thereby garner increased sales. (Complaint at 3). Defendant answered the Complaint on December 8, 2023. (Docket No. 27).

On December 13, 2024, Plaintiff filed a Motion for Leave to File a First Amended Complaint which was denied by the Court on March 27, 2025. (Docket Nos. 37, 41-42, 48).

The parties filed their updated Rule 26(f) Report and Discovery Plan on June 6, 2024, wherein they stated that they served their initial disclosures pursuant to Rule 26(a) on November 28, 2023 and would commence with discovery pursuant to Rule 26. On January 31, 2024, Plaintiff served discovery requests on Defendant. (Vogel Decl. at ¶ 2, Exhibit ["Exh."] 1). On April 19, 2024, the parties met and conferred over the responses, discussing numerous issues, which Plaintiff memorialized in a June 3, 2024, letter. (Vogel Decl. at ¶ 3, Exh. 2).

In response, Defendant produced 97 pages of documents on December 23, 2024, but failed to address the issues described in Plaintiff's June 3, 2024, letter. (Vogel Decl. at ¶ 5, Exh. 3). The parties met and conferred on February 10, 2025; defense counsel agreed to supplement its production regarding SEC documents related to Planet Image and Aster Graphics, Inc. email addresses, but refused to supplement documents concerning the alleged alter ego entities, importation records, and documents regarding review tracking and compensation. (Vogel Decl. at ¶ 6).

On February 14, 2025, Plaintiff produced to Defendant internal Aster documents allegedly demonstrating review manipulation, including rebates, payments to remove negative reviews, and analysis of alter ego brands, as well as importation records linking Aster to the alleged misconduct. (Vogel Decl. at ¶ 7, Exhs. 4, 5). Defendant thereafter produced a few pages of employee records and a few publicly available SEC filings. (Vogel Decl. at ¶ 7).

On February 22, 2025, Plaintiff produced bates numbers PLT000006-PLT000016, related to alleged Aster employee communications, including communications from John Zhang to Plaintiff related to Defendant's rebate program for Amazon sellers. (Vogel Decl. at ¶ 8, Exh. 6).

On March 3, 2025, Plaintiff's counsel sent a pre-motion discovery conference letter to bring certain issues to the Court based on the February 10, 2025 meet-and-confer and Defendant's ongoing refusal to produce relevant alter ego, communication, financial, and importation record documents. (Vogel Decl. at ¶ 9).

On March 8, 2025, Defendant produced a few pages of documents related to a few publicly filed documents with the Secretary of State for Aster Graphics, Inc., and on March 21, 2025, Plaintiff sent Defendant an email to follow up on Plaintiff's March 3, 2025 letter for a conference, as Defendant had still failed to respond. (Vogel Decl. at ¶ 10).

/ / /

3

At the May 22, 2025 informal discovery conference, the Court indicated that it appeared certain disputed categories of documents were appropriate for discovery, including documents involving John Zhang, alter ego allegations, and WeChat communications.  To date, Defendant has not produced these documents.  (Vogel Decl. at ¶ 11).

On May 23, 2025, the parties conducted another meet-and-confer to discuss the disputed issues in light of the informal discovery conference.  The parties were able to reach agreement and narrow the list of search terms to include the alleged alter ego entities and brands, the relevant time period for the search, as well as Defendant's willingness to search for communications related to the individual John Zhang.  The parties agreed that Defendant would produce WeChat communications as screenshots.  (Vogel Decl. at ¶ 12).

On June 20, 2025, Plaintiff sent Defendant a letter laying out certain deficiencies in Defendant's responses to Plaintiff's requests for production.  (Vogel Decl. at ¶ 13, Exh. 7).

On June 21, 2025, Defendant's supplemental production consisted of roughly 100 pages of documents, but still omitted the most critical categories: WeChat communications, review compensation records, financial documents, alter ego documents, and employee data and email domains.  (Vogel Decl. at ¶ 14).

On June 23, 2025, the parties telephonically met and conferred for two and a half hours regarding the remaining issues of dispute set forth in Plaintiff's letters.  During that call, Plaintiff's counsel went through each discovery request at issue and stated their position and also gave Defendant's counsel an opportunity to state their position.  Defendant's counsel represented that they were willing to supplement some of the requests at issue.  (Vogel Decl. at ¶ 16).

/ / /

/ / /

4

After addressing every discovery request at issue, Plaintiff's counsel informed Defendant's counsel that because of the various impasses, including many requests and interrogatories that Defendant would not agree to supplement, they would send the Joint Stipulation for Defendant to include its position by July 1. However, Plaintiff's counsel stated that if Defendant supplements certain requests in accordance with the Federal Rules of Civil Procedure prior to filing, those requests would be retracted. (Vogel Decl. at ¶ 17).

Defendant agreed to provide Plaintiff with additional custodians on the sales team besides the three that were already agreed upon. (Vogel Decl. at ¶ 24, Exh. 14). On July 1, 2025, Defendant produced WeChat screenshots for the three custodians. Plaintiff followed up on July 7, 2025, to ask Defendant when Plaintiff can expect these additional custodians. Defendant responded on July 9, 2025 regarding the WeChat screenshots as to the three custodians, but did not provide an update regarding additional custodians as previously agreed. (Vogel Decl. at ¶ 24, Exh. 15).

On May 29, 2025, Plaintiff took the deposition of Claire Huang, executive assistant to Aster Graphics, Inc. During her deposition, Ms. Huang confirmed that besides two individuals (whose WeChat records have not been produced), she is not able to provide any names of individuals who work on the Aster Graphics, Inc. sales team. (Vogel Decl. at ¶ 25).

On August 5, 2025, Plaintiff took the 30(b)(6) deposition of Defendant, whose representative for such purpose was Ye Yin ("Leon Yin"), the President of Aster Graphics, Inc. (Supp. Mem. at 2; Supp. Vogel Decl. at ¶ 2).[1] Both Plaintiff and Defendant contend that Mr. Yin's deposition testimony supports their respective positions in the Motion. (See, e.g., Supp. Mem. at 2-5; Opp. at 2-5).

/ / /

---

[1] Citation to the parties' pleadings shall refer to the Court's CMECF page numbering.

5

## II.

## RELEVANT LAW

Discovery in federal court is governed by Rule 26 of the Federal Rules of Civil Procedure ("Rules"), which defines the scope of discovery broadly, stating:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Rule 26(b)(1).

Information is not required to be admissible in order to fall within the scope of allowable discovery. (Id.). "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." Duran v. Cisco Sys., Inc., 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted). Relevancy should be "construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting Miller v. Pancucci, 141 F.R.D. 292, 296 (C.D. Cal. 1992)).

The discovery process under Rule 26 and the rest of the Discovery Act is intended to be conducted between the parties themselves, in a cooperative fashion, and is to be essentially unsupervised by the Court, absent a dispute. See, e.g., Sali v. Corona Reg'l Med. Ctr., 884 F. 3d 1218, 1219-20 (9th Cir. 2018).

Here, a dispute has arisen with respect to Defendant's responses to discovery propounded by Plaintiff, specifically with respect to responses to document requests propounded under Rule 34.

1    Pursuant to Rule 34(a)(1), a party may serve on any other party requests to
2    produce or permit inspection of, among other things, "(A) any designated documents
3    or electronically stored information."  Such requests "must describe with reasonable
4    particularity each item or category of items to be inspected . . . [and] must specify a
5    reasonable time, place, and manner for the inspection . . .." Rule 34(b)(1)(A),
6    (B).  The party responding to a request for production must, "[f]or each item or
7    category, . . . either state that inspection . . . will be permitted as requested or state
8    with specificity the grounds for objecting to the request, including the
9    reasons."  Rule 34(b)(2)(B).  "An objection must state whether any responsive
10    materials are being withheld on the basis of that objection.  An objection to part of
11    a request must specify the part and permit inspection of the rest."  Rule
12    34(b)(2)(C).  A propounding party may move for an order compelling an answer or
13    production to a request for production if the responding party fails to produce
14    documents or fails to respond as requested under Rule 34.  Rule 37(a)(3)(B)(iv).  An
15    evasive or incomplete answer or response is treated as a failure to answer or
16    respond.  Rule 37(a)(4).

