Richard D. McCune (SBN 132124)
rdm@mccunelawgroup.com
Valerie L. Savran (SBN 334190)
vls@mccunelawgroup.com
Andy Van Ligten (SBN 348696)
avl@mccunelawgroup.com
Brandon Keshish (SBN 351254)
bk@mccunelawgroup.com
**MCCUNE LAW GROUP, APC**
3281 E. Guasti Road, Suite 100
Ontario, CA 91761
Telephone: (909) 557-1250

Dana R. Vogel (*Pro Hac Vice*)
drv@mccunelawgroup.com
Connor P. Lemire (*Pro Hac Vice*)
cpl@mccunelawgroup.com
**MCCUNE LAW GROUP, APC**
2415 East Camelback Road, Suite 850
Phoenix, Arizona 85016
Telephone: (909) 557-1250

*Attorneys for Plaintiff ML Products, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ML PRODUCTS INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>ASTER GRAPHICS, INC., et al.,<br><br>    Defendants. | Case No.: 5:23-cv-02094-MEMF-DTB<br><br>**DECLARATION OF DANA R. VOGEL IN SUPPORT OF JOINT STIPULATION TO REOPEN DISCOVERY AND EXTEND PRE-TRIAL DEADLINES BY NINETY DAYS**<br><br>Hearing Date: December 11, 2025<br>Time: 10:00 a.m. PT<br>Courtroom: 8B<br>Judge: Hon. Maame Ewusi-Mensah Frimpong, USDJ |

# DECLARATION OF DANA R. VOGEL

I, Dana R. Vogel, hereby declare as follows:

1. I am an attorney admitted to practice in the State of Arizona. I have been admitted pro hac vice in this case. I am an attorney with the McCune Law Group, and counsel of record for Plaintiff ML Products Inc ("Plaintiff"). I make this declaration in support of Plaintiff and Defendant's (the "Parties") Joint Stipulation to Reopen Discovery and Extend Pre-Trial Deadlines by Ninety Days. I have personal knowledge of the facts set forth herein, and, if called a witness, I could and would competently testify thereto.

2. Plaintiff filed the initial Complaint on October 12, 2023. (Dkt. 1). Defendant filed the answer to the Complaint on December 8, 2023. (Dkt. 27).

3. On December 7, 2023, prior to the Court setting a Scheduling Conference, the Parties filed their original Joint Report Rule 26(f) Discovery Plan. (Dkt. 26).

4. On January 31, 2024, Plaintiff served written discovery requests to Defendant.

5. On March 1, 2024, Defendant responded to Plaintiff's discovery requests.

6. The Parties met and conferred on April 19, 2024, regarding Defendant's discovery responses. During the meet-and-confer, a number of disagreements were raised regarding the responses. Plaintiff addressed these disagreements and followed up on other issues in a letter on June 3, 2024, to Defendant.

7. Plaintiff then followed up via email and during the Parties' meet and confers regarding other issues, requesting a response to the letter on multiple occasions.

8. On March 13, 2024, the Court set a scheduling conference for June 20, 2024. (Dkt. 29).

9. To further adhere to the Court's rules and provide an update, reflecting the progress made by the Parties, on June 6, 2024, the Parties filed an updated Joint Report Rule 26(f) Discovery Plan. (Dkt. 31).

10. On July 26, 2024, the Parties filed the operative protective order without dispute. (Dkt. 36).

11. On November 20, 2024, Defendant said it would respond soon to Plaintiff's June 3, 2024, discovery letter.

12. On December 13, 2024, Plaintiff filed a notice of motion and motion for leave to file a first amended complaint. (Dkt. 37).

13. On December 23, 2024, Defendant sent its first production to Plaintiff.

14. On January 14, 2025, Defendant emailed Plaintiff, stating that it had missed the deadline to oppose the motion and asked for an extension. The Parties agreed in principle to an extension in time to oppose and to the overall schedule.

15. On January 15, 2025, prior to the Parties' filing a Joint Stipulation to extend the schedule, the Court entered an order stating that Defendant had to file any Opposition to the motion for leave to file the first amended complaint by January 24, 2025. (Dkt. 40).

16. On January 23, 2025, Defendant informed Plaintiff that it would comply with the Court's January 15, 2025, Order to file its opposition on January 24, 2025, and it would no longer agree to the extension of the overall case schedule. Defendant filed its opposition on January 24, 2025. (Dkt. 41).