17    Pursuant to Rule 34, a party is obligated to produce documents within its
18    "possession, custody or control."  Rule 34(a)(1).  "Federal courts have consistently
19    held that documents are deemed to be within [a party's] 'possession, custody or
20    control' for purposes of Rule 34 if the party has actual possession, custody or control,
21    or has the legal right to obtain the documents on demand."  A. Farber and Partners,
22    Inc. v. Garber, 234 F.R.D. 186, 189 (C.D. Cal. 2006) quotation omitted); See
23    Waymo, LLC v. Uber Techs., Inc., Case No. 17-cv-00939-WHA (JSC), 2017 WL
24    2972806, at *2 (N.D. Cal., July 12,  2017) (party required to produce responsive
25    documents in the possession, custody or control of its officers and agents).
26    
27    / / /
28    / / /

7

"Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance.  In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." United States v. McGraw–Hill Cos., Inc., Case No. 2:13-cv-00779-DOC-JCG, 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014) (citations and internal quotation marks omitted); see also DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) ("The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."); Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998).

## III.

## DISCUSSION

**A.**    **Plaintiff's Requests for Production**.

1.    Requests Related to the Alleged Alter Ego Entities and Defendants' Relationship with Each Other and Those Entities.

a.    *Request for Production No. 3*:  Documents sufficient to identify any employees shared, jointly employed, or co-employed by Aster Graphics, Inc., or any other entities related to you.

Defendant's Response:  Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to the undefined terms "employees shared" "jointly employed", and "co-employed" on the grounds that they are vague and ambiguous and fail to describe with reasonable particularity the documents or things sought by Plaintiff. Defendant further objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner. Defendant objects to this Request to the extent that it seeks discovery of Defendant's relationship with any entities other than

8

the Amazon sellers identified or identifiable in the Complaint.

Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer to discuss reasonable proposals to clarify the scope of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

Plaintiff's Position re: Request for Production No. 3:  Defendant's response is evasive, legally unsupported, and fails to comply with its discovery obligations under the Federal Rules of Civil Procedure. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclosure, answer, or respond." Fed. R. Civ. P. 37(a)(4). Here, Defendant provides no documents, no confirmation that any search was conducted, and offers only boilerplate objections with no factual or legal support.

Objections that terms are "vague," "ambiguous," or "not proportional" must be accompanied by specific explanation; otherwise, such objections are legally deficient. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014). Defendant's vague references to proportionality and relevance are not supported by any showing of burden, nor does Defendant explain how the discovery sought exceeds the permissible scope of Rule 26(b)(1). Defendant also fails to define what efforts, if any, it undertook to identify responsive documents or whether any such documents exist. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than merely assert that the search was conducted with due diligence" and "must briefly describe the search to allow the Court to determine whether it was reasonable").

The Request seeks documents sufficient to identify employees who may be shared, jointly employed, or otherwise affiliated across Defendant and any affiliated or alter ego entities. This discovery is directly relevant to Plaintiff's alter ego and agency allegations, and courts have routinely held that "[c]ontrol may extend to documents that are nominally held in another corporation's care," and that shared

employees, shared offices, and jointly-managed operations are strong indicators of such control. *QC Labs v. Green Leaf Lab, LLC*, No. 818CV01451JVSJDEX, 2019 WL 6797250, at *5 (C.D. Cal. July 19, 2019) (citation, internal quotations omitted); *Q Indus., Inc. v. O'Reilly Auto., Inc.*, No. CV223791HDVPVCX, 2023 WL 5505889, at *9 (C.D. Cal. July 28, 2023) (citation, internal quotations omitted).

While the Court has not made factual findings regarding Plaintiff's alter ego allegations, they are open for discovery, and that discovery starts with documents Defendant may have in its possession about the identified brands or entities. Plaintiff has served document requests that are likely to yield admissible evidence about these brands and/or entities.

Defendant's response that it is "willing to meet and confer," does not excuse its non-response. It has failed to produce any documents or even confirm the existence or nonexistence of any such records. Its blanket refusal to answer does not comply with the FRCP. A responding party must respond fully, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted).

Plaintiff requests that Defendant promptly supplement its response to by (i) producing all responsive documents, including any records reflecting shared or jointly employed personnel, or (ii) confirming, after a diligent search and reasonable inquiry, that no such documents exist. *See* Adv. Comm. Notes to 2015 Amendments to Fed. R. Civ. P. 34.

### **Ruling:**

As an initial matter, the Court addresses an issue raised in the parties' supplemental memoranda - the use of "helpers." Aster Graphic, Inc.'s President, Leon Yin, was designated as Defendant's representative pursuant to Fed.R.Civ.P. 30(b)(6) and was deposed on August 5, 2025. (Supp. Mem. at 2; Supp. Vogel Decl. at ¶ 2; Opp. at 2). Mr. Yin testified, inter alia, that Defendant utilized "helpers" in the Aster Graphics, Inc. sales department, individuals who were not Defendant's employees but who nonetheless assisted Defendant's employees in performing duties for Defendant's sales department. (Aggarwal Decl. at ¶ 3, Exhibit 1 at 12-14; Supp. Vogel Decl. at ¶ 2, Exh. 1 at 10, 23-24). The "helpers" were allegedly employed by an affiliate of Defendant (Supp. Vogel Decl. at ¶ 2, Exh. 1 at 9-10) and were trained

and supervised by Defendant's employees (id, at 22-23), but it was unclear which entity paid the "helpers" for their work at Defendant. (Id. at 23).

Under California law, a person providing services or labor in exchange for renumeration is either an employee or an independent contractor. See, e.g. California Labor Code § 2775 (codifying the California Supreme Court's decision in Dynamex Operations W., Inc. v. Super Court, 4 Cal.5th 903 (2018)). There is no category for "helper." Thus, the "helpers" working at Defendant were either employees (or co-employees) or independent contractors. Based on their supervision by Defendant's employees, it would appear that they would be Defendant's agents. Thus, for purposes of the Discovery Act, information regarding the "helpers" is not only potentially discoverable, but the "helpers" are potentially repositories of discoverable information on the part of Defendant, as the "helpers" - as agents - are subject to Defendant's control for purposes of Rule 34 and the production of documents within Defendant's possession, custody, and control. See Waymo, LLC, 2017 WL 2972806, at *2; In re Citric Acid Litigation, 191 F.3d 1090, 1107 (9th Cir. 1999) (citation omitted).

In the Joint Stipulation, Defendant contends that it has produced two categories of documents in response to this Request and that it "does not have additional documents after a diligent search and reasonable inquiry." (Joint Stip. at 14). However, it appears Defendant has not supplemented its response with, at a minimum, documents pertaining to the "helpers" and Defendant's sales department. Moreover, Plaintiff's argument is well taken to the extent Defendant's Response fails to unequivocally state that it will produce any responsive, non-privileged documents, as required under Rule 34. Accordingly, the Motion is GRANTED as to this Request.

/ / /

/ / /

/ / /

11

b. <u>*Request for Production No. 9*</u>: All documents concerning any involvement you have had in acquisitions of ink or toner brands or an entity controlling ink or toner brands.

<u>Defendant's Response</u>: Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation. Defendant objects to the undefined terms "acquisitions of an entity controlling ink or toner brands or an entity controlling ink or toner brands" in this Request on the grounds that they are vague and ambiguous and fail to describe with reasonable particularity the documents or things sought by Plaintiff. Defendant objects to this Request to the extent it seeks information that is not proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing *to In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)"). Defendant objects to this Request to the extent that it seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner. Defendant objects to this Request to the extent that it seeks discovery of Defendant's relationship with any entities other than the Amazon sellers identified or identifiable in the Complaint.

Subject to and without waiving the foregoing objections, and to the extent that Defendant understands this Request, Defendant is unaware of any documents showing Aster Graphics, Inc. is involved in acquisitions of the following entities (if these entities have indeed been acquired) - Access Supplies Limited, Amstech Limited., Aztech Enterprise Limited., Eco Imaging Inc., Intercon International Corp., Iprint Enterprise Limited, and Revol Trading Inc.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

<u>Plaintiff's Position re: Request for Production No. 9</u>:

Defendant's response is evasive, legally unsupported, and fails to comply with its discovery obligations under the Federal Rules of Civil Procedure. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclosure, answer, or respond" Fed. R. Civ. P. 37(a)(4). Here, Defendant provides no

documents, no confirmation that any search was conducted, and offers only boilerplate objections with no factual or legal support.

Any objections to scope or proportionality must be stated with specificity, including an explanation of the alleged burden and an articulation of how the Request exceeds the scope of Rule 26(b)(1). Defendant has made no such showing. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014). Objections based on "all documents" language are not a valid basis for refusal to answer where the subject matter is narrowly framed and plainly relevant to the claims. Moreover, Defendant's citation to *Mailhoit v. Home Depot* is misplaced; that case concerned facially overbroad and vague requests, whereas this Request is targeted and seeks documents concerning Defendant's acquisitions activity in a defined market segment directly implicated in the litigation.