17. On January 30, 2025, Defendant sent Plaintiff its first set of requests for production of documents and first set of interrogatories.

18. On January 31, 2025, Plaintiff followed up again, requesting a response to Plaintiff's June 3, 2024, discovery letter. Defendant responded, stating they would have a response by early the following week. Plaintiff then preemptively scheduled a meet-and-confer prior to receiving the response.

19. On February 5, 2025, Defendant responded to Plaintiff's June 3, 2024, discovery letter.

20. On February 5, 2025, Plaintiff served Interrogatories and Requests for Admission on Defendant.

21. On February 10, 2025, the Parties met and conferred regarding Defendant's February 5, 2025, response to Plaintiff's June 3, 2024, discovery letter. During the meet-and-confer, Defendant agreed to make further productions. Plaintiff raised concerns of Defendant's responses to Request

-2-

DECLARATION OF DANA VOGEL IN SUPPORT OF JOINT STIPULATION TO REOPEN DISCOVERY AND EXTEND PRE-TRIAL DEADLINES BY NINETY DAYS
Case No. 5:23-cv-02094-MEMF-DTB

Nos. 27-48, which stated that Aster did not control the Amazon sellers and was not in possession of documents related to the alleged misconduct. Plaintiff informed Defendant's counsel that their response was concerning as Plaintiff was in possession of documents evidencing Aster's involvement in the alleged misconducts by the alleged alter-ego Amazon sellers. Plaintiff agreed to send Defendant's counsel the documents so Defendant's counsel could review and address them with their client.

22. On February 10, 2025, following the meet-and-confer Plaintiff sent Defendant an email summarizing the February 10, 2025, meet and confer.

23. During the February 10, 2025, meet-and-confer, the Parties also reached an impasse on some issues and agreed to approach the Court to resolve them.

24. On February 14, 2025, Plaintiff sent Defendant documents, including an email and the accompanying spreadsheets bearing bates numbers, PLT000001 – PLT000005. Plaintiff also produced Defendant's import record bearing bates numbers, ASTER-IMPORT-000001 – 000422.

25. On February 21, 2025, Defendant sent an email to Plaintiff regarding Plaintiff's production to seek explanation on how the February 14, 2025, production implicates Defendant. An additional production was sent to Defendant on February 22.

26. On February 21, 2025, Defendant sent its second production to Plaintiff.

27. On February 22, 2025, Plaintiff produced documents bearing bates numbers, PLT000006- PLT000016.

28. On February 25, 2025, Plaintiff sent Defendant an email explaining how the productions on February 14, 2025, and February 22, 2025, show Aster employees engaging in conduct as alleged in Plaintiff's Complaint. On February 27, 2025, Defendant responded stating that they were reviewing the productions and will respond at the earliest convenience.

29. On March 3, 2025, Plaintiff sent an impasse letter to Defendant to edit prior to approaching the Court.

30. On March 3, 2025, Plaintiff sent responses to Defendant's First Set of Requests for Production of Documents and First Set of Interrogatories.

31.   On March 4, 2025, Plaintiff noticed a 30(b)(6) deposition and the depositions of Claire Huang and John Zhang.

32.   On March 6, 2025, Defendant responded to Plaintiff's March 3, 2025 letter by proposing an extension of the current discovery deadline so that the parties may use the extra time to resolve the discovery disputes and narrow the scope of impasse that the parties would seek Court's guidance on.

33.   On March 7, 2025, Defendant served its responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Admission.

34.   On March 8, 2025, Defendant produced additional documents.

35.   On March 11, 2025, Plaintiff filed the Parties' first joint stipulation to extend fact discovery cut off and other pre-trial deadlines. (Dkt. 43).

36.   On March 21, 2025, Plaintiff followed up on the impasse letter to get Defendant's position.

37.   On March 24, 2025, the Court denied the joint stipulation for failure to comply with the requirements of Section VII.L. of the Civil Trial Order. (Dkt. 46).

38.   On March 27, 2025, the Parties met and conferred over the ongoing discovery issues, and agreed to pursue mediation.

39.   On March 27, 2025, the Court denied Plaintiff's motion for leave to file a First Amended Complaint. (Dkt. 48).

40.   On March 28, 2025, the Parties filed a joint stipulation to extend fact discovery and other pre-trial deadlines, which was subsequently granted. See Dkt. Nos. 49-50. Since then, the Parties have continued to meet-and-confer in good-faith to resolve numerous discovery issues.