The information sought – Defendant's role in acquiring ink or toner brands or entities controlling such brands – is relevant to Plaintiff's alter ego and unfair competition allegations, because common ownership and control, including crossover of employees, are factors that the Court considers when evaluating alter ego claims. Moreover, Plaintiff has already produced records to Defendant showing Defendant's importation of ink and toner related to these alleged entities and brands. Plaintiff has produced hundreds of pages of documents to Defendant related to their importation of ink and toner, and such records show Defendant doing business with these brands and entities. *See* Vogel Decl., Exs. 4, 5.

On May 29, 2025, Plaintiff's counsel also took the deposition of Claire Huang, who is employed as an accountant and executive assistant to the CEO of Aster Graphics Inc. (Vogel Decl., Ex. 8, Huang Dep. Tr.). Defendant produced several documents to Plaintiff showing companies that sell ink and toner that were registered by Ms. Huang, which Ms. Huang also testified about during her deposition. *Id.* Ms. Huang also testified that she receives regular updates about these companies and brands to her Aster email address. *Id.* These entities that were registered by Aster, and specifically Ms. Huang, operate or otherwise control myriad different ink and toner trademarks, such as True Image, Arcon, and Cool Toner, to name a few. *Id.*

Additionally, domain registration records show that Jacob Xie registered the Amstech brand website, iamstech.com, using Aster's official email, Jacob.xie@goaster.com. *See* Vogel Decl., Ex. 9. Therefore, it is reasonable to believe that the Defendant may have registered other of the alleged brands and entities. Such documents have not been produced, nor has Defendant confirmed that a reasonable search has been conducted.

13

The parties have already negotiated search terms related to these alleged brands and entities, but although Defendant asserts it is "unaware of any documents" concerning acquisitions of certain entities, it fails to (1) clarify whether a reasonable and diligent search was performed; (2) address whether responsive documents exist for other acquisitions beyond listed sellers; or (3) produce or identify any responsive documents whatsoever. A party must do more than express generalized unawareness; it must affirm that it conducted a reasonable inquiry and specify the efforts undertaken. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised).

Defendant should be obligated to supplement this Request based on the search terms negotiated by the parties that include these brands and entities at issue, or confirm that after a reasonable and diligent search, no responsive documents exist.

**Ruling:**

While Defendant contends in its response that it has no documents pertaining to the specific entities it lists, it does not appear to have otherwise adequately responded to this Request. Either Defendant possesses documents "concerning any involvement" it has had "in acquisitions of ink or toner brands or an entity controlling ink or toner brands" or it does not. While such documents may pertain to the entities cited by Defendant, this Request was not entity-specific. As such, Defendant must respond to this Request as posed, either producing any responsive documents or confirming unequivocally that, following a reasonable and diligent search, it has no responsive documents in its possession, custody, or control. See A. Farber, 234 F.R.D. at 189. Defendant's objections on the bases of vagueness and relevance are overruled, as the Court finds that this Request is not vague as written and that it seeks relevant information. The Motion is therefore GRANTED as to this Request.

/ / /

/ / /

/ / /

14

   c.   *Request for Production No. 12*:  Documents sufficient to identify all addresses, physical office locations, office telephone numbers, and website addresses associated with Defendants.

<u>Defendant's Response</u>: Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). Defendant objects to Plaintiff's Requests to the extent they seek information that is equally accessible to, or readily available to, Plaintiff, including but not limited to documents available from publicly-accessible websites or documents already in the possession, custody, or control of Plaintiff.

   Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to this Request, that are within Defendant's possession, custody, and control and that are identified after a reasonable search.

   Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

<u>Plaintiff's Position re: Request for Production No. 12</u>:
   Defendant's response is inadequate. Though it states it "will produce responsive, non-privileged documents," it fails to specify what categories of documents, if any, will be produced, or when. The response also fails to confirm whether a search has been conducted or to explain the scope or method of any such search. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclosure, answer, or respond." Fed. R. Civ. P. 37(a)(4).

   Boilerplate objections regarding proportionality, relevance, and public accessibility must be supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

   Furthermore, a responding party may not withhold relevant discovery merely because the information may also be obtainable through public channels. Courts have repeatedly rejected the notion that public availability excuses a party from its obligation to produce materials within its possession, custody, or control. *See Thomas v. Hickman*, No. 106-CV-00215-AWI-SMS, 2007 WL 4302974, at *19 (E.D. Cal.

Dec. 6, 2007) (rejecting the argument that production may be refused where documents are publicly available or accessible to the requesting party); *Bretana v. Int'l Collection Corp.*, No. C07-05934 JF (HRL), 2008 WL 4334710, at *5-6 (N.D. Cal. Sept. 22, 2008) (holding that a party cannot validly object to producing discovery merely because the information exists in public records).

The Request seeks information plainly relevant to the claims in this case – namely, the corporate structure and operational locations of Defendant and its affiliated entities, including any shared addresses, phone numbers, or website addresses. To date, Defendant has not produced responsive documents. The information is directly relevant to Plaintiff's allegations of alter ego, agency, and coordinated commercial conduct across multiple entities – issues that courts have routinely found to justify such discovery. *See Landa v. Simmons,* No. D083814, 2025 WL 1122234, at *5 (Cal. Ct. App. Apr. 16, 2025) (in assessing alter ego, courts consider numerous factors, including "use of the same offices and employees" and "use of one as a mere shell or conduit for the affairs of the other").

Plaintiff requests that Defendant promptly supplement its response by (i) producing all responsive documents in full, or (ii) confirming, after a diligent search and reasonable inquiry, that no such documents exist. *See* Adv. Comm. Notes to 2015 Amendments to Fed. R. Civ. P. 34; *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than merely assert that the search was conducted with due diligence" and "must briefly describe the search to allow the Court to determine whether it was reasonable").

**<u>Ruling</u>:**

Defendant's objection on the basis that the information requested is available from public sources is unsupported by authority and otherwise improper.  Rule 34 requires a party to produce documents that are within its possession, custody or control, and absent any showing of a limitation warranted by Rule 26(b)(2)(C) (which has not been suggested), it is immaterial that the requested information may also be available from another source, including a public source.  Thus, such objection is overruled.  It is unclear to the Court whether Defendant has adequately responded to this Request.  In the Joint Stipulation, Defendant states that it has produced corporate

filings with the State of California, along with other documents sufficient to provide the basic information requested. (Joint Stip. at 19). However, it is unclear whether documents reflecting all of the requested information (for example, website address) was provided, or whether the documents provided are sufficient to identify all of the addresses, office locations, telephone numbers and website address associated with Defendant. Therefore, Defendant's response appears to be deficient, and Defendant must adequately respond to this Request. If there are no further responsive documents (which, as noted, seems unlikely), Defendant must serve a supplemental response unequivocally confirming such. The Motion is GRANTED as to this Request.

        d.    *Request for Production No. 21*: Documents sufficient to show any U.S. trademarks related to your ink or toner since 2010.

Defendant's Response: Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to the term "trademark related to your ink or toner since 2010" in this Request on the grounds that it is vague and ambiguous and fails to describe with reasonable particularity the documents or things sought by Plaintiff. Defendant objects to Plaintiff's Requests to the extent they seek information that is equally accessible to, or readily available to, Plaintiff, including but not limited to documents available from publicly-accessible websites or documents already in the possession, custody, or control of Plaintiff. Defendant further objects to this request to the extent that it seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner. Defendant objects to this request to the extent that it seeks discovery of Defendant's relationship with any entities other than the Amazon sellers identified or identifiable in the Complaint. Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages.

    Subject to and without waiving the foregoing objections, Defendant will not produce documents responsive to this Request as written but is willing to meet and confer to discuss reasonable proposals to clarify or narrow the scope of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

Plaintiff's Position re: Request for Production No. 21:

Defendant's response that it is "willing to meet and confer," does not excuse its refusal to produce any documents responsive to this narrowly tailored request. This request seeks "documents sufficient to show any U.S. trademark related to [Defendant's] ink or toner since 2010," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer does not comply with the FRCP and fails to satisfy Defendant's obligations.

Boilerplate objections regarding relevance and public accessibility are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. Furthermore, objections claiming that terms such as "trademark related to ink or toner since 2010" are "vague and ambiguous" are plainly meritless. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Furthermore, the Federal Rules do not permit a responding party to withhold relevant discovery merely because the information may also be obtainable through public channels. Courts have repeatedly rejected the notion that public availability excuses a party from its obligation to produce materials within its possession, custody, or control. *See Thomas v. Hickman*, No. 106-CV-00215-AWI-SMS, 2007 WL 4302974, at *19 (E.D. Cal. Dec. 6, 2007) (rejecting the argument that production may be refused where documents are publicly available or accessible to the requesting party).