41.   On March 28, 2025, Plaintiff produced documents bearing bates numbers, PLT000017-PLT001761.

42.   On April 1, 2025, Plaintiff produced documents bearing bates numbers, PLT001762-PLT009414.

43. On April 7, 2025, Plaintiff produced documents bearing bates numbers, PLT009415-PLT014254. On April 16, 2025, the Parties engaged in a meet-and-confer. The Parties agreed that Defendant would propose a list of search terms, as well as produce representative samples of importation records and financial documents, and that Plaintiff would also supplement its interrogatory responses with more specific bates numbers.

44. On April 21, 2025, Plaintiff served its First Supplemental Responses and Objections to Defendant's Interrogatories.

45. On April 22, 2025, Defendant's counsel emailed Plaintiff's counsel a list of proposed search terms, as discussed during the April 16 call. On April 23, Plaintiff's counsel responded that they would be proposing a few additional search terms, and also asked Defendant's counsel to confirm that the search terms proposed would not only apply to emails, but also to WeChat messages and any other means of communication employed by Defendant.

46. On April 24, 2025, Defendant provided possible dates in May for a mediation with the mutually agreed upon third-party mediator. On April 28, 2025, Plaintiff agreed to a mediation on May 16th. On April 29, 2025, Defendant confirmed that the mediation would be scheduled for May 16th from 11am to 7pm. On April 30, 2025, Plaintiff informed Defendant it would not be moving forward with the mediation in light of unresolved discovery issues.

47. On May 8, 2025, the Parties exchanged emails and came to an impasse. Counsel set up a meet-and-confer for the following day, May 9. The Parties conducted a meet-and-confer call on May 9, 2025, concerning the ongoing disputes related to Defendant's production. The Parties also discussed the ongoing discovery dispute related to information pertaining to John Zhang that the Parties had been meeting and conferring about since around March 2025.

48. Following the May 9, 2025, call, Plaintiff's counsel sent Defendant's counsel a follow up letter on May 12, with the intention of setting up a discovery conference before the magistrate judge on the above-mentioned issues.

49. On May 16, 2025, Plaintiff produced documents bearing bates numbers, PLT014255-PLT014536.

50. On May 21, 2025, Plaintiff served its Second Supplemental Responses and Objections to Defendant's Interrogatories.

51. On May 22, 2025, the Parties conducted a discovery conference before the Honorable David T. Bristow. During that conference, the magistrate judge found that the Parties would need to work together to narrow the temporal scope of the document requests. He also stated that Plaintiff's counsel was entitled to information pertaining to John Zhang, and that Defendant's counsel would need to work with Plaintiff's counsel to come up with a list of agreeable search terms, as well as expand the scope of their production to include WeChat messages.

52. Accordingly, on May 23, 2025, the Parties conducted another meet-and-confer to discuss the discovery issues in light of the conference before the Court one day prior. The Parties were able to narrow the list of search terms and reach an agreement regarding the relevant time period, as well as Defendant's willingness to search for communications related to the individual, John Zhang. The Parties also agreed that Defendant would produce WeChat communications in the form of screenshots but that Plaintiff was amenable to working with Defendant to lessen the burden of the search.

53. On May 29, 2025, Plaintiff conducted the deposition of Defendant's current employee, Claire Huang.

54. On May 30, 2025, the Parties filed a joint stipulation to extend fact discovery and other pre-trial deadlines, which was subsequently granted. See Dkt Nos. 59, 61. Also on May 30, 2025, Plaintiff re-noticed the deposition of John Zhang for June 18, 2025, continuing to attempt service.

55. On May 30, 2025, Plaintiff noticed the party deposition of Scott Edgar for deposition on June 20, 2025.

56. On June 2, 2025, Defendant informed Plaintiff that three individuals, Becky Anderson, Ace Ou, and Young Xu, subpoenaed for deposition pursuant to FRCP 30(b)(1), were never employees of Defendant and Ace Ou and Young Xu instead were employed by Defendant's Chinese subsidiary.

57. On June 11, 2025, Defendant sent Plaintiff a letter regarding deficiencies in Plaintiff's responses to Defendant's Interrogatories.

58. On June 12, 2025, Plaintiff sent Defendant a letter regarding deficiencies in Defendant's responses to Plaintiff's Requests for Admission and Interrogatories pursuant to Local Rule 37-1 and requested a meet-and-confer.