Additionally, Defendant offers no legal or factual basis for its objection based on relevance. Defendant's position that the request is "not relevant" ignores the clear relationship between Defendant's claimed trademark rights and Plaintiff's allegations regarding brand manipulation, deceptive practices, and alter ego entities. Trademark ownership is directly relevant to whether Defendant exercises control over the Amazon sellers at issue.

Moreover, Plaintiff and Defendant have already negotiated search terms pertaining to the alleged alter ego brands and entities. Defendant has not represented that it has conducted a search based on those search terms, and that no responsive documents exist. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry … and

if no responsive documents or tangible things exist ... so state with sufficient specificity to allow the Court to determine whether ... a reasonable inquiry and ... due diligence" were exercised);

On May 29, 2025, Plaintiff's counsel also took the deposition of Claire Huang, who is employed as an accountant and executive assistant to the CEO of Aster Graphics Inc. (Vogel Decl., Ex. 8, Huang Dep. Tr). Defendant produced several documents to Plaintiff showing companies that sell ink and toner that were registered by Ms. Huang, which Ms. Huang also testified about during her deposition. *Id.* Ms. Huang also testified that she receives regular updates about these companies and brands to her Aster email address. *Id.* These entities that were registered by Aster, and specifically Ms. Huang, operate or otherwise control myriad different ink and toner trademarks, such as True Image, Arcon, and Cool Toner, to name a few. *Id.* Defendant's blanket refusal to produce relevant documents pertaining to these entities that sell ink and toner, including the trademarks operated by them, is wholly unfounded.

Plaintiff requests that Defendant promptly supplement its response by (i) producing all responsive documents sufficient to identify any U.S. trademarks associated with its ink or toner products since 2010, or (ii) confirming that after a diligent search, no such documents exist.

**<u>Ruling</u>**:

Defendant's objection on the basis that the information requested is available from public sources is unsupported by authority and otherwise improper. Rule 34 requires a party to produce documents that are within its possession, custody or control, and absent any showing of a limitation warranted by Rule 26(b)(2)(C) (which has not been asserted), it is immaterial that the requested information may also be available from another source, including a public source. Thus, the objection is overruled.

Again, this Request is straightforward – it seeks documents "sufficient" to "show any U.S. Trademarks" related to "your" ink or toner since 2010. Thus, this Request seeks to determine not only ink or toner trademarks pertaining to Aster Graphics, Inc., but also those for any alleged alter ego entity. The objections raised by Defendant do not warrant an abject refusal to produce responsive documents, as

this Request seeks relevant information and there is no objection raised as to privilege.  However, the Court finds the requested period to be overly broad and therefore, will limit the response to documents since 2015.  Again, to the extent there are no further responsive documents, a supplemental response must unequivocally confirm such.  Thus, the Motion is GRANTED in part and DENIED in part as to this Request.

e.  *Request for Production No. 22*:  Documents sufficient to show any business registration of any entity you registered or attempted to register with a U.S. state since 2010.

Defendant's Response: Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). Defendant objects to the term "any entity you registered or attempted to register" in this Request on the grounds that they are vague and ambiguous. Defendant further objects to this Request to the extent that it seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner. Defendant objects to this Request to the extent that it seeks discovery of Defendant's relationship with any entities other than the Amazon sellers identified or identifiable in the Complaint. This Request amounts to a fishing expedition rather than a legitimate pursuit of relevant evidence to the parties' claims or defenses. Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages. Defendant objects to Plaintiff's Requests to the extent they seek information that is equally accessible to, or readily available to, Plaintiff, including but not limited to documents available from publicly-accessible websites or documents already in the possession, custody, or control of Plaintiff.

Subject to and without waiving the foregoing objections, Defendant will not produce documents responsive to this Request as written, but is willing to meet and confer to discuss reasonable proposals to clarify or narrow the scope of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

Plaintiff's Position re: Request for Production No. 22:

Defendant' s response that it is "willing to meet and confer," does not excuse its refusal to produce any documents responsive to this narrowly tailored Request. This Request seeks "documents sufficient to show any business registration of any entity [Defendant's] registered or attempted to register with a U.S. state since 2010," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records.

Boilerplate objections regarding relevance and public accessibility are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. Furthermore, objections claiming that terms such as "any entity you registered or attempted to register" are "vague and ambiguous" are plainly meritless. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014). Furthermore, the Federal Rules do not permit a responding party to withhold relevant discovery merely because the information may also be obtainable through public channels. Courts have repeatedly rejected the notion that public availability excuses a party from its obligation to produce materials within its possession, custody, or control. *See Thomas v. Hickman*, No. 106-CV-00215-AWI-SMS, 2007 WL 4302974, at *19 (E.D. Cal. Dec. 6, 2007) (rejecting the argument that production may be refused where documents are publicly available or accessible to the requesting party); *Bretana v. Int'l Collection Corp.*, No. C07-05934 JF (HRL), 2008 WL 4334710, at *5-6 (N.D. Cal. Sept. 22, 2008) (holding that a party cannot validly object to producing discovery merely because the information exists in public records); *see also U.S. S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 577 (M.D.N.C. 2002) (Rule 33(d) does not apply where the information is not readily ascertainable from business records or where a narrative response is necessary).

Additionally, Defendant offers no legal or factual basis for its objection based on relevance. Defendant's position that the Request is "not relevant" ignores the clear relationship between Defendant's business registrations and Plaintiff's allegations regarding alter ego entities. Business registrations are directly relevant to whether Defendant has created, controlled, or attempted to obscure its involvement in affiliated entities. Moreover, Plaintiff and Defendant have already negotiated search

terms pertaining to the alleged alter ego brands and entities. Defendant has not represented that it has conducted a search based on those search terms, and that no responsive documents exist. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised); *Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than merely assert that the search was conducted with due diligence" and "must briefly describe the search to allow the Court to determine whether it was reasonable").

On May 29, 2025, Plaintiff's counsel also took the deposition of Claire Huang, who is employed as an accountant and executive assistant to the CEO of Aster Graphics, Inc. (Vogel Decl.,

Ex. 8, Huang Dep. Tr.). Defendant produced several documents to Plaintiff showing companies that were registered by Ms. Huang, which Ms. Huang also testified about during her deposition. *See Id.,* 43:23-44:1; 45:8-20; 51:4-14; 68:4-8; 73:13-23. Therefore, it is reasonable that there may be other entities registered by Aster Graphics, Inc., and this information goes directly to Plaintiff's alter ego claim that Defendant was registering and operating numerous entities selling ink and toner.

Moreover, in PLT000003 produced to Defendant, Defendant used customer contract information from Amazon sales of various brands alleged in the Complaint, including brands from entities registered by Claire Huang of Aster Graphics, Inc. Defendant has not confirmed a search based on these entities or brands, or that all responsive documents have been produced. (Vogel Decl., Exs. 4-5).

Plaintiff requests that Defendant promptly supplement its response by (i) producing all responsive documents sufficient to identify any business registration of any entity it registered or attempted to register with a U.S. state since 2018, or (ii) confirming that after a diligent search, no such documents exist.

### **Ruling:**

Again, Defendant's objection on the basis that the information requested is available from public sources is unsupported by authority and otherwise improper. Rule 34 requires a party to produce documents that are within its possession, custody or control, and absent any showing of a limitation warranted by Rule 26(b)(2)(C) (which has not been asserted), it is immaterial that the requested information may

also be available from another source, including a public source.  Thus, the objection is overruled.

As with the previous Request, this Request is straightforward – it seeks documents "sufficient" to show any business registration of any entity Defendant registered or attempted to register since 2010.  Thus, this Request seeks to determine not only business registrations pertaining to Aster Graphics, Inc., but also those for any alleged alter ego entity.  The objections raised by Defendant do not warrant an abject refusal to produce responsive documents, as this Request seeks relevant information, and no objection was raised as to privilege.  However, the Court again finds the requested period to be overly broad and will limit the response to documents since 2015.  To the extent there are no further responsive documents, a supplemental response must unequivocally confirm such.  Thus, the Motion is GRANTED in part and DENIED in part as to this Request.

      f.     <u>*Request for Production No. 23*</u>:  All documents concerning U.S. customs or other import records relating to your ink or toner.

<u>Defendant's Response</u>: Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)"). Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages Defendant further objects to this Request as overly broad and unduly burdensome, because Plaintiff has not established a reasonable basis that U.S. customs or other import records are relevant to any parties' claims or defenses.