59. On June 13, 2025, Plaintiff sent Defendant its Second Requests for Admission.

60. On June 16, 2025, Plaintiff served its Amended Notice to take Defendant's FRCP 30(b)(6) deposition on July 22, 2025.

61. On June 18, 2025, Plaintiff subpoenaed John Zhang for deposition once again, continuing to attempt service, and subpoenaed Scott Edgar for deposition pursuant to FRCP 30(b)(1) and 45.

62. On June 20, 2025, Plaintiff sent Defendant its Local Rule 37-1 meet-and-confer letter regarding deficient responses to its Requests for Production, requesting a meet-and-confer.

63. On June 23, 2025. the Parties conducted a Local Rule 37-1 meet-and-confer to attempt to resolve the discovery disputes prior to motion practice.

64. On June 24, 2025, Plaintiff subpoenaed Defendant's former employee, Andy Teng, for deposition, to take place on July 15, 2025.

65. On June 25, 2025, Plaintiff sent a letter to Defendant in response to its June 11 letter to Plaintiff regarding Interrogatory response deficiencies.

66. On June 30, 2025, Plaintiff subpoenaed Eco Imaging, Inc., Revol Trading, Inc., and Intercon International Corp. for production of documents.

67. On July 1, 2025, Defendant sent a letter to Plaintiff in response to its June 25 letter.. Also on July 1, 2025, Plaintiff sent Defendant its portion of the Joint Stipulation regarding Plaintiff's Motion to Compel and for Sanctions, pursuant to Local Rule 37-2.1.

68. On July 8, 2025, the Parties held a telephonic meet-and-confer to discuss Plaintiff's responses to Defendant's interrogatories.

69. On July 9, 2025, Defendant sent Plaintiff its portion of the Joint Stipulation regarding Plaintiff's Motion to Compel and for Sanctions, pursuant to Local Rule 37-2.2.

70. On July 9, 2025, Plaintiff attempted to subpoena Defendant's former employee, Scott Edgar, once again for deposition pursuant to FRCP 30(b)(1) and 45.

71. On July 10, 2025, Defendant sent Plaintiff a letter regarding follow up for Plaintiff's responses to Defendant's Interrogatories.

72. On July 10, 2025, Plaintiff filed its Joint Stipulation regarding Plaintiff's Motion to Compel and Motion for Sanctions. (Dkt. 62).

73. On July 11, 2025, Plaintiff attempted to subpoena Defendant's former employee, Andy Teng, once again for deposition pursuant to FRCP 30(b)(1) and 45.

74. On July 14, 2025, Defendant sent Plaintiff its responses to Plaintiff's Second Set of Requests for Admission.

75. On July 15, 2025, Defendant informed Plaintiff of a conflict for its FRCP 30(b)(6) witness and asked to reschedule the deposition set for July 22, 2025.

76. On July 17, 2025, Plaintiff once again attempted to subpoena John Zhang for deposition pursuant to FRCP 30(b)(1) and 45.

77. On July 18, 2025, Plaintiff re-noticed Defendant's FRCP 30(b)(6) deposition for August 5, 2025. Also on July 18, Plaintiff produced additional documents to Defendant bearing bates numbers, PLT_015151-PLT_015700.

78. On July 21, 2025, Plaintiff attempted to subpoena Defendant's former employee, Andy Teng, once again for deposition pursuant to FRCP 45.

79. On July 22, 2025, Plaintiff served its Third Supplemental Responses to Defendant's Interrogatories. Also on July 22, 2025, Plaintiff attempted to subpoena Defendant's former employee, Scott Edgar, once again for deposition pursuant to FRCP 30(b)(1) and 45.

80. On July 24, 2025, Plaintiff once again attempted to subpoena John Zhang for deposition pursuant to FRCP 30(b)(1) and 45. Also on July 24, 2025, Plaintiff attempted to subpoena Mark Duva for deposition pursuant to FRCP 30(b)(1) and 45.

81. On July 25, 2025, Plaintiff emailed Defendant to inquire about additional sales team custodians for document searches that had been discussed on the Parties' May meet-and-confer.

82. On July 28, 2025, Defendant sent Plaintiff an Amended 30(b)(6) Notice to take the Deposition of Plaintiff, ML Products, Inc., and an Amended 30(b)(1) Notice to take the Deposition of Mark Schwanauer on August 19, 2025.