Subject to and without waiving the foregoing objections, Defendant will not produce document responsive to this Request as written, but is willing to meet and confer to discuss the relevance of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

Plaintiff's Position re: Request for Production No. 23:

Defendant's response that it is "willing to meet and confer," does not excuse its refusal to produce any documents responsive to this narrowly tailored Request. This Request seeks "documents concerning U.S. customs or other import records relating to [Defendant's] ink or toner," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer does not comply with the FRCP and fails to satisfy Defendant's obligations. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and truthfulness in a response and any responses which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding relevance and proportionality are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Additionally, objections based on "all documents" language are not a valid basis for refusal to answer where the subject matter is narrowly framed and plainly relevant to the claims. Defendant's citation to *Mailhoit v. Home Depot* is misplaced; that case concerned facially overbroad and vague requests, whereas this Request is narrowly tailored to documents concerning Defendant's importation activity of ink and toner products during a specific period – a central issue in this litigation. These import records are discrete, identifiable, and within Defendant's possession or obtainable through reasonable inquiry.

Additionally, Defendant offers no legal or factual basis for its objection based on relevance. Defendant's position that the Request is "not relevant" ignores the clear and direct connection between U.S. import records and Plaintiff's allegations of deceptive marketplace conduct and the operation of alter ego entities.

Moreover, Plaintiff and Defendant have already negotiated search terms pertaining to the alleged alter ego brands and entities. Defendant has not represented that it has conducted a search based on those search terms, and that no responsive documents exist. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised); *Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than merely assert that the search was conducted with due diligence" and "must briefly describe the search to allow the Court to determine whether it was reasonable").

Plaintiff has also produced hundreds of pages of documents to Defendant related to their importation of ink and toner. (Vogel Decl., Exs. 4-5). Such documents clearly show that Defendant engages in this alleged conduct with various of the alleged entities and brands. Defendant's refusal to produce relevant documents wholly disregards its discovery obligations.

Plaintiff requests that Defendant promptly supplement its response by (i) producing all responsive documents concerning U.S. customs or other import records relating to its ink or toner, or (ii) confirming that after a diligent search, no such documents exist.

**Ruling**:

As noted above, Defendant's refusal to respond to this Request "as written" is improper and unsupported by authority.  Pursuant to Rule 34, the only basis for withholding an otherwise discoverable document is on the basis of privilege, which has not been asserted. Defendant's objection on the basis of relevance is overruled, since documents relating to the importation of ink and/or toner are relevant to Plaintiff's underlying claims.  However,  the Court will limit the time frame for this Request to the period since 2015.  Thus, Defendant's objection as to overbreadth is sustained in part, and the Court otherwise finds this Request to be proper.  The Motion is therefore GRANTED in part and DENIED in part as to this Request.

/ / /

g. _Request for Production No. 25_: All documents concerning any shipments of ink or toner to or from an Amazon FBA warehouse.

Defendant's Response: Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." _See Mailhoit v. Home Depot U.S.A., Inc_., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to _In re Asbestos Products Liability Litigation_ (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)"). Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages. Defendant further objects to this Request as overly broad and unduly burdensome, because Plaintiff has not established a reasonable basis that shipment documents to or from an Amazon FBA warehouse are relevant to any parties' claims or defenses or are proportional to the needs of this case.

Subject to and without waiving the foregoing objections, Defendants will not produce documents responsive to this Request as written, but is willing to meet and confer to discuss the relevance of this Request.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

Plaintiff's Position re: Request for Production No. 25:

Defendant' s response that it is "willing to meet and confer," does not excuse its refusal to produce any documents responsive to this narrowly tailored Request. This Request seeks "documents concerning any shipments of ink or toner to or from an Amazon FBA warehouse," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer does not comply with the FRCP and fails to satisfy Defendant's obligations. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). _See Hash v. Cate_, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); _Dulansky v. Iowa-Illinois Gas & Elec. Co._, 92 F. Supp. 118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and truthfulness in a response and any

26

responses which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding relevance and proportionality are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Additionally, objections based on "all documents" language are not a valid basis for refusal to answer where the subject matter is narrowly framed and plainly relevant to the claims. Defendant's citation to *Mailhoit v. Home Depot* is misplaced; that case concerned facially overbroad and vague requests, whereas this Request is narrowly tailored to documents concerning shipments of ink or toner to or from Amazon FBA warehouses – records that are discrete, identifiable, and within Defendant's possession or obtainable through reasonable inquiry.

Further, Defendant offers no legal or factual basis for its objection based on relevance. Defendant's position that the Request is "not relevant" ignores the clear and direct connection between shipments to or from Amazon FBA warehouses and Plaintiff's allegations of operation of alter ego entities selling on Amazon.

Plaintiff and Defendant have already negotiated search terms pertaining to the alleged alter ego brands and entities. Defendant has not represented that it has conducted a search based on those search terms, and that no responsive documents exist. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021 (requiring that a responding party make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised); *Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than merely assert that the search was conducted with due diligence" and "must briefly describe the search to allow the Court to determine whether it was reasonable").

Moreover, Plaintiff is already aware that Defendant's operations include Amazon FBA warehouses. Defendant produced payroll records to the Plaintiff for the years 2023 and 2024 that show a department called "CA FBA Team." (Vogel Decl., Ex. 10). Defendant has failed to confirm that it has searched for responsive documents, or that no responsive documents exist.

Plaintiff requests that Defendant promptly supplement its response by (i) producing all responsive documents concerning any shipments of ink or toner to or from an

Amazon FBA warehouse, or (ii) confirming that after a diligent search, no such documents exist.

**Ruling:**

As previously discussed, to the extent that Defendant objects on the basis of vagueness, overbreadth and/or relevance, such objections are unfounded and therefore overruled.  This Request seeks relevant information, and the Court finds it to be relatively straightforward.  To the extent Defendant was uncertain as to the nature of the documents requested, a conference with opposing counsel would have likely resolved any such uncertainty.  Again, none of the bases cited in Defendant's response authorizes an abject refusal to provide responsive documents.  However, the Court finds that this Request, which seeks "all" documents concerning "any" shipments of ink or toner, is impermissibly overbroad as drafted since it is not sufficiently tailored to the underlying claims..  Accordingly, the Court GRANTS in part and DENIES in part the Motion as to this Request.  Defendant is ordered to provide documents concerning any shipment of its ink or toner, or of any related entity, to or from an Amazon FBA warehouse, since 2015.

2.    Requests Related to Defendant's Financial Records.

a.    *Request for Production No. 33*:  All documents concerning any proposed or actual tax filings or forms, or accounting statements, that include revenues relating to ink and toner sales on Amazon.

Defendant's Response: Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)"). Defendant further objects to this Request

to the extent that it seeks discovery that is not relevant to any party's claim or defense. Specifically, Plaintiff's claims are directed at various acts and tactics allegedly employed by Defendant's alter ego entities to manipulate Amazon ratings and compete unfairly on Amazon. The alleged tactics are directed at certain Amazon sellers trading under the trademarks consisting of Arcon, True Image, Amstech, Cool Toner, Aztec, Toner Bank, and Victoner. Defendant objects to this Request to the extent that it seeks discovery of the sales of ink or toner from Defendant to any entities other than the Amazon sellers identified or identifiable in the Complaint. Defendant further objects to the time frame of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages. Defendant objects to this Request to the extent it seeks duplicative information responsive to other Requests contained herein including but not limited to Request No. 10.

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged, and responsive documents that include revenues relating to ink and toner sales on Amazon, after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

<u>Plaintiff's Position re: Request for Production No. 33:</u>

Defendant' s response that it is "willing to meet and confer," does not excuse its refusal to produce any documents responsive to this narrowly tailored Request. This Request seeks "[Defendant's] proposed or actual tax filings or forms, or accounting statements, that include revenues relating to ink and toner sales on Amazon," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer does not comply with the FRCP and fails to satisfy Defendant's obligations. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and truthfulness in a response and any responses which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding relevance and proportionality are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. As courts have repeatedly held,

"[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Additionally, objections based on "all documents" language are not a valid basis for refusal to answer where the subject matter is narrowly framed and plainly relevant to the claims. The Request specifically identifies the categories of information sought – financial statements, tax filings, and interrelated corporate structures – which are common categories of discovery. Defendant's citation to *Mailhoit v. Home Depot* is misplaced; that case concerned facially overbroad and vague requests. In contrast, this Request specifically targets financial statements and tax filings, which are directly relevant to Plaintiff's alter ego theory and Defendant's denial that it is not selling ink and toner on Amazon.

**Ruling**:

Defendant has responded that, after a reasonable search, it is "unaware" of any non-privileged, responsive documents. Assuming Defendant has provided a suitable privilege log, the response appears sufficient to confirm that Defendant has no responsive documents in its possession, custody, or control. Based on Defendant's representations, the response appears adequate, assuming of course, that it is unequivocally true and accurate. To the extent Defendant's response is not unequivocal, it must file a supplemental response clarifying, unequivocally, that it has no responsive documents in its possessions, custody or control. Otherwise, the Motion is DENIED as to this Request.