83. On July 28, 2025, Defendant subpoenaed a former employee of Plaintiff, Lauren Starbird, for deposition pursuant to FRCP 45.

84. On July 29, 2025, Defendant produced additional documents to Plaintiff.

85. On July 31, 2025, Plaintiff attempted to subpoena Defendant's former employee, Scott Edgar, once again for deposition pursuant to FRCP 30(b)(1) and 45.

86. On August 1, 2025, Plaintiff subpoenaed Huai Fu and Yan Tang pursuant to FRCP 30(b)(1) for deposition.

87. On August 4, 2025, Plaintiff attempted to subpoena Defendant's former employee, Andy Teng, once again for deposition pursuant to FRCP 30(b)(1) and 45.

88. On August 4, 2025, Plaintiff attempted to subpoena Zhisheng Cheng and Shaofang Weng pursuant to FRCP 30(b)(1) and 45 for deposition.

89. On August 5, 2025, Plaintiff subpoenaed Mark Duva for deposition pursuant to FRCP 30(b)(1) and 45.

90. On August 5, 2025, Plaintiff conducted its FRCP 30(b)(6) deposition of Defendant's designee, Aster Graphics, Inc. President, Yin Ye ("Leon Yin").

91. On August 7, 2025, Plaintiff filed its Supplement to the Joint Stipulation of Plaintiff's Motion to Compel Discovery Responses and Motion for Sanctions pursuant to Local Rule 37-2.3. (Dkt. 64).

92. On August 8, 2025, Plaintiff once again attempted to subpoena John Zhang for deposition pursuant to FRCP 30(b)(1) and 45.

93. On August 11, 2025, Plaintiff reached out to Defendant to reschedule the previously discussed mediation session. On August 13, 2025, Defendant agreed to re-engage in mediation. The mediation was scheduled for September 8, 2025 from 10am to 6pm. On August 12, 2025, Plaintiff re-scheduled the deposition of Mark Duva to August 14, 2025, due to the witness's schedule.

94. On August 12, 2025, Defendant emailed Plaintiff stating that it is not authorized to represent Huai Fu, Mr. Fu is not a current Defendant employee, and provided Plaintiff with Mr. Fu's last known address.

95. On August 12, 2025, Plaintiff attempted to subpoena Defendant's former employee, Scott Edgar, once again for deposition pursuant to FRCP 30(b)(1) and 45.

96. On August 12, 2025, Plaintiff subpoenaed Defendant's employees, Eric Zhong and Mia Huan for deposition pursuant to FRCP 30(b)(1).

97. On August 13, 2025, Plaintiff sent an email to Defendant following up on multiple items, including upcoming depositions, additional documents discussed in the FRCP 30(b)(6) deposition of Defendant's President, Yin Ye, and additional sales team custodians for document searches.

98. On August 14, 2025, Plaintiff conducted the deposition of Mark Duva.

99. On August 15, 2025, Plaintiff produced additional documents bearing bates numbers, PLT_015701-015702.

100. On August 22, 2025, the parties filed a joint stipulation to extend expert discovery and other pre-trial deadlines, as well as a joint stipulation for two party depositions to take place after the fact discovery cutoff. (Dkt Nos. 68-69).

101. On September 8, 2025, the parties mediated before the Honorable Patrick J. Walsh. After a full day of mediation, significant progress was made towards resolution.

102. On October 8, the Court partially granted Plaintiff's Motion to Compel. (Dkt No. 74).

103. On October 17, the parties conducted a meet-and-confer where the parties agreed to reopen discovery so that Defendant can comply with the Court's discovery order on Plaintiff's Motion to Compel. Defendant agrees to produce documents within the scope of the Court's discovery order by December 5, 2025. The parties agreed to allow for extra time to resolve potential disputes over the adequacy of such production. Defendant also agreed to allow the two additional party depositions to take place during this timeframe.

104.     During that call, the parties also discussed continuing mediation efforts during the pendency that discovery is reopened.

105.     Plaintiff agreed to allow Defendant additional time for rebuttal expert reports in light of the voluminous nature of Plaintiff's reports. As a result, the extension accounts for providing Defendant with an additional two (2) weeks from the time it receives Plaintiff's expert reports.

106.     Accordingly, and for good cause shown, the parties have agreed to reopen discovery and extend all pre-trial deadlines by ninety days.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 28th Day of October 2025, in Phoenix, Arizona.

                                             */s/ Dana R. Vogel*
                                             Dana R. Vogel