3. <u>Requests Related to John Zhang and Other Employees</u>

a. *<u>Request for Production No. 11</u>*: Documents sufficient to identifyall email domains used by employees of Defendants.

<u>Defendant's Response</u>: Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant further objects to this Request as overly broad and unduly burdensome, because Plaintiff has not

established a reasonable basis that Defendant's employees' email domains are relevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, Defendant will produce non-privileged, responsive documents (if they exist) within Defendant's possession, custody, and control that are sufficient to show the email domains used by Aster Graphics Inc. employees.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

Plaintiff's Position re: Request for Production No. 11:

Defendant's response is inadequate. Although Defendant states it "will produce responsive, non-privileged documents," it fails to specify what categories of documents, if any, will be produced. This Request seeks "[d]ocuments sufficient to identify all email domains used by employees of Defendants," which is a clear and specific inquiry directly relevant to the issues in this case. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and truthfulness in a response and any responses which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding relevance and undue burden are legally insufficient unless supported by specific facts showing the burden, duplication, or undue expense. Defendant provides no such explanation. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Defendant also fails to offer any factual basis for its burden objection, nor has it explained why a request limited to its email domains used by its employees would be unduly burdensome. Further, Defendant offers no legal or factual basis for its objection based on relevance. The Request seeks information plainly relevant to the claims in this case – namely, Defendant's business operations and communications, which includes the email domains that were used to conduct business related to Defendant and the alleged alter ego entities. *See Landa v. Simmons,* No. D083814, 2025 WL 1122234, at *5 (Cal. Ct. App. Apr. 16, 2025) (in assessing alter ego, courts

consider numerous factors, including "use of the same offices and employees" and "use of one as a mere shell or conduit for the affairs of the other").

Plaintiff and Defendant have already negotiated search terms pertaining to the alleged alter ego brands and entities. Defendant has failed to (1) clarify whether a reasonable and diligent search was performed based on those search terms; (2) address whether responsive documents exist; or (3) produce or identify any responsive documents whatsoever. A party must do more than express generalized unawareness; it must affirm that it conducted a reasonable inquiry and specify the efforts undertaken. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than merely assert that the search was conducted with due diligence" and "must briefly describe the search to allow the Court to determine whether it was reasonable").

Additionally, Plaintiff produced numerous documents to Defendant showing email domains for various Aster employees, including, but not limited to, PLT_014566; PLT_014726; PLT_014920. There are additional documents that also reflect Aster employee email addresses that were produced. As a result, it is clear that there are numerous employee email domains that have not been produced, and Plaintiff would not have known of them if Plaintiff had not been doing business with Aster. These emails are directly relevant to Plaintiff's claims, as they relate to Defendant's business operations, as well as any shared employees between Defendant and the alleged alter ego entities.

Additionally, there are many instances where employees represent themselves to be Aster Graphics Inc. employees, using both official Aster domain email accounts with Aster Graphics Inc. signature blocks along with other email accounts. For instance, John Zhang was known to Plaintiff ML Products as a sales representative at Aster Graphics Inc., conducting Aster business with ML Products using both a Gmail.com account and an official Aster domain account. (Vogel Decl., Ex. 11). Defendant has failed to explain whether a search has been conducted for all email domains used by Aster Graphics, Inc. employees.

Plaintiff requests that Defendant promptly supplement its response by (i) producing all responsive documents sufficient to identify all email domains used by employees of Defendants, or (ii) confirming that after a diligent search, no such documents exist.

/ / /

/ / /

1

2

**Ruling**:

This Request seeks relevant information in the form of the email domain names and any email addresses used by Defendant's employees in the course and scope of their employment with Defendant. Responsive documents would presumably include both corporate email domain names and the individual employee's personal email addresses and domain names, to the extent that any employees used their personal email addresses for corporate purposes or in connection with their duties as employees of Defendant. In addition, this Request also would presumably include any email addresses used by the "helpers" to the extent they conducted work for Defendant.

The response is limited to documents which are "sufficient" to identify all email domains used by employees of Defendant, which will ensure that any production is not unduly burdensome. Defendant's objections are overruled, as this Request is narrowly tailored and thus not overbroad, and it seeks relevant information. Accordingly, the Court GRANTS the Motion as to this Request.

4.    Requests Related to Defendant's Communication Records, Including Review Tracking and Manipulation

*a.  Request for Production No. 36*: All documents concerning any offer of compensation, free or discounted merchandise, gift cards, or any other consideration offered or provided in exchange for product reviews, or to change or delete product reviews, on Amazon.

Defendant's Response: Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant objects to this Request to the extent it seeks information disproportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a

33

reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)"). Defendant further objects to the time frames of this Request to the extent that it is seeking information outside the time period Plaintiff is entitled to claim damages.

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

<u>Plaintiff's Position re: Request for Production No. 36</u>:

Defendant' s refusal to produce any documents responsive to this narrowly tailored Request is evasive, legally unsupported, and fails to comply with its discovery obligations under the Federal Rules of Civil Procedure. This Request seeks "[d]ocuments concerning any offer of compensation, free or discounted merchandise, gift cards, or any other consideration offered or provided in exchange for product reviews, or to change or delete product reviews, on Amazon," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer fails to satisfy Defendant's obligations. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and truthfulness in a response and any responses which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding relevance and proportionality are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Additionally, objections based on "all documents" language are not a valid basis for refusal to answer where the subject matter is narrowly framed and plainly relevant to the claims. The Request specifically identifies the categories of

information sought – compensation, free or discounted merchandise, gift cards, or other considerations offered in exchange for Amazon product reviews.

In addition, Plaintiff produced to Defendant spreadsheets7 where it is clear that employees of Aster Graphics, Inc. were tracking reviews. Specifically, in PLT000005, Becky Anderson and John Zhang, Aster Graphics, Inc. employees, sent spreadsheets, including translated version PLT000003, where they are tracking reviews and offering compensation to consumers on Amazon for their reviews. (Vogel Decl., Exs. 4-5). Additionally, Plaintiff provided the Defendant with a letter sent from Defendant, offering an Amazon e-gift card in exchange for a positive review after the customer purchased a True Image brand toner, one of the alleged alter ego brands, on Amazon. (Vogel Decl., Ex. 12). There may be other relevant documents that Defendant has not produced.

Plaintiff requests that Defendant promptly supplement its response by (i) producing all responsive documents concerning any offer of compensation, free or discounted merchandise, gift cards, or any other consideration offered or provided in exchange for product reviews, or to change or delete product reviews, on Amazon, or (ii) confirming that after a diligent search, no such documents exist.

### **Ruling**:

Defendant has stated in its response to this Request that it is "unaware" of any non-privileged responsive documents in its possession, custody, or control following a reasonable search. (Joint Stip. at 40). Notwithstanding Plaintiff's argument that the spreadsheet provided to Defendant (Vogel Decl. at ¶ 7, Exhs. 4-5) appears to show examples of responsive documents, Defendant disagrees and stands on its response. Accordingly, it appears that Defendant has suitably responded to this Request, and the Motion is therefore DENIED. The Court will note, however, that in light of the facts and arguments raised by Plaintiff, if it is later determined that Defendant was, in fact, in possession of responsive documents, Defendant would potentially be subject to the sanctions provided in Rule 37(c), including (potentially) those of heightened severity.

/ / /

/ / /

/ / /

b. _Request for Production No. 38_:  All documents concerning customer reviews, product ratings, Best Seller ratings, or sales estimates or figures for any ink or toner product sold or offered for sale on Amazon by any seller other than you.

Defendant's Response: Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant objects to this Request to the extent it seeks information disproportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." _See Mailhoit v. Home Depot U.S.A., Inc._, 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to _In re Asbestos Products Liability Litigation_ (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)"). Defendant objects to Plaintiff's Requests to the extent they seek information that is equally accessible to, or readily available to, Plaintiff, including but not limited to documents available from publicly- accessible websites or documents already in the possession, custody, or control of Plaintiff.

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

Plaintiff's Position re: Request for Production No. 38:

Defendant' s refusal to produce any documents responsive to this Request is evasive, legally unsupported, and fails to comply with its discovery obligations under the Federal Rules of Civil Procedure. This Request seeks "documents concerning customer reviews, product ratings, Best Seller ratings, or sales estimates or figures for any ink or toner product sold or offered for sale on Amazon by any seller other than [Defendant]," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer fails to satisfy Defendant's obligations. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). _See Hash v. Cate_, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources

within his control") (citation omitted); *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and truthfulness in a response and any responses which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding proportionality, relevance, and public accessibility are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Furthermore, the Federal Rules do not permit a responding party to withhold relevant discovery merely because the information may also be obtainable through public channels. Courts have repeatedly rejected the notion that public availability excuses a party from its obligation to produce materials within its possession, custody, or control. *See Thomas v. Hickman*, No. 106-CV-00215-AWI-SMS, 2007 WL 4302974, at *19 (E.D. Cal. Dec. 6, 2007) (rejecting the argument that production may be refused where documents are publicly available or accessible to the requesting party); *Bretana v. Int'l Collection Corp.*, No. C07-05934 JF (HRL), 2008 WL 4334710, at *5-6 (N.D. Cal. Sept. 22, 2008) (holding that a party cannot validly object to producing discovery merely because the information exists in public records); *see also U.S. S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 577 (M.D.N.C. 2002) (Rule 33(d) does not apply where the information is not readily ascertainable from business records or where a narrative response is necessary).

Defendant offers no legal or factual basis for its objection based on relevance. The Request seeks information plainly relevant to the claims in this case – namely, Plaintiff's allegations of deceptive marketplace conduct, the operation of alter ego entities, and incentivized or manipulated product reviews. To date, Defendant has not produced responsive documents as to all aspects of the Request. *See* Fed.R.Civ. P.26(a)(1)(requiring a party to produce "a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses..."); *QC Labs v. Green Leaf Lab, LLC*, No. 818CV01451JVSJDEX, 2019 WL 6797250, at *5 (C.D. Cal. July 19, 2019) (citation, internal quotations omitted) (shared control of documents held in another corporation's care are key factors in evaluating alter ego and agency relationships); *Q Indus., Inc. v. O'Reilly Auto., Inc.*, No. CV223791HDVPVCX, 2023 WL 5505889, at *9 (C.D. Cal. July 28, 2023) (citation, internal quotations omitted).

37

Additionally, objections based on "all documents" language are not a valid basis for refusal to answer where the subject matter is narrowly framed and plainly relevant. Defendant's citation to *Mailhoit v. Home Depot* is misplaced; that case concerned facially overbroad and vague requests. In contrast, this Request specifically targets documents evidencing review manipulation tactics on Amazon, a core issue related to Plaintiff's claims.

Defendant has failed to (1) clarify whether a reasonable and diligent search was performed; (2) address whether responsive documents exist; or (3) produce or identify any responsive documents whatsoever. A party must do more than express generalized unawareness; it must affirm that it conducted a reasonable inquiry and specify the efforts undertaken. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than merely assert that the search was conducted with due diligence" and "must briefly describe the search to allow the Court to determine whether it was reasonable").

In addition, Plaintiff produced to Defendant spreadsheets where it is clear that employees of Aster Graphics, Inc. were tracking reviews. Specifically, in PLT000005, Becky Anderson and John Zhang, Aster Graphics, Inc. employees, sent spreadsheets, including translated version PLT000003, where they are tracking reviews and offering compensation to consumers on Amazon for their reviews. (Vogel Decl., Exs. 4-5). Additionally, Plaintiff provided the Defendant with a letter sent from Defendant, offering an Amazon e-gift card in exchange for a positive review after the customer purchased a True Image brand toner, one of the alleged alter ego brands, on Amazon. (Vogel Decl., Ex. 12). There may be other relevant documents that Defendant has not produced.

Plaintiff requests that Defendant promptly supplement its response by (i) producing all responsive documents concerning customer reviews, product ratings, Best Seller ratings, or sales estimates or figures for any ink or toner product sold or offered for sale on Amazon by any seller other than Defendant, or (ii) confirming that after a diligent search, no such documents exist.

**Ruling**:

Initially, the Court notes that Defendant's objection on the bases of non-relevance and proportionality – essentially that it is overbroad – is meritorious, since this Request seeks documents pertaining to various sales on Amazon other than by

38

Defendant.  Of course, this Request is limited to any documents in Defendant's possession, custody, or control, which will vastly reduce the possible pool of documents.  Defendant has stated in its response to this Request that it is "unaware" of any non-privileged responsive documents in its possession, custody, or control following a reasonable search.  (Joint Stip. at 40).  Again, notwithstanding Plaintiff's argument that the spreadsheet provided to Defendant (Vogel Decl. at ¶ 7, Exhs. 4-5) appears to show examples of responsive documents, Defendant disagrees and stands on its response.  The Court notes that Defendant's obligation to produce all responsive documents within its "possession, custody or control" requires "at a minimum, a reasonable procedure to distribute discovery requests to all employees and agents of the [party] potentially possessing responsive information and to account for the collection and subsequent production of the information to [the opposing party]."  A. Farber, 234 F.R.D. at 190 (citation and quotation omitted).  Accordingly, it appears Defendant has suitably responded, and the Motion is DENIED as to this Request.  The Court again notes, however, that in light of the facts and arguments raised by Plaintiff, if it is later determined that Defendant was, in fact, in possession of responsive documents, it would warrant one or more of the sanctions provided for in Rule 37(c), including (potentially) those of heightened severity.

> c. *Request for Production No. 40*: All documents concerning any attempted or actual communication between you and any customer concerning Amazon reviews or ratings.

Defendants Response: Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant objects to this Request to the extent it seeks information disproportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." *See Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to *In re Asbestos Products Liability Litigation* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009)

("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").

Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

<u>Plaintiff's Position re: Request for Production No. 40</u>:

Defendant's refusal to produce any documents responsive to this narrowly tailored Request is evasive, legally unsupported, and fails to comply with its discovery obligations under the Federal Rules of Civil Procedure. This Request seeks "documents concerning any attempted or actual communication between [Defendant] and any customer concerning Amazon reviews or ratings," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer fails to satisfy Defendant's obligations. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted); *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and truthfulness in a response and any responses which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding relevance and proportionality are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Defendant offers no legal or factual basis for its objection based on relevance. The Request seeks information plainly relevant to the claims in this case – namely, Plaintiff's allegations of deceptive marketplace conduct, the operation of alter ego entities, and incentivized or manipulated product reviews. To date, Defendant has not produced responsive documents as to all aspects of the Request. Fed.R.Civ. P.26(a)(1)(requiring a party to produce "a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that

are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses..."); *QC Labs v. Green Leaf Lab, LLC*, No. 818CV01451JVSJDEX, 2019 WL 6797250, at *5 (C.D. Cal. July 19, 2019) (citation, internal quotations omitted) (shared control of documents held in another corporation's care are key factors in evaluating alter ego and agency relationships); *Q Indus., Inc. v. O'Reilly Auto., Inc.*, No. CV223791HDVPVCX, 2023 WL 5505889, at *9 (C.D. Cal. July 28, 2023) (citation, internal quotations omitted).

Additionally, objections based on "all documents" language are not a valid basis for refusal to answer where the subject matter is narrowly framed and plainly relevant to the claims. The Request specifically identifies the categories of information sought – communications related to Amazon ratings or reviews. Defendant's citation to *Mailhoit v. Home Depot* is misplaced; that case concerned facially overbroad and vague requests. In contrast, this Request specifically targets documents evidencing review manipulation tactics on Amazon, a core issue related to Plaintiff's claims.

Defendant has failed to (1) clarify whether a reasonable and diligent search was performed; (2) address whether responsive documents exist; or (3) produce or identify any responsive documents whatsoever. A party must do more than express generalized unawareness; it must affirm that it conducted a reasonable inquiry and specify the efforts undertaken. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than merely assert that the search was conducted with due diligence" and "must briefly describe the search to allow the Court to determine whether it was reasonable").

In addition, Plaintiff produced to Defendant spreadsheets where it is clear that employees of Aster Graphics, Inc. were tracking reviews. Specifically, in PLT000005, Becky Anderson and John Zhang, Aster Graphics, Inc. employees, sent spreadsheets, including translated version PLT000003, where they are tracking reviews and offering compensation to consumers on Amazon for their reviews. (Vogel Decl., Exs. 4-5). Additionally, Plaintiff provided the Defendant with a letter sent from Defendant, offering an Amazon e-gift card in exchange for a positive review after the customer purchased a True Image brand toner, one of the alleged alter ego brands, on Amazon. (Vogel Decl., Ex. 12). There may be other relevant documents that Defendant has not produced.

/ / /

Plaintiff requests that Defendant promptly supplement its response by (i) producing all responsive documents concerning any attempted or actual communication between Defendant and any customer concerning Amazon reviews or ratings, or (ii) confirming that after a diligent search, no such documents exist.

**Ruling:**

Plaintiff appears to mischaracterize Defendant's response; Defendant has not refused to produce any documents but instead attests that it has no responsive documents to produce. Defendant has stated in its response to this Request that it is "unaware" of any non-privileged responsive documents in its possession, custody, or control following a reasonable search. (Joint Stip. at 40). Notwithstanding Plaintiff's argument that the spreadsheet provided to Defendant (Vogel Decl. at ¶ 7, Exhs. 4-5) appears to show examples of responsive documents, Defendant disagrees and stands on its response. The Court again notes that Defendant's obligation to produce all responsive documents within its "possession, custody or control" requires "at a minimum, a reasonable procedure to distribute discovery requests to all employees and agents of the [party] potentially possessing responsive information and to account for the collection and subsequent production of the information to [the opposing party]." A. Farber, 234 F.R.D. at 190 (citation and quotation omitted). Accordingly, it appears Defendant has suitably responded, and the Motion is DENIED as to this Request. The Court once more notes that in light of the facts and arguments raised by Plaintiff, if it is later determined that Defendant was, in fact, in possession of responsive documents, it would warrant one or more of the sanctions provided for in Rule 37(c), including (potentially) those of heightened severity.

/ / /

/ / /

/ / /

/ / /

        d. *Request for Production No. 44*: All documents concerning communications with third parties concerning Amazon product reviews or ratings, including but not limited to communications with Rebates and any person or group on Facebook or other social media platform.

    <u>Defendants Response:</u> Defendant incorporates its General Objections above as if set forth in full herein. Defendant objects to this Request for lack of foundation. Defendant objects to the undefined term "Rebates," which is vague and ambiguous and fails to describe with reasonable particularity the documents or things sought by Plaintiff. Defendant objects to this Request to the extent it seeks information that is neither relevant to any party's claims or defenses. Defendant objects to this Request to the extent it seeks information disproportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1), using such expansive language as "all documents." See Mailhoit v. Home Depot U.S.A., Inc., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citing to In re Asbestos Products Liability Litigation (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009) ("'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)").

    Subject to and without waiving the foregoing objections, Defendant is unaware of nonprivileged documents within its possession, custody, or control, that are responsive to this Request after a reasonable search.

    Defendant reserves the right to supplement and/or amend this response as discovery proceeds, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

    <u>Plaintiff's Position re: Request for Production No. 44:</u>

    Defendant' s refusal to produce any documents responsive to this narrowly tailored Request is evasive, legally unsupported, and fails to comply with its discovery obligations under the Federal Rules of Civil Procedure. This Request seeks "documents concerning communications with third parties concerning Amazon product reviews or ratings, including but not limited to communications with Rebates and any person or group on Facebook or other social media platform," which is a clear and specific inquiry directly relevant to the issues in this case. Defendant failed to produce any documents or even confirm the existence or nonexistence of any such records. This blanket refusal to answer fails to satisfy Defendant's obligations. A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4); 34(b)(2)(C). *See Hash v. Cate*, 2012 WL 6043966, at *2 (N.D.Cal. Dec. 5, 2012) (a responding party may not "plead ignorance to information that is from sources within his control") (citation omitted);

*Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950) (FRCP 36 "requires absolute good faith and truthfulness in a response and any responses which seeks to evade or avoid … will not be countenance.")

Boilerplate objections regarding relevance and proportionality are legally insufficient unless supported by specific facts showing burden, duplication, or undue expense. Defendant provides no such explanation. Furthermore, objections claiming that terms such as "Rebates" are "vague and ambiguous" are plainly meritless. As courts have repeatedly held, "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).

Defendant offers no legal or factual basis for its objection based on relevance. The Request seeks information plainly relevant to the claims in this case – namely, Plaintiff's allegations of deceptive marketplace conduct, the operation of alter ego entities, and incentivized or manipulated product reviews . To date, Defendant has not produced responsive documents as to all aspects of the Rrequest.

Additionally, objections based on "all documents" language are not a valid basis for refusal to answer where the subject matter is narrowly framed and plainly relevant to the claims. The Request specifically identifies the categories of information sought – documents related to communications with third-parties regarding ratings and reviews. Defendant's citation to *Mailhoit v. Home Depot* is misplaced; that case concerned facially overbroad and vague requests. In contrast, this Request specifically targets documents evidencing review manipulation tactics on Amazon, a core issue related to Plaintiff's claims.

Defendant has failed to (1) clarify whether a reasonable and diligent search was performed; (2) address whether responsive documents exist; or (3) produce or identify any responsive documents whatsoever. A party must do more than express generalized unawareness; it must affirm that it conducted a reasonable inquiry and specify the efforts undertaken. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418–19 (N.D. Tex. 2021) (requiring that a responding party make "reasonable inquiry … and if no responsive documents or tangible things exist … so state with sufficient specificity to allow the Court to determine whether … a reasonable inquiry and … due diligence" were exercised); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (holding that a party "must do more than merely assert that the search was conducted with due diligence" and "must briefly describe the search to allow the Court to determine whether it was reasonable").

In addition, Plaintiff produced to Defendant spreadsheets where it is clear that employees of Aster Graphics, Inc. were tracking reviews. Specifically, in PLT000005, Becky Anderson and John Zhang, Aster Graphics, Inc. employees, sent

spreadsheets, including translated version PLT000003, where they are tracking reviews and offering compensation to consumers on Amazon for their reviews. (Vogel Decl., Exs. 4-5). Additionally, Plaintiff provided the Defendant with a letter sent from Defendant, offering an Amazon e-gift card in exchange for a positive review after the customer purchased a True Image brand toner, one of the alleged alter ego brands, on Amazon. (Vogel Decl., Ex. 12). There may be other relevant documents that Defendant has not produced.

Plaintiff requests that Defendant promptly supplement its response by (i) producing all responsive documents concerning communications with third parties concerning Amazon product reviews or ratings, including but not limited to communications with Rebates and any person or group on Facebook or other social media platform, or (ii) confirming that after a diligent search, no such documents exist.

**Ruling**:

Defendant has stated in its response to this Request that it is "unaware" of any non-privileged responsive documents in its possession, custody, or control following a reasonable search. (Joint Stip. at 40). Notwithstanding Plaintiff's argument that the spreadsheet provided to Defendant (Vogel Decl. at ¶ 7, Exhs. 4-5) appears to show examples of responsive documents, Defendant disagrees and stands on its response. Accordingly, it appears Defendant has suitably responded, and the Motion is DENIED as to this Request. The Court again notes that Defendant's obligation to produce all responsive documents within its "possession, custody or control" requires "at a minimum, a reasonable procedure to distribute discovery requests to all employees and agents of the [party] potentially possessing responsive information and to account for the collection and subsequent production of the information to [the opposing party]." A. Farber, 234 F.R.D. at 190 (citation and quotation omitted). The Court again notes that in light of the facts and arguments raised by Plaintiff, if it is later determined that Defendant was, in fact, in possession of responsive documents, it would warrant one or more of the sanctions provided for in Rule 37(c), including (potentially) those of heightened severity.

### C.    Request for Sanctions.

In its Motion, Plaintiff requests monetary and nonmonetary sanctions pursuant to Rule 37.

The Court finds Plaintiff's request for nonmonetary sanctions premature.  The Court denies that request without prejudice to Plaintiff reasserting its request at a later date upon a more fulsome showing.

However, it appears that monetary sanctions may be warranted in this matter.  Pursuant to Rule 37(a)(5), the Court is authorized to award the prevailing party on a motion to compel its reasonable expenses incurred in making the motion, including reasonable attorney's fees.  Where, as here, a motion to compel is granted in part and denied in part, the court may, after giving the parties an opportunity to be heard, apportion the reasonable expenses for the motion.  Rule 37(A)(5)(C).

Accordingly, because Plaintiff has prevailed on some of the disputes raised in the Motion, but not all of them, the Court finds that a proportional award of fees under Rule 37(a)(5)(C) may be appropriate.  Plaintiff shall submit its reasonable expenses incurred in bringing the Motion to the Court within fourteen (14 days) of the date of this Order.  Defendants shall thereafter file any opposition or objection to Plaintiff's expense request within fourteen (14) days of the date of Plaintiff's filing.  The Court will thereafter take the matter under submission.

## IV.

## CONCLUSION AND ORDER

Plaintiff's Motion is GRANTED with respect to Request for Production of Documents Nos. 3, 9, 11, and 12.

Plaintiff's Motion is DENIED with respect to Request for Production of Documents Nos. 33, 36, 38, 40 and 44.

Plaintiff's Motion is GRANTED in part and DENIED in part with respect to Request for Production of Documents Nos. 21, 22, 23, and 25.

Plaintiff shall submit its reasonable expenses incurred in bringing the Motion to the Court within fourteen (14) days of the date of this Order.  Defendants shall thereafter file any opposition or objection to Plaintiff's expense request within fourteen (14) days of the date of Plaintiff's filing.

DATED: October 8, 2025  _____

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

47